THAD A. DAVIS (CSB # 220503)
  thad.davis@ropesgray.com
JOSHUA VAN HOVEN (CSB # 262815)
  joshua.vanhoven@ropesgray.com
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Phone:  (650) 617-4000
Facsimile: (650) 617-4090

PETER M. BRODY (*pro hac vice*)
  peter.brody@ropesgray.com
ROPES & GRAY LLP
700 12th Street, NW, Suite 900
Washington, DC  20005-3948
Telephone:  (202) 508-4612
Facsimile:  (202) 383-7777

Attorneys for Plaintiff and Counter-defendant
TRIA BEAUTY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| TRIA BEAUTY, INC.<br><br>　　　Plaintiff and Counter-defendant,<br><br>　　　vs.<br><br>RADIANCY INC.,<br><br>　　　Defendant and Counter-claimant. | Case No. 10-cv-05030-RS<br><br>**PLAINTIFF TRIA BEAUTY, INC.'S ANSWER TO DEFENDANT RADIANCY, INC.'S COUNTERCLAIMS** |

1    Plaintiff TRIA Beauty, Inc. ("TRIA"), by and through its attorneys, Ropes & Gray LLP,

2    hereby answers the Counterclaims of Defendant Radiancy, Inc. ("Radiancy").

3    1.    TRIA admits that Radiancy has filed Counterclaims (the "Counterclaims") which

4    purport to assert claims under federal and state law against TRIA arising from allegedly false or

5    misleading advertising for TRIA's laser hair removal and acne treatment systems, but otherwise

6    denies the allegations in paragraph 1 of the Counterclaims.

7                                    **The Parties**

8    2.    TRIA admits the allegations of paragraph 2 of the Counterclaims.

9    3.    TRIA admits the allegations of paragraph 3 of the Counterclaims.

10                                   **Jurisdiction**

11    4.    TRIA admits that, in its Counterclaims, TRIA has made allegations that invoke

12    the jurisdiction of this court, but otherwise lacks sufficient knowledge or information to form a

13    belief as to the truth of the remaining allegations in paragraph 4 of the Counterclaims and

14    therefore denies them.

15    5.    TRIA stipulates to the personal jurisdiction of this Court over TRIA.

16                                       **Venue**

17    6.    TRIA stipulates that this District is the proper venue with regard to the

18    Counterclaims.

19                              **Intradistrict Assignment**

20    7.    TRIA denies that any "events or omissions" occurred in this, or any other,

21    judicial District that would have given rise to any of the asserted Counterclaims.  TRIA notes

22    that, as a result of Radiancy's filing of its Declination To Proceed Before A Magistrate Judge

23    And Request For Reassignment To A United States District Judge, this action has been

24    reassigned to the San Francisco Division.  TRIA stipulates that such assignment is proper under

25    Civil L.R. § 3-2(c).

26

27

28

1

**<u>Facts Common To All Claims For Relief</u>**[1]

2

8.      TRIA admits the allegations of paragraph 8 of the Counterclaims.

3

9.      TRIA lacks knowledge or information sufficient to form a belief as to the truth of

4

the facts alleged in paragraph 9 of the Counterclaims, but will stipulate to such facts.

5

10.      TRIA admits the allegations of paragraph 10 of the Counterclaims insofar as they

6

concern the United States market.  TRIA avers that it also sells its blue-light device for

7

treatment of acne separately from the other components of the TRIA Skin Clarifying System as

8

the TRIA Clarifying Blue Light.

9

11.      TRIA admits the allegations of paragraph 11 of the Counterclaims.

10

12.      TRIA admits the allegations of paragraph 12 of the Counterclaims.

11

13.      TRIA denies that the TRIA Clarifying Blue Light is a "laser medical device" or

12

is regulated as such by the United States Food and Drug Administration ("FDA"), but admits

13

the remaining allegations of paragraph 13 of the Counterclaims.

