1   Brendan J. O'Rourke*
    *borourke@proskauer.com*
2   Kristin H. Neuman*
    *kneuman@proskauer.com*
3   Dolores F. DiBella*
    *ddibella@proskauer.com*
4   Victoria L. Loughery*
    *vloughery@proskauer.com*
5   PROSKAUER ROSE LLP
    Eleven Times Square
6   New York, NY 10036
    Phone: (212) 969-3000
7   Facsimile: (212) 969-2900
    * Admitted *Pro Hac Vice*
8
    Robert H. Horn (SBN #134710)
9   *rhorn@proskauer.com*
    PROSKAUER ROSE LLP
10  2049 Century Park East, 32nd Fl.
    Los Angeles, CA  90067-3206
11  Phone:    (310) 557-2900
    Facsimile: (310) 557-2193
12  Attorneys for Defendant-
    Counterclaim Plaintiff Radiancy, Inc.

13

### UNITED STATES DISTRICT COURT

14

### NORTHERN DISTRICT OF CALIFORNIA

15

### SAN FRANCISCO DIVISION

16

| | |
|---|---|
| 17  TRIA BEAUTY, INC., | Case No. CV-10-5030 RS |
| 18              Plaintiff, | **RADIANCY, INC.'S  REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIMS AGAINST TRIA BEAUTY, INC. AND KIMBERLY KARDASHIAN** |
| 19       vs. | |
| 20  RADIANCY, INC., | |
| 21              Defendant. | |
| 22  RADIANCY, INC., | Date:    September 8, 2011 |
| 23              Counterclaim-Plaintiff, | Time:   1:30 p.m. Ctrm:   3 |
| 24       vs. | Honorable Judge Richard Seeborg |
| 25  TRIA BEAUTY, INC. | JURY TRIAL DEMANDED |
| 26              Counterclaim-Defendant. | Hearing Cutoff:     May 10, 2012 Pretrial Conf:        June 28, 2012 Trial:                  July 9, 2012 |
| 27 | Action Filed: November 5, 2010 |
| 28 | |

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...............................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................. 1

I.  INTRODUCTION ......................................................................... 1

II.  FACTS RELEVANT TO RADIANCY'S MOTION TO AMEND .... 3

III.  ARGUMENT ................................................................................. 4

    A.  TRIA Has Not Opposed the Amendment of Radiancy's
       Counterclaims Against TRIA, and Therefore Radiancy's
       Motion for Those Amendments Should Be Granted ................... 4

    B.  TRIA Has Demonstrated Sufficient Grounds for Amending Its
       Counterclaims to Include Ms. Kardashian, and Therefore
       Radiancy's Motion for that Amendment Should Be Granted ....... 5

       1.  Radiancy's Claims Against Ms. Kardashian Are Not
           Futile.................................................................................. 6

         (a)  TRIA Makes No Significant Argument on the Alleged
             Futility of Radiancy's FAL Claim Against Ms.
             Kardashian ................................................................... 8

         (b)  TRIA Cannot Demonstrate that Radiancy's UCL Claim
             Against Ms. Kardashian Is Futile.................................. 9

       2.  Radiancy Has Not Delayed in its Motion to Amend ...... 12

       3.  TRIA Will Not Be Prejudiced In Any Material Way by
           Ms. Kardashian's Addition to the Counterclaims........... 13

       4.  The Addition of Ms. Kardashian Is Appropriate and
           Necessary to Provide Radiancy with Complete Relief ... 14

CONCLUSION ......................................................................................... 15

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Atkins v. Astrue,*
  2011 U.S. Dist. LEXIS 40451 (N.D. Cal. Apr. 7, 2011) ...................................... 6

*Baker v. AEGIS Wholesale Corp.,*
  2010 U.S. Dist. LEXIS 73760 (N.D. Cal. July 21, 2010) ...................... 9, 10, 11

*Blue Cross of California v. The Superior Court of Los Angeles County,*
  180 Cal. App. 4th 1237 (Cal. App. 2d Dist., 2009)..................................... 10, 11

*Brothers v. Hewlett-Packard Co.,*
  2007 WL 485979 (N.D. Cal. Feb. 12, 2007) ........................................................ 9

*Butler v. Aaron Medical Industries, Inc.,*
  2004 U.S. Dist. LEXIS 15174 (N.D. Cal. July 28, 2004) ................................. 13

*Comm. Concerning Cmty. Improvement v. City of Modesto,*
  2010 U.S. Dist. LEXIS 95052 (E.D. Cal. Aug. 27, 2010) ................................. 13

*Daughtery v. Wilson,*
  2009 U.S. Dist. LEXIS 100150 (S.D. Cal. Oct. 26, 2009)............................... 7, 8

*DCD Programs, Ltd. v. Leighton,*
  833 F.2d 183 (9th Cir. 1987) ............................................................................... 6

*F.T.C. v. Garvey,*
  2001 U.S. Dist. LEXIS 25060 (C.D. Cal. Nov. 7, 2001) .................................. 11

*F.T.C. v. Garvey,*
  2002 WL 31744639 (C.D. Cal. Nov. 25, 2002) ................................................. 11