14

14.      TRIA avers that the Internet web site located at the URL www.trytrialaser.com

15

and the call centers associated with the toll-free telephone numbers referenced in paragraph 14

16

of the Counterclaims are not owned or operated by TRIA.  TRIA lacks sufficient knowledge or

17

information to form a belief as to whether the TRIA Laser Hair Removal System is still sold in

18

spas or dematologists' offices.  TRIA admits the remaining allegations of paragraph 14.

19

15.      TRIA admits that it distributes the TRIA Skin Clarifying System nationally and

20

that it does so, *inter alia*, using a toll-free telephone number, but avers that the number

21

referenced in paragraph 15 is not the number currently used.  TRIA further avers that the

22

Internet web site located at the URL www.trytriablue.com and the call center associated with

23

the toll-free telephone number advertised on that site are not owned or operated by TRIA.

24

TRIA admits the remaining allegations of paragraph 15 of the Counterclaims.

25

16.      TRIA admits the allegations of paragraph 16 of the Counterclaims.

26

_____

27

[1] The subheadings contained in the corresponding portion of the Counterclaims are matters of opinion and/or conclusions of law (as opposed to allegations of fact), such that no response is required of TRIA. To the extent that such subheadings purport to state allegations of fact, TRIA

28

denies them.

17.     TRIA admits that, in its advertising for the TRIA Laser Hair Removal System, it has used the phrase "permanent hair removal," but denies any characterization of that phrase by Radiancy and denies the remaining allegations of paragraph 17 of the Complaint.

18.     TRIA admits that the quoted words and phrases have been used on the Internet web site and page referenced in paragraph 18 of the Counterclaims, but denies any characterization of the words and phrases by Radiancy and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said site or page.

19.     TRIA admits that the quoted words and phrases have been used on the Internet web site and page referenced in paragraph 19 of the Counterclaims, but denies any characterization of the words and phrases by Radiancy and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said site or page.

20.     TRIA admits that the quoted words and phrases have been used in TRIA's packaging, but denies any characterization of the words and phrases by Radiancy.

21.     TRIA admits that the quoted words and phrases have been used in a so-called "infomercial" sponsored by TRIA, but denies any characterization of the infomercial and those words and phrases by Radiancy.

22.     TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of the infomercial by Radiancy and those words and phrases.

23.     TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of the infomercial by Radiancy and those words and phrases.

24.     TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 24 of the Counterclaims, but denies any characterization of the words and phrases by Radiancy and lacks knowledge or information

1  sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited
2  said sites or pages.

3        25.      TRIA admits that the quoted words and phrases have been used on TRIA's
4  "Facebook" page on the Internet, but denies any characterization of the words and phrases by
5  Radiancy and lacks knowledge or information sufficient to form a belief as to the truth of the
6  allegation regarding when Radiancy last visited said page.

7        26.      TRIA admits that the quoted words and phrases have been used on TRIA's
8  "Twitter" page on the Internet and in "tweets," but denies any characterization of the words and
9  phrases by Radiancy and lacks knowledge or information sufficient to form a belief as to the
10 truth of the allegation regarding when Radiancy last visited said page.

11       27.      TRIA admits that the quoted words and phrases attributed to TRIA's
12 "Instructions for Use" ("IFU") for the TRIA Laser Hair Removal System have been used in said
13 IFU, but denies any characterization of those words and phrases by Radiancy and any
14 "contradiction" between those words and phrases and TRIA's advertising.  With respect to the
15 words and phrases attributed to "the publicly available FDA clearance letter for TRIA Hair,"
16 TRIA admits that those words and phrases appear in a letter from FDA dated December 23,
17 2009, that updated a previously granted clearance for TRIA's Laser Hair Removal System as an
18 over-the-counter ("OTC") medical device in Class II.  TRIA avers that any characterization or
19 interpretation of said letter or clearance by Radiancy, as well as any comparison by Radiancy
20 between said letter or clearance and any advertising by TRIA, constitute a matter of opinion
21 and/or conclusions of law within the primary jurisdiction of FDA (as opposed to allegations of
22 fact), such that no response is required of TRIA.  To the extent that any such characterization,
23 interpretation, or comparison purports to state allegations of fact, TRIA denies them.