*F.T.C. v. Garvey,*
  383 F. 3d 891 (9th Cir. 2004) ................................................................... 8, 11, 12

*Fraker v. Bayer Corp,*
  2009 WL 5865687 (E.D. Cal. Oct. 6, 2009) ........................................................ 9

*Furth v. Furth,*
  2011 U.S. Dist. LEXIS 49583 (N.D. Cal. Apr. 29, 2011) ................................... 6

1

2  *Green Valley Corp. v. Caldo Oil Co.*,
3     2011 U.S. Dist. LEXIS 44540 (N.D. Cal. Apr. 18, 2011) ................................. 14

4  *Jordan v. Paul Fin., LLC*,
5     745 F. Supp. 2d 1084 (N.D. Cal. 2010) ................................................. 9, 10, 11

6  *Laster v. T-Mobile USA, Inc.*,
      2009 WL 4842801 (S.D.Cal. Dec. 14, 2009) ......................................... 9

7  *Lockheed Martin Corp. v. Network Solution, Inc.*,
8     194 F.3d 980 (9th Cir. 1999) .................................................................. 7

9  *Quacchia v. DaimlerChrysler Corp.*,
10    122 Cal. App. 4th 1442 (2004) ............................................................. 10

11 *Roskind v. Morgan Stanley Dean Witter & Co.*,
12    95 Cal. Rptr. 2d 258 (2000) .................................................................. 10

13 *Rubio v. Capital One*,
14    613 F.3d 1195 (9th Cir. 2010) .............................................................. 9

15 *Sleep Sci. Partners v. Lieberman*,
16    2010 U.S. Dist. LEXIS 45385 (N.D. Cal. May 10, 2010) ............................ 10

17 *TaiMed Biologics v. Numoda Corp.*,
      2011 U.S. Dist. LEXIS 48863 (N.D. Cal. Apr. 29, 2011) ............................ 14

18 *Turner v. Lafond*,
19    2009 U.S. Dist. LEXIS 97484 (N.D. Cal. Oct. 19, 2009) ............................. 5

20 *Wamboldt v. Safety-Kleen Sys.*,
21    2007 U.S. Dist. LEXIS 37323 (N.D. Cal. May 7, 2007) ............................. 6

22

23 **OTHER AUTHORITIES**

24 Cal. Bus. & Prof. Code § 17200 ...................................................... 7, 8, 9

25 Cal. Bus. & Prof. Code § 17500 ...................................................... 7, 8

26 Fed. R. Civ. P. 15 ...................................................................... passim

27

28

iii

---

1

2  Fed. R. Civ. P. 20 .......................................................................................... 1, 5, 15

3  Fed. R. Civ. P. 21 .......................................................................................... 1, 5, 15

4  FTC Guidelines Concerning the Use of Endorsements and Testimonials in
       Advertising,
5      16 C.F.R. § 255.1(d) ............................................................................... 7, 12

6

7  William L. Stern, Bus. & Prof. C. § 17200 Practice (2011) .................................. 8

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Radiancy's Reply Memorandum of Law in Support of its Motion for Leave to File First Amended Counterclaims –
Case No. CV10-5030-RS

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant-Counterclaim Plaintiff Radiancy, Inc. ("Radiancy") respectfully submits this Reply Memorandum of Points and Authorities in support of its Motion for Leave to File its First Amended Counterclaims Against Tria Beauty, Inc. ("TRIA") and Kimberly Kardashian.

## I.   INTRODUCTION

To read the opposition brief filed by TRIA, one would think that TRIA was arguing a dispositive motion on the merits of all issues raised in this false advertising case, rather than simply opposing a motion to amend.  Yet despite its kitchen-sink approach, TRIA has failed to demonstrate any reason why Radiancy's motion should not be granted in its entirety.

As set forth in its opening brief, Radiancy has moved to amend its counterclaims under Fed. R. Civ. P. 15(a), 20(a) and 21 to: (1) include additional factual allegations supporting Radiancy's existing counterclaims against TRIA; and (2) add Kimberly Kardashian, spokeswoman and endorser of TRIA products, as a counterclaim defendant based on her dissemination and publication of numerous false advertising statements about the TRIA Hair product.

Importantly, TRIA does not oppose Radiancy's proposed amendment to the extent it includes additional factual allegations against TRIA, including those statements made by Ms. Kardashian advertising TRIA Hair.  Instead, TRIA argues only against Radiancy's proposed addition of Ms. Kardashian as a party to this action.  That TRIA vociferously objects to the addition of Ms. Kardashian yet does not object to the amendments against its own company—even to the extent they relate to Ms. Kardashian's statements—highlights the weakness of TRIA's opposition.