24       28.      TRIA avers that the publications referenced in paragraph 28 of the Counterclaims
25 speak for themselves and denies any characterization of those publications by Radiancy.

26       29.      TRIA avers that the published study referenced in paragraph 29 of the
27 Counterclaims speaks for itself and denies any characterization of the study by Radiancy.

28       30.      TRIA denies the allegations of paragraph 30 of the Counterclaims.

1    31.    TRIA denies the allegations of paragraph 31 of the Counterclaims.

2    32.    TRIA admits that the quoted words and phrases have been used in an on-air QVC

3    presentation and that such presentation was, for a period of time, available on the Internet web

4    site and page referenced in paragraph 32 of the Counterclaims, but denies any characterization

5    of those words and phrases by Radiancy.  TRIA denies that said QVC presentation was first

6    aired in or around October 2009.  TRIA avers, upon information and belief, that the QVC

7    presentation was first aired in or around June 2009, but was not aired during October 2009.

8    33.    TRIA admits that the quoted words and phrases and the referenced images have

9    been used in an infomercial sponsored by TRIA, but denies any characterization of those words,

10   phrases, and images by Radiancy.

11   34.    TRIA admits that the quoted words and phrases, including the referenced

12   description of Dr. Bernstein, have been used in an infomercial sponsored by TRIA, but denies

13   any characterization of those words and phrases by Radiancy.

14   35.    TRIA avers that the allegations of paragraph 35 of the Counterclaims are matters

15   of opinion and/or conclusions of law within the primary jurisdiction of FDA (as opposed to

16   allegations of fact), such that no response is required of TRIA.  To the extent that paragraph 35

17   purports to state allegations of fact, TRIA lacks knowledge or information sufficient to form a

18   belief as to the truth of those allegations, and therefore denies them.

19   36.    TRIA admits that, by letter dated December 23, 2009, FDA updated a previously

20   granted clearance for TRIA's Laser Hair Removal System as an over-the-counter ("OTC")

21   medical device in Class II and that said clearance includes the quoted indications.  TRIA avers

22   that any characterization or interpretation of said letter or clearance by Radiancy constitutes a

23   matter of opinion and/or conclusions of law within the primary jurisdiction of FDA (as opposed

24   to allegations of fact), such that no response is required of TRIA.  To the extent that any such

25   characterization or interpretation purports to state allegations of fact, TRIA denies them.

26   37.    TRIA admits that the quoted words and phrases have been used in an infomercial

27   sponsored by TRIA, but denies any characterization of those words and phrases and avers that

28   the remaining allegations of paragraph 37 of the Counterclaims are matters of opinion and/or

conclusions of law (as opposed to allegations of fact), such that no response is required of

TRIA.  To the extent that said remaining allegations of paragraph 37 purport to state allegations

of fact, TRIA lacks knowledge or information sufficient to form a belief as to the truth of those

allegations, and therefore denies them.

38.    TRIA admits that the quoted words and phrases have been used on the Internet

web sites and pages referenced in paragraph 38 of the Counterclaims, but denies any

characterization of the words and phrases by Radiancy and lacks knowledge or information

sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited

said sites or pages.

39.    TRIA denies the allegations of paragraph 39 of the Counterclaims.

40.    TRIA admits that the quoted words and phrases have been used in TRIA's

packaging, but denies any characterization of the words and phrases by Radiancy.

41.    TRIA admits that the quoted words and phrases have been used in TRIA's

packaging, but denies any characterization of the words and phrases by Radiancy.

42.    TRIA admits that the quoted words and phrases have been used in TRIA's

packaging and IFU, but denies any characterization of the words and phrases by Radiancy.

43.    TRIA admits that published articles have included information regarding the

proper and indicated use of the TRIA Laser Hair Removal Device, but lacks knowledge or

information sufficient to form a belief as to the truth of the allegations regarding the specific

published articles referenced (but not identified) by Radiancy, and denies any characterization

of any published articles, which speak for themselves.