TRIA broadly argues that adding Ms. Kardashian as a counterclaim defendant in this action would be "redundant and unnecessary" because (1) TRIA declares it will defend all of the advertising claims that Radiancy challenges in this action, and

1    (2) TRIA asserts that Ms. Kardashian's advertising statements were only "briefly"

2    made over a period of six months.  These arguments rely on alleged facts untested

3    by discovery and are completely unsupported by law.  It is elemental that Radiancy

4    should be allowed to pursue claims against all of the parties who have wronged it in

5    the context of common issues of fact and law — regardless of whether the wrongful

6    actions are alleged to be short-lived and regardless of whether a single party asserts

7    that it will bear responsibility for and "vigorously defend" the actions of others.  *See*

8    TRIA's Memorandum of Law in Opposition (herein "TRIA Opp. MOL") at 1:5-10.

9         TRIA further contends that Radiancy has not met the standard for amending a

10   pleading under Rule 15(a).  However, as Radiancy will establish, TRIA's arguments

11   are wrong.

12        *First,* TRIA claims that the legal bases for Radiancy's unfair competition

13   claim and false advertising claim against Ms. Kardashian under California state law

14   are "precarious at best."  TRIA Opp. MOL at 1:10-11.  Radiancy will show,

15   however, that these claims rise far above the futility standard set for amendment

16   under Fed. R. Civ. P. 15, and are properly pled under state law.

17        *Second,* TRIA argues that there has been an "unexplained delay" by Radiancy

18   in moving to amend.  As Radiancy establishes here, and as evidenced by the

19   timeline of communications between the parties, there has been no such delay, nor

20   can TRIA claim prejudice from any supposed delay.

21        *Third,* Radiancy will demonstrate that TRIA's argument that it will be

22   prejudiced by the addition of Ms. Kardashian to this case is entirely conclusory.

23   Indeed, TRIA's argument that Radiancy's amendments "will make it more difficult

24   to adhere to pre-trial and trial schedule" (TRIA Opp. MOL at 1:15-16), or "render

25   this litigation more costly and burdensome to TRIA" (*id*. at 1:18-19), are not

26   persuasive when TRIA — just weeks ago — significantly expanded the scope of the

27   proceedings by adding a new product to the suit (Radiancy's no!no! Skin); a product

28

2

1  which had been on the market at the time TRIA filed its original complaint.

2  Moreover, document exchange and depositions have not yet begun in this matter,

3  and the trial date is still eleven months away.

4       *Finally*, TRIA has put forth no discernible argument that there is improper

5  motive in Radiancy's decision to add Ms. Kardashian to this case.  The fact remains

6  that Radiancy is entitled to seek relief from Ms. Kardashian and chooses to combine

7  its claims into one single, efficient action against both her and TRIA, rather than

8  initiate a separate action against Ms. Kardashian alone.

9       For the reasons discussed below, Radiancy respectfully urges that its motion

10  to amend its counterclaims be granted in its entirety.

11  **II.    FACTS RELEVANT TO RADIANCY'S MOTION TO AMEND**

12       For the sake of brevity, Radiancy respectfully refers the Court to the initial

13  memorandum of law submitted in support of its motion (dated August 3, 2011)

14  which contains a statement of relevant facts.  Radiancy must respond, however, to

15  the statement of facts submitted by TRIA in its opposition brief—a statement of

16  "relevant facts" that are in substantial part neither "relevant" nor "facts," as TRIA

17  purports to characterize the advertising statements of each party without citation to

18  any factual record.  Notwithstanding that flaw, TRIA's account also contains two

19  inaccuracies on the procedural relations between the parties.

20       *First*, by misstating the history of the parties' discussions concerning

21  proposed pleading amendments, TRIA has attempted to create "delay" on

22  Radiancy's part where there is none.  Radiancy will address TRIA's error in the

23  argument section of this brief.

24       *Second*, TRIA mischaracterizes the history of the parties' adjustments to the

25  case schedule in this litigation.  TRIA claims that the schedule was "already

26  extended by four months at Radiancy's behest."  This is flatly contradicted by the

27  facts, namely: (a) that the extension was a result of <u>TRIA's</u> initial request to amend

28

3

its Complaint to include more claims against another Radiancy product (TRIA Opp. MOL at 3:24-4:3); and (b) that the parties <u>jointly</u> filed the Stipulated Request for Modification of the Case Management Order to accommodate <u>both</u> TRIA's proposed amended complaint <u>and</u> Radiancy's proposed amended answer and amended counterclaims (*Id*. at 4:4-5; Dk. 41).  In any event, this past schedule extension is not grounds for denying Radiancy's motion to amend.

## III.    ARGUMENT

### A.    TRIA Has Not Opposed the Amendment of Radiancy's Counterclaims Against TRIA, and Therefore Radiancy's Motion for Those Amendments Should Be Granted

TRIA explicitly admits that it does not oppose Radiancy's Proposed Amended Counterclaims to the extent that those amendments relate to claims against TRIA, including those statements made by Ms. Kardashian about TRIA Hair.  TRIA states that: "[t]o be clear, TRIA's position is that neither party—TRIA or Radiancy—would be prejudiced by the opposing party augmenting its allegations regarding relevant issues already in dispute *between the parties*.  For this reason, TRIA does not oppose the other proposed additions to Radiancy's counterclaims." TRIA Opp. MOL at 12:4-9.  *See also* TRIA Opposition Declaration of Peter Brody (Dk. 57), ¶ 4 ("TRIA did not object to Radiancy's proposed amendments to the extent they related to counterclaims to be asserted against TRIA"); Exhibit A ("TRIA has no objection to Radiancy's amending its counterclaims to assert liability on the part of <u>TRIA</u> for any and all statements made by Ms. Kardashian").