44.    TRIA avers that the allegations of paragraph 44 of the Counterclaims are matters

of opinion and/or conclusions of law (as opposed to allegations of fact), such that no response is

required of TRIA.  To the extent that paragraph 44 purports to state allegations of fact, TRIA

denies them.

45.    TRIA avers that the allegations of paragraph 45 of the Counterclaims are matters

of opinion and/or conclusions of law (as opposed to allegations of fact), such that no response is

1    required of TRIA.  To the extent that paragraph 45 purports to state allegations of fact, TRIA

2    denies them.

3            46.     TRIA admits that the quoted words and phrases have been used on the Internet

4    web sites and pages referenced in paragraph 46 of the Counterclaims, but denies any

5    characterization of the words and phrases by Radiancy.

6            47.     TRIA admits that the quoted words and phrases have been used in an infomercial

7    sponsored by TRIA, but denies any characterization of the infomercial by Radiancy and those

8    words and phrases.

9            48.     TRIA admits that the quoted words and phrases and the referenced images have

10   been used in an infomercial sponsored by TRIA, but denies any characterization of those words,

11   phrases, and images by Radiancy.

12           49.     TRIA admits that the quoted words and phrases and the referenced images have

13   been used in an infomercial sponsored by TRIA, but denies any characterization of those words,

14   phrases, and images by Radiancy.

15           50.     TRIA avers that the allegations of paragraph 50 of the Counterclaims are matters

16   of opinion and/or conclusions of law (as opposed to allegations of fact), such that no response is

17   required of TRIA.  To the extent that paragraph 50 purports to state allegations of fact, TRIA

18   denies them.

19           51.     TRIA avers that the allegations of paragraph 51 of the Counterclaims are matters

20   of opinion and/or conclusions of law (as opposed to allegations of fact), such that no response is

21   required of TRIA.  To the extent that paragraph 51 purports to state allegations of fact, TRIA

22   denies them.

23           52.     TRIA avers that the allegations of paragraph 52 of the Counterclaims are matters

24   of opinion and/or conclusions of law (as opposed to allegations of fact), such that no response is

25   required of TRIA.  To the extent that paragraph 52 purports to state allegations of fact, TRIA

26   denies them.

27           53.     TRIA denies the allegations of paragraph 53 of the Counterclaims.

28

54.     TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 54 of the Counterclaims, but denies any characterization of the words and phrases by Radiancy.

55.     TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 55 of the Counterclaims, but denies any characterization of the words and phrases by Radiancy.

56.     TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy.

57.     Assuming the study referenced in paragraph 57 of the Counterclaims is the same study referenced in paragraph 29, TRIA avers that said study speaks for itself, and TRIA denies any characterization of the study by Radiancy.

58.     TRIA avers that the one article identified in paragraph 58 of the Counterclaims speaks for itself, and TRIA denies any characterization of the article by Radiancy.  TRIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding any other articles referenced (but not identified) by Radiancy, and therefore denies them.

59.     TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy.

60.     TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 60 of the Counterclaims, including on TRIA's "Facebook" page, but denies any characterization of the words and phrases by Radiancy.

61.     TRIA lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding "[t]hese claims," which are not otherwise identified, and therefore denies such allegations.  TRIA lacks knowledge or information sufficient to form a belief as to whether the quoted words and phrases have been used in an on-air QVC presentation and denies any characterization of those words and phrases by Radiancy.

62.     Upon information and belief, TRIA admits that the TRIA Laser Hair Removal System is not the only laser hair removal device cleared by FDA for at home use.  Upon information and belief, TRIA denies that the specific device identified by Radiancy in paragraph

1  62 of the Counterclaims, namely, the "Flash N' Go device by Home Skinovations, Ltd.," is a

2  laser hair removal device.  TRIA lacks knowledge or information sufficient to form a belief as

3  to the truth of the allegation regarding any clearance of said device by FDA and avers that any

4  characterization or interpretation of such clearance by Radiancy constitutes a matter of opinion

5  and/or conclusions of law within the primary jurisdiction of FDA (as opposed to allegations of

6  fact), such that no response is required of TRIA.  TRIA denies any and all of the remaining

7  allegations of paragraph 62 of the Counterclaims.