In light of TRIA's agreement and acquiescence to that part of Radiancy's Motion, Radiancy respectfully submits that it be granted leave to file its Proposed Amended Counterclaims against TRIA.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### B.     TRIA Has Demonstrated Sufficient Grounds for Amending Its Counterclaims to Include Ms. Kardashian, and Therefore Radiancy's Motion for that Amendment Should Be Granted

TRIA's arguments against the addition of Ms. Kardashian as a counterclaim defendant do not constitute sufficient grounds to deny the motion.

*First,* TRIA's argument that Ms. Kardashian is not the "appropriate target" for Radiancy's complaints is wrong (TRIA Opp. MOL at 5:5).  TRIA cites no authority for the principle that <u>TRIA</u> may dictate who Radiancy or this Court can hold liable for wrongful acts.  TRIA's representation that it will "accept responsibility" for Ms. Kardashian's false statements and that TRIA is the appropriate party for all of Radiancy's allegations misses the point.[1]  TRIA cannot usurp Radiancy's and this Court's ability under Fed. R. Civ. P. 15, 20 and 21 to add a party on just grounds.  *See e.g., Turner v. Lafond*, 2009 U.S. Dist. LEXIS 97484, at *8 (N.D. Cal. Oct. 19, 2009) ("[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

*Second,* TRIA now, for the first time and without any factual support (and without the benefit of discovery), attempts to argue that Ms. Kardashian should not be added as a party in this case because she "made only a handful of media appearances on TRIA's behalf," beginning in December 2010 and at least until May 2011 (TRIA Opp. MOL at 5:6-7).  This unsupported and alleged "brevity" (which, at six months duration, is anything but brief) has no bearing on the threshold legal liability Ms. Kardashian should face for making false statements in advertising

---

[1] Rule 20(a) of the Federal Rules of Civil Procedure provides that persons may be joined as defendants "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  TRIA does not dispute that the claims against Ms. Kardashian arise out of the same factual basis and share similar factual backgrounds as the claims against TRIA—namely, the promotion and false advertising of the TRIA Hair product. Therefore, Ms. Kardashian's joinder as a counterclaim defendant in this action under Rule 20(a) is entirely proper.

5

TRIA Hair.  Indeed, TRIA even admits that Ms. Kardashian began promoting TRIA products <u>after this case was filed</u> (*id*.), thereby validating grounds for Radiancy's amendments, since Radiancy should be allowed to amend its counterclaims to include new facts.  Furthermore, due to Ms. Kardashian's fame, celebrity and strong media presence, any false advertising and endorsement claims made by her have the potential to reach farther and influence more consumers than a standard corporate advertisement.

*Third*, although TRIA purports to argue that Radiancy's Proposed Amended Counterclaims against Ms. Kardashian should be denied under Rule 15 on grounds of futility, unduly delay, prejudice and bad faith, these arguments are conclusory and lack merit.  Courts treat motions to amend pleadings and claims under Fed. R. Civ. P. 15 with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *Furth v. Furth*, 2011 U.S. Dist. LEXIS 49583, at *2 (N.D. Cal. Apr. 29, 2011).  Moreover, the "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs*, 833 F.2d at 186.

As discussed below, each of TRIA's arguments against the amendment fail, and Radiancy respectfully submits that it be granted leave to file its Proposed Amended Counterclaims against Ms. Kardashian.

### 1.     <u>Radiancy's Claims Against Ms. Kardashian Are Not Futile</u>

A proposed amendment is futile "only if no set of facts can be proved under the amendment which would constitute a valid claim or defense." *Wamboldt v. Safety-Kleen Sys.*, 2007 U.S. Dist. LEXIS 37323, at *8 (N.D. Cal. May 7, 2007) (citation omitted).  Indeed, "[t]he only question for the court on a motion for leave to amend is whether [movant] has presented plausible allegations that would allow a viable claim to be stated—not  necessarily <u>proven</u>." *Atkins v. Astrue*, 2011 U.S. Dist. LEXIS 40451, at *10 (N.D. Cal. Apr. 7, 2011) (emphasis in original).  Finally,

6

1    "[w]hile some courts liken the futility inquiry with that of a motion to dismiss, most

2    recognize that denial of leave to amend on [futility] grounds is rare." *Daughtery v.*

3    *Wilson*, 2009 U.S. Dist. LEXIS 100150, at *4 (S.D. Cal. Oct. 26, 2009) (citation

4    omitted). [2]

5         Under the standards set forth by the district courts in California, Radiancy has

6    adequately alleged claims against Ms. Kardashian for false advertising in violation

7    of Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"), and unfair competition in

8    violation of Cal. Bus. & Prof. Code § 17200, *et seq* ("UCL").[3]  Radiancy's Proposed