8         63.     TRIA admits that, by letter dated February 1, 2008, FDA granted clearance for

9  TRIA's Laser Hair Removal System as an over-the-counter ("OTC") medical device in Class II

10 for at-home hair removal.  TRIA avers, upon information and belief, that the other device

11 identified in paragraph 63 of the Counterclaims, namely, the "ABC Hair Removal System by

12 Palomar Technologies," has never been marketed in the United States.  TRIA lacks knowledge

13 or information sufficient to form a belief as to the truth of the allegation regarding any clearance

14 of said other device and avers that any characterization or interpretation of such clearance by

15 Radiancy constitutes a matter of opinion and/or conclusions of law within the primary

16 jurisdiction of FDA (as opposed to allegations of fact), such that no response is required of

17 TRIA.  To the extent that any such characterization or interpretation purports to state allegations

18 of fact, TRIA denies them.    TRIA denies any and all of the remaining allegations of paragraph

19 63 of the Counterclaims.

20        64.     TRIA denies the allegations of paragraph 64 of the Counterclaims.

21        65.     TRIA admits that the quoted words and phrases were used in a press release

22 dated April 5, 2010, and that said press release is stored on the referenced Internet web site and

23 page, but denies any characterization of the words and phrases by Radiancy and lacks

24 knowledge or information sufficient to form a belief as to the truth of the allegation regarding

25 when Radiancy last visited said site or page.

26        66.     TRIA admits that the quoted words and phrases were used in a press release

27 dated April 5, 2010, and that said press release is stored on the referenced Internet web site and

28 page, but denies any characterization of the words and phrases by Radiancy.

67.     TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 67 of the Counterclaims, but denies any characterization of the words and phrases by Radiancy and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said sites or pages.

68.     TRIA admits that the quoted words and phrases and the referenced images have been used in an infomercial sponsored by TRIA, but denies any characterization of those words, phrases, and images by Radiancy.

69.     TRIA admits that the quoted words and phrases have been used in a brochure distributed by TRIA, but denies any characterization of those words and phrases by Radiancy.

70.     TRIA denies the allegations of paragraph 70 of the Counterclaims.

71.     TRIA avers that the articles referenced in paragraph 71 of the Counterclaims speak for themselves and denies any characterization of those articles by Radiancy.

72.     TRIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Counterclaims regarding the unidentified "study" referenced therein, and therefore denies them.

73.     TRIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Counterclaims regarding the unidentified "other published articles and studies" referenced therein, and therefore denies them.

74.     TRIA denies the allegations of paragraph 74 of the Counterclaims.

75.     TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 75 of the Counterclaims, but denies any characterization of the words and phrases by Radiancy and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said sites or pages.

76.     TRIA admits that the quoted words and phrases and the referenced images have been used in an infomercial sponsored by TRIA, but denies any characterization of those words, phrases, and images by Radiancy.

77.     TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy.

78.     TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy.

79.     TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy.

80.     TRIA lacks knowledge or information sufficient to form a belief as to whether the quoted words and phrases have been used in an on-air QVC presentation, denies any characterization of those words and phrases by Radiancy, denies that such presentation is available on the Internet web site and page referenced in paragraph 80 of the Counterclaims, and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said site or page.

81.     TRIA denies the allegations of paragraph 81 of the Counterclaims.

82.     Upon information and belief, TRIA admits that the professional blue-light device that was featured in the referenced infomercial sponsored by TRIA is capable of treating the entire face at once, if used for a sufficient amount of time.  TRIA denies that this contrasts with the TRIA Clarifying Blue Light and denies any remaining allegations of paragraph 82 of the Counterclaims.

83.     TRIA admits that the referenced infomercial sponsored by TRIA depicts a method of using the TRIA Clarifying Blue Light generally corresponding to what Radiancy characterizes as "running the device over [the] face," but denies the remaining allegations of paragraph 83 of the Counterclaims.