9    Amended Counterclaims allege, in detail, the nature of Ms. Kardashian's false and

10   misleading advertising within the meaning of the FAL statute.  Proposed Amended

11   Counterclaims ¶¶ 69-89, 137-141.  Radiancy also alleged, in detail, how Ms.

12   Kardashian's actions constituted unlawful, fraudulent and/or unfair business acts

13   and practices within the meaning of the UCL based on numerous grounds—namely,

14   violation of the FAL, violation of the Federal Trade Commission (FTC) Act, and

15   violation of the FTC Guidelines Concerning the Use of Endorsements and

16   Testimonials in Advertising ("FTC Endorsement Guides" or "FTC Guides").

17   Proposed Amended Counterclaims ¶¶ 69-89, 146-151.

18

19

20   [2] TRIA's reliance on *Lockheed Martin* is misplaced.  *Lockheed Martin Corp. v. Network Solution, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).  According to TRIA, *Lockheed* supports the position that "if 'no appellate court or statute has yet established the cause of action'…the district court is on solid ground denying leave" (TRIA Opp. MOL at 6:16-23).

21   Yet that is not the test established by the Ninth Circuit in the Lockheed case.  The court merely stated that "[a]lthough courts have discussed [a claim of] contributory dilution, no appellate court or statute has yet established the cause of

22   action."  *Lockheed Martin*, 194 F. 3d at 986.  The Court then looked to a case outside of the Circuit which <u>did</u> recognize the cause of action, and determined that Lockheed's proposed amendment was futile under the standard of

23   that case.  *Id.*

24   [3] TRIA's argument that Ms. Kardashian cannot be held liable unless she was a "moving, active, conscious force" behind the advertising campaign—i.e., the standard on a Lanham Act claim for *employees* of an advertiser—is

25   inapplicable here where Radiancy has *not* pled a Lanham Act claim against Ms. Kardashian.  TRIA Opp. MOL at 7:8-18.  Similarly unavailing is TRIA's argument that there would be no reason to hold Ms. Kardashian liable for her false

26   statements because no Lanham Act claim has been made.  Radiancy does not, at this time, plan to make a Lanham Act claim against Ms. Kardashian.  However, discovery into the terms of any agreement between Ms. Kardashian and

27   TRIA could prove that Ms. Kardashian should face liability as an employee of TRIA under the Lanham Act.

28

7

1   Indeed, any <u>substantive</u> challenge to Radiancy's UCL and FAL claims is
2   premature at this stage of the litigation. "In view of Rule 15(a)'s permissive
3   standard, courts ordinarily defer consideration of challenges to the merits of a
4   proposed amended pleading until after leave to amend is granted and the amended
5   pleading is filed." *Daughtery*, 2009 U.S. Dist. LEXIS 100150 at *4 (internal
6   citations omitted).

7          **(a)    TRIA Makes No Significant Argument on the Alleged**
8                   **Futility of Radiancy's FAL Claim Against**
                    **Ms. Kardashian**

9          Under Cal. Bus. & Prof. Code § 17500, "[i]t is unlawful for any person…to
10  make or disseminate or cause to be made or disseminated before the public in this
11  state…any statement…which is untrue or misleading, and which is known, or which
12  by the exercise of reasonable care should be known, to be untrue or misleading…".
13  Radiancy has adequately pled Ms. Kardashian's liability under this statute resulting
14  from her false advertising of TRIA Hair.

15         TRIA does not substantively argue any alleged futility of Radiancy's FAL
16  claim. Instead, TRIA cites only to a treatise which states that "[t]here are no
17  reported cases under Sections 17200 or 17500 concerning the liability of
18  spokespersons or endorsers." William L. Stern, Bus. & Prof. C. § 17200 Practice,
19  ch. 6:55.1 (2011). However, TRIA's reliance on that treatise is misplaced because
20  there is nothing that indicates that such a FAL claim is either *futile* or prohibited, nor
21  has TRIA cited any cases in support of that argument. Indeed, the treatise
22  acknowledges that in *F.T.C. v. Garvey*, 383 F. 3d 891 (9th Cir. 2004), the Ninth
23  Circuit specifically considered whether a spokesperson/endorser could be held liable
24  under the FTC Act for making false statements in advertising. Stern at 6:6 and
25  6:11.1. *See id.* at 6:55.1 ("in the absence of California precedent, the California
26  courts in construing the UCL will often look to the FTC cases for guidance").

27
28
                                           8

### (b) TRIA Cannot Demonstrate that Radiancy's UCL Claim Against Ms. Kardashian Is Futile

TRIA's argument that Radiancy's UCL claim against Ms. Kardashian is "futile" is wrong on several accounts.[4]  California's UCL prohibits any **"unlawful,** unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising…".  Cal. Bus. & Prof. Code § 17200.  As noted in the paragraphs above, Radiancy pleads its UCL claim against Ms. Kardashian on several grounds: unfair, fraudulent and unlawful business acts; violation of the FAL; violation of the FTC Act; and violation of the FTC Endorsement Guides.  Proposed Amended Counterclaims ¶¶ 69-89, 146-151.  Given the comprehensive grounds pled by Radiancy, futility of the UCL claim cannot be established by TRIA.