84.     TRIA admits the existence of the article concerning the ClearLight Therapy System referenced in paragraph 84 of the Counterclaims, which article speaks for itself.  TRIA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 84 of the Counterclaims regarding the ClearLight Therapy System or the allegations regarding Radiancy's measurements of the power density of the TRIA Clarifying

Blue Light, and therefore denies them.  TRIA denies the remaining allegations of paragraph 84 of the Counterclaims.

85.     TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 85 of the Counterclaims, but denies any characterization of the words and phrases by Radiancy and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said sites or pages.

86.     TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy.

87.     TRIA denies the allegations of paragraph 87 of the Counterclaims.

88.     TRIA admits the existence of the article concerning the OmniLux clear-U device referenced in paragraph 88 of the Counterclaims, which article speaks for itself.  TRIA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 88 of the Counterclaims regarding the OmniLux clear-U device or Radiancy's purchase or testing of the TRIA Clarifying Blue Light, and therefore denies them.

89.     TRIA admits the existence of the article concerning the OmniLux clear-U device referenced in paragraph 88 of the Counterclaims, which article speaks for itself.  TRIA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 89 of the Counterclaims regarding the OmniLux clear-U device or Radiancy's purchase or testing of the TRIA Clarifying Blue Light, and therefore denies them.  TRIA denies the remaining allegations of paragraph 89 of the Counterclaims.

90.     TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 90 of the Counterclaims, but denies any characterization of the words and phrases by Radiancy and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said sites or pages.

1         91.     TRIA admits that the quoted words and phrases have been used in an infomercial

2   sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy

3   and denies the remaining allegations of paragraph 91 of the Counterclaims.

4         92.     TRIA admits that the quoted words and phrases have been used in an infomercial

5   sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy.

6         93.     TRIA admits that the quoted words and phrases have been used in an on-air QVC

7   presentation, but denies any characterization of those words and phrases by Radiancy.

8         94.     TRIA denies the allegations of paragraph 94 of the Counterclaims.

9         95.     TRIA admits that, in words or substance, it has claimed in advertising that the

10   blue-light therapy provided by the TRIA Skin Clarifying System kills *p. acnes* bacteria, but

11   denies any characterization of such advertising claim by Radiancy.  TRIA lacks knowledge or

12   information sufficient to form a belief as to the truth of the allegations of paragraph 95 of the

13   Counterclaims regarding the unidentified "studies" referenced therein, and therefore denies

14   them.

15         96.     TRIA denies the allegations of paragraph 96 of the Counterclaims.

16         97.     TRIA denies the allegations of paragraph 97 of the Counterclaims.

17         98.     TRIA denies the allegations of paragraph 98 of the Counterclaims.

18   <u>**Count I**</u>

19         99.     TRIA incorporates by reference and re-alleges its answer to the allegations of

20   paragraphs 1 through 98 of the Counterclaims.

21         100.    TRIA denies the allegations of paragraph 100 of the Counterclaims.

22         101.    TRIA denies the allegations of paragraph 101 of the Counterclaims.

23         102.    TRIA denies the allegations of paragraph 102 of the Counterclaims.

24         103.    TRIA denies the allegations of paragraph 103 of the Counterclaims.

25         104.    TRIA denies the allegations of paragraph 104 of the Counterclaims.

26         105.    TRIA denies the allegations of paragraph 105 of the Counterclaims.

27         106.    TRIA denies the allegations of paragraph 106 of the Counterclaims.

28

1

**Count II**

2      107.    TRIA incorporates by reference and re-alleges its answer to the allegations of

3   paragraphs 1 through 106 of the Counterclaims.

4      108.    TRIA denies the allegations of paragraph 108 of the Counterclaims.

5      109.    TRIA denies the allegations of paragraph 109 of the Counterclaims.

6      110.    TRIA denies the allegations of paragraph 110 of the Counterclaims.

7      111.    TRIA denies the allegations of paragraph 111 of the Counterclaims.