*First,* TRIA's argument that Radiancy's UCL claim against Ms. Kardashian should be dismissed because the FTC Endorsement Guides are not federal law ignores the fact that the Ninth Circuit has held that the "unfair practices" prong of a UCL claim may be established by showing "that a practice violates public policy as declared by specific constitutional, statutory or regulatory provisions." *Rubio v. Capital One*, 613 F.3d 1195, 1205 (9th Cir. 2010) (citation omitted).  Even if Radiancy cannot "borrow" the FTC Endorsement Guides to allege a UCL claim on "unlawful" grounds (which Radiancy disputes below),[5] Radiancy should not be

---

[4] TRIA's citation to cases which it argues show the futility of Radiancy's claims are, in fact, neither factually similar to the present circumstance nor arise in the context of motions to amend. While the court in *Brothers v. Hewlett-Packard Co.,* 2007 WL 485979, at *9 (N.D. Cal. Feb. 12, 2007), found that the plaintiff's allegations that the defendant violated section 5 of the FTC Act (thereby violating the UCL) were unsupported (stating that "only the Federal Trade Commission may enforce the FTC Act"), the court nonetheless upheld the UCL claim on other alleged statutory violations and unfair conduct, and denied the motion to dismiss the UCL claim.  Neither *Brothers v. Hewlett-Packard Co.,* nor *Fraker v. Bayer Corp,* 2009 WL 5865687, at *6 (E.D. Cal. Oct. 6, 2009), cited by TRIA, bar Radiancy's UCL claim here, where Radiancy's claims are based on more than only violations of the FTC Act or FTC Guides.  Finally, as TRIA acknowledges, at least one court in this district (besides *Baker v. AEGIS Wholesale Corp.*, discussed herein) has acknowledged that FTC Act provisions can serve as a predicate for a UCL claim.  *Jordan v. Paul Fin., LLC*, 745 F. Supp. 2d 1084, 1098 (N.D. Cal. 2010) (dismissing the claim with leave to amend where heightened pleading requirements were required).

[5] *Laster v. T-Mobile USA, Inc.,* 2009 WL 4842801, at *5 (S.D.Cal. Dec. 14, 2009), cited by TRIA in its opposition brief, concerned whether an FTC Guide could be "borrowed" under the UCL to meet the "unlawful" prong, *where plaintiffs had not shown that violation of the Guides was a violation of the FTC statute.*  Radiancy bases the

9

foreclosed from looking to the FTC Guides to establish the "unfair" prong of its

UCL claim against Ms. Kardashian.  Indeed, "a business practice may be unfair or

fraudulent in violation of the UCL even if the practice does not violate any law."

*Sleep Sci. Partners v. Lieberman*, 2010 U.S. Dist. LEXIS 45385, at *26 (N.D. Cal.

May 10, 2010) (citation omitted).

    *Second*, Radiancy has pled Ms. Kardashian's violation of the FTC Act and the

corresponding FTC Endorsement Guides as independently sufficient grounds for the

"unlawful" prong of a UCL claim.

    As this Court is well aware, the broad scope of UCL claims in California is

firmly established and "[g]enerally 'violation of almost any law may serve as a basis

for a UCL claim'." *Jordan,* 745 F. Supp. 2d at 1098 ("[u]nlawful business practices

that are actionable under the UCL include anything that can properly be called a

business practice and that at the same time is forbidden by law"); *Blue Cross of*

*California v. The Superior Court of Los Angeles County*, 180 Cal. App. 4th 1237,

1250 (Cal. App. 2d Dist., 2009).  *See also Roskind v. Morgan Stanley Dean Witter*

*& Co.,* 95 Cal. Rptr. 2d 258, 261 (2000) (noting the effect of the UCL "is sweeping,

embracing anything that can properly be called a business practice and that at the

same time is forbidden by law.") (citations omitted); *Quacchia v. DaimlerChrysler*

*Corp*., 122 Cal. App. 4th 1442, 1450, n.5 (2004) ("A violation of federal law may

serve as a predicate for an action under the UCL.").  Given this broad scope, there is

no argument that a UCL claim against Ms. Kardashian based on violation of the

FTC Act and FTC Guides is futile.

    Importantly, at least one court in this district has explicitly upheld a UCL

claim based on alleged violation of the FTC Act.  *Baker v. AEGIS Wholesale Corp.,*

---

"unlawful" prong of its UCL claim on more than an alleged violation of the FTC Guides.  Moreover, as detailed
below, there is support for the principle that violation of the FTC Endorser Guides may be considered a violation of
the FTC Act.  For those reasons, *Laster* should not bar Radiancy's UCL claim.