8

**Count III**

9      112.    TRIA incorporates by reference and re-alleges its answer to the allegations of

10   paragraphs 1 through 111 of the Counterclaims.

11      113.    TRIA denies the allegations of paragraph 113 of the Counterclaims.

12      114.    TRIA denies the allegations of paragraph 114 of the Counterclaims.

13      115.    TRIA denies the allegations of paragraph 115 of the Counterclaims.

14      116.    TRIA denies the allegations of paragraph 116 of the Counterclaims.

15      117.    TRIA denies the allegations of paragraph 117 of the Counterclaims.

16      118.    TRIA denies the allegations of paragraph 118 of the Counterclaims.

17      119.    TRIA denies the allegations of paragraph 119 of the Counterclaims.

18

**Count IV**

19      120.    TRIA incorporates by reference and re-alleges its answer to the allegations of

20   paragraphs 1 through 119 of the Counterclaims.

21      121.    TRIA denies the allegations of paragraph 121 of the Counterclaims.

22      122.    TRIA lacks knowledge or information sufficient to form a belief as to the truth of

23   the allegations of paragraph 122 of the Counterclaims.

24      123.    TRIA denies the allegations of paragraph 123 of the Counterclaims.

25      124.    TRIA denies the allegations of paragraph 124 of the Counterclaims.

26      125.    TRIA denies the allegations of paragraph 125 of the Counterclaims.

27

28

**Count V**

126.    TRIA incorporates by reference and re-alleges its answer to the allegations of paragraphs 1 through 125 of the Counterclaims.

127.    TRIA denies the allegations of paragraph 127 of the Counterclaims.

128.    TRIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128 of the Counterclaims regarding Radiancy's investment in developing the no!no! marks.  TRIA denies the remaining allegations of paragraph 128 of the Counterclaims.

129.    TRIA denies the allegations of paragraph 129 of the Counterclaims.

**FIRST AFFIRMATIVE DEFENSE**

The allegations and claims in the Counterclaims, in whole or in part, fail to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The allegations and claims in the Counterclaims are barred, in whole or in part, by Radiancy's unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

The allegations and claims in the Counterclaims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

The allegations and claims in the Counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

The allegations and claims in the Counterclaims are barred, in whole or in part, because Radiancy's Counterclaims have been filed for an improper purpose and lack a reasonable good faith basis in fact.

**SIXTH AFFIRMATIVE DEFENSE**

The allegations and claims in the Counterclaims are barred to the extent they are preempted by federal law.

1                               **SEVENTH AFFIRMATIVE DEFENSE**

2           The allegations and claims in the Counterclaims are barred to the extent they fall within

3 the primary jurisdiction of the FDA.

4                               **EIGHTH AFFIRMATIVE DEFENSE**

5           The claims for damages in the Counterclaims are barred, in whole or in part, because

6 they are too remote and/or speculative.

7                               **NINTH AFFIRMATIVE DEFENSE**

8           TRIA reserves the right to rely on all matters constituting an avoidance or defense

9 pursuant to Rule 8(c) of the Federal Rules of Civil Procedure or otherwise to the extent that such

10 defenses are supported by information developed through discovery.

11                                   **PRAYER FOR RELIEF**

12           WHEREFORE, in addition to the relief for which TRIA has prayed in its Complaint,

13 TRIA seeks relief as follows:

14           A.       That the Court render judgment in favor of TRIA on each of the claims and

15 Counts set forth in the Counterclaims;

16           B.       That the Court direct that Radiancy pay TRIA the costs and reasonable attorneys'

17 fees incurred by TRIA in defense of the Counterclaims; and

18           C.       That the Court grant TRIA such other and further relief as the Court may deem

19 just and proper.

20

21                                      Respectfully submitted,

22 January 10, 2011

23                               By */s/ Joshua V. Van Hoven*

24                                    Joshua V. Van Hoven

25                                    ROPES & GRAY LLP

26                                    Attorneys for Plaintiff/Counter-defendant
                                   TRIA BEAUTY, INC.

27

28