Radiancy's Reply Memorandum of Law in Support of its Motion for Leave to File First Amended Counterclaims –
Case No. CV10-5030-RS

2010 U.S. Dist. LEXIS 73760, at *24-25 (N.D. Cal. July 21, 2010).  The Court in *Baker* found that the plaintiff's allegations of an FTC Act violation, resulting from defendants' involvement in the issuance of certain mortgage loans with undisclosed low "teaser" rates, were sufficient to support both the "unlawful" and "unfair" prongs of a corresponding UCL claim.  *Id*.  ("The court finds that . . . [plaintiff's] allegations are sufficient to adequately plead 'unfair' conduct under the FTC Act, and therefor, 'unlawful' conduct under the UCL"; denying a motion to dismiss the UCL claim).  *See also Blue Cross of California*, 180 Cal. App. 4th at 1250 ("UCL authorizes lawsuits to remedy unlawful conduct even if the underlying statute that renders the conduct unlawful does not itself create an independent right of action."); *Jordan*, 745 F. Supp. 2d at 1098.

Moreover, Ninth Circuit precedent in *F.T.C. v. Garvey*, 383 F. 3d at 903-904, explicitly leaves open the possibility of holding endorsers liable for violations of the FTC Act by virtue of the endorser's violation of the FTC Endorsement Guides. That the FTC claims in *Garvey* (based both on the FTC Act and the FTC Guides) survived summary judgment and proceeded to trial is persuasive evidence that Radiancy's similarly-based UCL claim against Ms. Kardashian is not futile.  *See F.T.C. v. Garvey*, 2001 U.S. Dist. LEXIS 25060, at *17, *20 (C.D. Cal. Nov. 7, 2001) (denying the celebrity endorser's motion for summary judgment and finding that a genuine issue of material fact existed as to whether the endorser could be held liable for alleged knowing misrepresentations made in advertising diet products; "[i]f this issue were resolved against [the celebrity endorser] at trial, he could be held primarily liable under Section 5(a) of the FTC Act"); *see also F.T.C. v. Garvey*, 2002 WL 31744639 (C.D. Cal. Nov. 25, 2002) (holding trial on the merits of that claim).

Although the Ninth Circuit later affirmed the District Court's decision in *Garvey* that the celebrity endorser in that situation was not liable under the FTC Act,

11

the court noted that "given the tenor" of the FTC Endorsement Guides (at that time) "they in fact seem aimed at controlling the behavior of the advertisers than the endorsers themselves [and], [i]n any case, this is an area of law that would benefit from clarification by Congress or the FTC." *Garvey*, 383 F. 3d at 903-904, n.14.

Subsequent to that decision, the FTC <u>did</u> clarify and revise the FTC Endorsement Guides (October 5, 2009), which now specifically state that "endorsers also may be liable for statements made in the course of their endorsements."  16 C.F.R. § 255.1(d) (2009).  This explicit revision strengthens Radiancy's claim that Ms. Kardashian may be held liable for her false statements based on the violation of the FTC Endorsement Guides and consequent violation of the FTC Act.

In consideration of this legal precedent, Radiancy's claims against Ms. Kardashian are not futile.

## 2. <u>Radiancy Has Not Delayed in its Motion to Amend</u>

Put simply, there has been no delay in Radiancy's motion to amend its counterclaims.  Ms. Kardashian allegedly began to promote and advertise TRIA Hair within days of Radiancy's originally filed counterclaims in December 2010 (TRIA Opp. MOL at 5:6-8).  Only three months later, in March 2011, the parties discussed amendment of their pleadings.  Declaration of Brendan J. O'Rourke in Support of Radiancy's Reply ("O'Rourke Reply Decl."), submitted herewith, at ¶ 3. Radiancy gathered the new facts it had discovered during this time which included false statements made by both TRIA and Ms. Kardashian dating from December 2010 through May 2011.  *Id*. at ¶ 4.  Radiancy's counsel, Brendan O'Rourke, specifically informed TRIA's counsel, Peter Brody, in <u>May 2011</u> that Radiancy intended to include claims against Ms. Kardashian in its proposed amendments. *Id*. at ¶ 5.  There was no appreciable delay, particularly considering that Ms.

Kardashian's wrongful statements <u>were still being made</u> at the time Radiancy notified TRIA of its intention to amend and include those statements.[6]

On June 10, 2011, Radiancy provided its draft proposed amended counterclaims to TRIA and sought TRIA's consent to file the amended pleading.  *Id.* at ¶ 6.  When it became clear by the end of June that TRIA would refuse to consent to the amendments, Radiancy filed its motion to amend followed within less than six weeks.  *Id.* at ¶ 7.  *Compare with Butler v. Aaron Medical Industries, Inc.*, 2004 U.S. Dist. LEXIS 15174, at *6 (N.D. Cal. July 28, 2004) (finding no undue delay despite defendant's allegation that plaintiff "had the information that she asserts as the basis for the amendment for four months").

Radiancy did not delay in bringing its motion, and any alleged "delay" in filing caused no prejudice to TRIA or Ms. Kardashian since (1) TRIA has been aware of Radiancy's proposed amendment for months; and (2) document exchange and depositions have not yet begun between the parties, and trial is eleven months away.  In any event, "delay alone—no matter how lengthy—is an insufficient ground for denial of leave to amend." *Comm. Concerning Cmty. Improvement v. City of Modesto*, 2010 U.S. Dist. LEXIS 95052, at *8 (E.D. Cal. Aug. 27, 2010) (internal citation omitted).  Indeed, should any party's delay factor into the disposition of this lawsuit, it is TRIA's delay that should be considered injurious— having delayed almost two and a half years since entering the market to bring this alleged false advertising lawsuit against Radiancy.

### 3.   <u>TRIA Will Not Be Prejudiced In Any Material Way by Ms. Kardashian's Addition to the Counterclaims</u>

Granting leave for Radiancy to file its Proposed Amended Counterclaims will not prejudice TRIA or Ms. Kardashian.  The schedule in this case—which was extended in April by a <u>joint</u> motion of the parties—still leaves three months for fact

---

[6] Radiancy does not admit that Ms. Kardashian's statements are limited to the time period of December 2010 to May 2011, as the duration of her advertising statements will not be known until discovery is completed.

13

discovery (Dk. 42).  TRIA itself acknowledges that document exchange and deposition have not begun.  Tight discovery deadlines are not grounds for denying leave to amend.  *See Green Valley Corp. v. Caldo Oil Co.*, 2011 U.S. Dist. LEXIS 44540, *13 (N.D. Cal. Apr. 18, 2011).  Moreover, "[a]s a general rule, additional expense and discovery is insufficiently prejudicial to deny a proposed amended complaint when the new facts came to light after the prior complaint was filed." *TaiMed Biologics v. Numoda Corp.*, 2011 U.S. Dist. LEXIS 48863, at *4, *9 (N.D. Cal. Apr. 29, 2011).

TRIA's objections to Radiancy's Proposed Amended Counterclaims are particularly disingenuous considering that weeks ago TRIA amended its Complaint to include new allegations and claims against a Radiancy product that was not previously even associated with the litigation (Dk. 50).  By contrast, Radiancy's proposed amendments are factually and legally related to the existing allegations in Radiancy's original Counterclaims.[7]  O'Rourke Reply Decl. ¶ 2.  Indeed, Radiancy would undoubtedly need to seek significant discovery from Ms. Kardashian even for false advertising claims alleged solely against TRIA.  By seeking to aggregate its claims against Ms. Kardashian and TRIA in one single litigation, Radiancy will obtain the highest degree of convenience and efficiency for all parties.  *Id.* ¶ 8.

### 4.  The Addition of Ms. Kardashian Is Appropriate and Necessary to Provide Radiancy with Complete Relief

TRIA's argument on bad faith, based only on its unsupported assertion that "Radiancy can get no additional relief from Ms. Kardashian beyond what it could obtain from TRIA," is simply wrong (TRIA Opp. MOL at 12:25-13:3).  Radiancy may seek relief from both parties separately according to their liability.  Regardless of whether TRIA may be the ultimate party held financially responsible as a result

---

[7] TRIA's assertion that Ms. Kardashian's involvement in this case would "risk creating a celebrity sideshow inimical to the efficient and fair resolution of the parties' claims" is not reason to deny Radiancy's motion.  Indeed, this would mean that celebrities or high-profile persons could never be involved in litigation or held liable for their wrongful actions.

14

of an agreement between TRIA and Ms. Kardashian—if there is such an agreement—this has <u>no</u> bearing on Radiancy's ability to bring claims against Ms. Kardashian for her wrongful actions.   Ms. Kardashian has disseminated her own false statements about TRIA Hair in interviews, on nationally televised talk shows, and in her own Twitter feed which, alone, has over 8 million followers.  Proposed Amended Counterclaims ¶¶ 69-70, 73-74, 77-78, 89.  A substantial number of consumers will make and have made their purchasing decisions based on her false claims about the TRIA Hair product.  Radiancy must have the ability to bring Ms. Kardashian to task for these false statements.   Moreover, Radiancy is entitled to an injunction against Ms. Kardashian and can seek monetary restitution, wholly separate from the relief Radiancy seeks against TRIA.

### CONCLUSION

For the foregoing reasons, Radiancy respectfully requests that the Court issue an order pursuant to Rules 15, 20 and 21 granting leave to file the Proposed Amended Counterclaims against TRIA and Ms. Kardashian.

DATED: August 24, 2011

Brendan J. O'Rourke
Kristin H. Neuman
Dolores F. DiBella
Victoria L. Loughery
Robert H. Horn
PROSKAUER ROSE LLP

By:

/s/ Robert H. Horn

Robert H. Horn
Attorneys for Defendant and Counterclaim-Plaintiff Radiancy, Inc.

15

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on August 24, 2011, I electronically filed the foregoing

3    with the Clerk of the Court using the CM/ECF system that will send notification of

4    such filing to all attorneys of record.

5

6    DATED: August 24, 2011          Brendan J. O'Rourke
                                     Kristin H. Neuman
7                                    Dolores F. DiBella
                                     Victoria L. Loughery
8                                    Robert H. Horn
                                     PROSKAUER ROSE LLP
9

10                                   By: _____/s/ Robert H. Horn_____
11                                            Robert H. Horn
                                     Attorneys for Defendant and Counterclaim-
12                                   Plaintiff Radiancy, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28