Brendan J. O'Rourke*
borourke@proskauer.com
Kristin H. Neuman*
kneuman@proskauer.com
Dolores F. DiBella*
ddibella@proskauer.com
Victoria L. Loughery*
vloughery@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Phone: (212) 969-3000
Facsimile: (212) 969-2900
* Admitted *Pro Hac Vice*

Robert H. Horn (SBN #134710)
rhorn@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Phone:    (310) 557-2900
Facsimile: (310) 557-2193

Attorneys for Defendant-
Counterclaim Plaintiff
Radiancy, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TRIA BEAUTY, INC.<br><br>Plaintiff.<br><br>vs.<br><br>RADIANCY, INC.<br><br>Defendant. | Case No. 10-cv-05030-RS<br><br>**RADIANCY, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO TRIA BEAUTY, INC.'S MOTION TO COMPEL DISCOVERY; PROPOSED ORDER DENYING MOTION TO COMPEL** |
| RADIANCY, INC.<br><br>Counterclaim-Plaintiff.<br><br>vs.<br><br>TRIA BEAUTY, INC.<br><br>Counterclaim-Defendant. | Date: September 15, 2011<br>Time: 1:30 PM<br>Ctrm: 3<br><br>Honorable Richard Seeborg<br><br>Hearing Cutoff: May 10, 2012<br>Pretrial Conf: June 28, 2012<br>Trial: July 9, 2012<br><br>Action Filed: November 5, 2010 |

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...............................................................................ii

**MEMORANDUM OF POINTS AND AUTHORITIES** .........................................1

**PRELIMINARY STATEMENT** ..........................................................................1

**STATEMENT OF FACTS** ..................................................................................3

**ARGUMENT**......................................................................................................5

I.      TRIA's Motion Fails To Comply With The GOod faith meet and confer Requirements set forth in Federal Rule 37(a) and Local Rule 37-1(a)..............................................................................................................5

II.     TRIA's motion should be denied because it seeks discovery beyond that which is required by rule 26(b)(1) of the federal rules of civil procedure ........................................................................................................8

  A. TRIA's Request for Documents Which Pre-Date TRIA's Entry Into the Relevant Markets Is Overbroad..................................................8

    1. Documents Relating to the Characteristics, Safety, and Effectiveness of the no!no! Hair, Including "Testing and Claim Substantiation Documents" ...................................9

    2. Documents Relating to the Development of the no!no! Hair .................................................................................11

    3. Documents Relating to Consumers' Experience with the no!no! Hair.........................................................................11

    4. Documents Relating to the Development, Evolution and Extent of Radiancy's Advertising .........................................13

    5. Financial Information from 2007 Through the Present..............16

  B. Radiancy's Communications with the FDA .........................................16

  C. TRIA's Second Set of Requests for Production .....................................17

**CONCLUSION** ................................................................................................18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# **<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

C<small>ASES</small>

*C&C Jewelry Mfg., Inc. v. West,*
    No. C09-01303, 2011 U.S. Dist. LEXIS 24706 (N.D. Cal. Feb. 28, 2011)......... 8

*City of Alameda v. Nuveen Mun. High Income Opp. Fund,*
    No. C 08-4575, 2010 U.S. Dist. LEXIS 131657 (N.D. Cal. Dec. 1, 2010) ....... 15

*Crossbow Technology, Inc. v. YH Technology,*
    No. C-03-04360, 2007 U.S. Dist. LEXIS 25926 (N.D. Cal. Mar. 26, 2007)....... 7

*F.T.C. v. Figgie Int'l Inc.,*
    994 F.2d 595 (9th Cir. 1993) ............................................................... 12

*F.T.C. v. Zamani,*
    No. 09-0977, 2011 WL 2222065 (C.D. Cal. June 6, 2011) ............................. 12

*Fosselman v. Evans,*
    No. C 07-2606, 2011 U.S. Dist. LEXIS 27074 (N.D. Cal. Mar. 15, 2011)......... 7

*Green v. Baca,*
    219 F.R.D. 485 (C.D. Cal. 2003) ...................................................... 16

*HPD Labs., Inc. v. Clorox Co.,*
    202 F.R.D. 410 (D.N.J. June 8, 2011) ................................................. 14

*In re CV Therapeutics, Inc. Sec. Litig.,*
    No. C-03-3709, 2006 U.S. Dist. LEXIS 41568 (N.D. Cal. June 16, 2006)....... 17

*Intralox, L.L.C. v. Habasit, Inc.,*
    No. Civ. A. 04-840, 2004 WL 2999097 (E.D. La. Dec. 23, 2004)........ 12, 13, 14

*Jack Russell Terrier Network v. Am. Kennel Club, Inc.,*
    407 F.3d 1027 (9th Cir. 2005)............................................................. 12

*Jones v. Martinez,*
    No. 1:04-cv-6318, 2008 U.S. Dist. LEXIS 103278 (E.D. Cal. Dec. 15,
    2008) ........................................................................................... 7

ii

*Keller Medical Specialties Prods. v. Armstrong Med. Indus., Inc.*,
    842 F. Supp. 1086 (N.D. Ill. 1994)..................................................................15

*Markay v. Yee*,
    Civ. F. 02 6173, 2005 U.S. Dist. LEXIS 29586 (E.D. Cal. Sept. 1, 2005)..........7

*Masterson v. Huerta-Garcia*,
    Case No. 2:07-cv-01307, 2010 U.S. Dist. LEXIS 113031 (E.D. Cal.
    Sept. 30, 2010)....................................................................................................15

*Natural Answers, Inc. v. SmithKline Beecham Corp.*,
    529 F.3d 1325 (11th Cir. 2008)...........................................................................12

*Rowlin v. Alabama Dept. of Public Safety*,
    200 F.R.D. 459 (M.D. Ala. 2001) .......................................................................15

*Soto v. City of Concord*,
    162 F.R.D. 603 (N.D. Cal. 1995) ..........................................................................8

*Storck USA, L.P. v. Farley Candy Co.*,
    797 F. Supp. 1399 (N.D. Ill. 1992)......................................................................14

*Storck USA L.P. v Farley Candy Co.*,
    821 F. Supp. 524 (N.D. Ill. 1993)........................................................................14

*Storck USA, L.P. v. Farley Candy Co.*,
    No. 92-552, 1995 WL 153260 (N.D. Ill. Apr. 6, 1995) ......................................14

*Tercica, Inc. v. Insmed Inc.*,
    No. C-05-5027, 2006 WL 1626930 (N.D. Cal. June 9, 2006)............................15

*Toter Inc. v. City of Visalia*,
    CV-F-96-6234, 1997 U.S. Dist. LEXIS 18920 (E.D. Cal. July 25, 1997).........18

*United States EPA v. Alyseka Pipeline Serv. Co.*,
    836 F.2d 443 (9th Cir. 1988) ...............................................................................16

*Watts v. Allstate Indem. Co.*,
    No. 2:08-cv-01877, 2010 U.S. Dist. LEXIS 115387 (E.D. Cal.
    Oct. 19, 2010) .......................................................................................................7

iii

1

2

*Zynga Game Network, Inc. v. Williams*,
    2010 U.S. Dist. LEXIS 57746 (N.D. Cal. May 20, 2010) ................................. 8

3

4

**OTHER AUTHORITIES**

5

Civ. L.R. 1-5(n) ............................................................................................. 5, 7

6

Civ. L.R. 37-1(a) ........................................................................................ 1, 5, 7

7

Civ. L.R. 37-2 .................................................................................................... 9

8

Fed. R. Civ. P. 26(b) ................................................................................ 2, 8, 16

9

Fed. R. Civ. P. 37(a) ................................................................................ 1, 5, 7

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant-Counterclaim Plaintiff Radiancy, Inc. ("Radiancy") respectfully submits this memorandum of points and authorities in support of its opposition to Plaintiff TRIA Beauty, Inc.'s ("TRIA") Motion to Compel.

## PRELIMINARY STATEMENT

TRIA's motion to compel is entirely premature.  In an effort to harass Radiancy, TRIA has rushed its request for judicial intervention without endeavoring to talk through its issues with Radiancy.  Had TRIA complied with the applicable rules before filing this motion, the parties may have been able to resolve or narrow the issues raised by this motion.  Instead, however, TRIA utterly ignored the procedural requirements and now asks the Court to grant it permission to conduct a boundless search of Radiancy's documents.   The Court should decline to entertain TRIA's improper and unreasonable request.

First, TRIA did not come anywhere close to meeting the mandatory preconditions to bringing this discovery motion set forth in Federal Rule 37(a) and Local Rule 37-1(a).  The lack of any genuine effort by TRIA to resolve the issues presented in its motion is revealed by the correspondence submitted by TRIA in support of its motion to compel.  Upon receiving Radiancy's written explanation of its principled objections to TRIA's requests for production ("RFPs"), TRIA did not even attempt to engage in any further substantive discussion of the matter.  Despite the fact that Radiancy had offered to make itself available for a telephonic conference to discuss any remaining issues with TRIA, TRIA chose instead to unilaterally declare the parties at "an impasse" and to bring the instant motion.  On this basis alone, TRIA's motion should be denied.

Second, TRIA's motion either misconstrues or mischaracterizes Radiancy's position with regard to the categories of documents sought.  TRIA focuses on a single word in a single email to falsely claim that Radiancy has agreed to only produce documents that "support its arguments. . .while simultaneously withholding

those documents that do not support its position." TRIA Memorandum of Law in Support of Motion to Compel (herein, "Mov. Mem.") at 10.  Nothing could be further from the truth – as TRIA would know had it attempted to engage, in any meaningful way, in the meet and confer process.  As explained in Point II below, to the extent TRIA seeks non-privileged documents concerning the allegedly false advertising claims actually at issue in this action, Radiancy has agreed, and does agree, to produce them.

That is not what TRIA's document requests have asked for, however.  TRIA's document requests are grossly overbroad.  TRIA itself admits that only a single one of its seventy nine document requests contains any temporal limitations.[1]  TRIA's blanket request for **all** documents – **even those that pre-date TRIA's entry into the market** – is unreasonable and seeks irrelevant information related to advertising claims not at issue in this action.  Likewise, TRIA's request for FDA communications is not reasonably calculated to lead to the discovery of admissible evidence.  Rather, it is designed only to further TRIA's misguided crusade to try and force Radiancy out of the marketplace by somehow proving that Radiancy's no!no! Hair is a "medical device" that should be regulated by the FDA.

However liberal the standard for discovery under Fed. R. 26(b) may be, it is not so broad as to allow TRIA to conduct the burdensome and harassing fishing expedition advocated by TRIA's motion to compel.  Indeed, the bad faith nature of this motion is evidenced not only by the fact that TRIA bypassed the meet and confer requirement of the local and federal rules, but that TRIA has filed this motion while the parties are still in the process of amending their pleadings and finalizing a protective order – and before either party has even produced a single document.

---

[1] TRIA attempts to defend this by pointing to Radiancy's request and, essentially saying "they do it too."   However, TRIA has never objected to the temporal scope of Radiancy's requests; to the extent TRIA does object, it could have raised the issue with Radiancy during the meet and confer process (had TRIA bothered to engage in it).

Accordingly, TRIA's motion should be denied in its entirety, and the Court should direct TRIA to participate in a meaningful meet and confer with Radiancy to identify and narrow (or resolve) the parties' outstanding discovery issues.

## STATEMENT OF FACTS

On November 5, 2010, TRIA filed a Complaint in this Court against Radiancy, alleging that Radiancy had made false statements advertising its no!no! hair removal product ("no!no! Hair"), among other claims. TRIA's Complaint did not allege claims relating to any other products marketed and sold by Radiancy. (Dk. 1.) On December 15, 2010, Radiancy answered TRIA's Complaint and interposed counterclaims concerning TRIA's false advertising of the TRIA Laser Hair Removal System ("TRIA Hair") and TRIA Skin Clarifying System ("TRIA Acne"), and related claims for trademark infringement and unfair competition. (Dk. 10.) TRIA answered Radiancy's Counterclaims on January 10, 2011.[2] (Dk. 29.)

On December 21, 2010, Radiancy served its first set of discovery requests on TRIA. (Roberts Declaration in Support of TRIA Motion to Compel (Dk. 55-1) (herein "Roberts Decl."), Ex. A.) TRIA served its responses and objections on February 11, 2011. On January 13, 2011, TRIA served its first set of discovery requests on Radiancy. (Roberts Decl., Ex. B.) Radiancy served its responses and objections on March 4, 2011 ("Radiancy Responses"). (Roberts Decl., Ex. C.) To date, neither party has produced any documents.

---

[2] The parties are in the process of amending their pleadings. On July 8, 2011, TRIA moved for leave to amend its Complaint to include claims related to the advertising of Radiancy's acne treatment product ("no!no! Skin"). (Dk. 47.) Radiancy did not oppose the motion (Dk. 49), and TRIA's Amended Complaint was entered by this Court on July 22, 2011. (Dk. 50.) On August 3, 2011, Radiancy moved for leave to amend its Answer and Counterclaims to add additional allegations against TRIA, and to add a third party. (Dk. 51.) On August 17, 2011 TRIA filed its opposition to Radiancy's motion to amend to the extent it seeks to add a third party. (Dk. 56.) Radiancy's motion is noticed to be heard on September 8, 2011.

On May 10, 2011, TRIA wrote to Radiancy concerning Radiancy's objections to producing three categories of documents requested by TRIA: 1) documents which pre-date TRIA's entry into the over-the-counter hair removal and acne treatment markets; 2) documents relating to communications with the FDA regarding Radiancy's no!no! Hair and no!no! Skin products; 3) documents relating to the no!no! Skin product (Radiancy's acne treatment device).  (Roberts Decl., Ex. D.)  In its letter, TRIA set forth its bases for believing it was entitled to the aforementioned categories of documents, and asked for a conference to discuss the matter, as well as other unspecified objections Radiancy had made to TRIA's RFPs.  *Id.*

On June 6, 2011, Radiancy wrote a letter responding to TRIA's May 10th letter.  With regard to the issues TRIA had raised, Radiancy responded that it disagreed that TRIA was entitled to the broad discovery it had requested concerning the documents in the three categories identified in its letter, and set forth its bases for such belief.  (Roberts Decl., Ex. E.)  At the close of the letter, Radiancy stated that "[i]f you believe that a telephonic conference is still necessary, we will make ourselves available to discuss any remaining issues."  *Id.* at 4.

On June 23, 2011, TRIA sent an email addressing a variety of discovery-related issues, including the status of the parties' draft protective order, and proposals concerning the exchange of metadata fields and search terms.  (Roberts Decl., Ex. F.)  With regard to the issues raised by the instant motion, TRIA's email stated merely "we consider the parties to be at an impasse."  *Id.*  On July 12, 2011, TRIA sent an email stating that the parties needed to resolve the parties' outstanding discovery issues "ASAP," and asked that Radiancy respond "by close of business tomorrow" indicating "Radiancy's position regarding the protective order; metadata fields; exchange of search terms; and whether Radiancy refuses to produce documents in the categories requested that predate TRIA's entry into the relevant markets."   (Roberts Decl., Ex. G.)

4

As requested by TRIA, Radiancy responded to the issues identified by TRIA's email the following day. (Roberts Decl., Ex. H.) On July 15, 2011, TRIA acknowledged receipt of Radiancy's responses. (Roberts Decl., Ex. I.) Again, no request for a meet and confer was made. On August 10, 2011, almost a full month after the parties' last correspondence on this issue, TRIA filed the instant motion.

## ARGUMENT

### I. TRIA'S MOTION FAILS TO COMPLY WITH THE GOOD FAITH MEET AND CONFER REQUIREMENTS SET FORTH IN FEDERAL RULE 37(A) AND LOCAL RULE 37-1(A)

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a motion to compel "must include a certification that the movant has in good faith attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Notably missing from TRIA's motion is any certification that it has attempted to confer in good faith with Radiancy to resolve or narrow these issues, as required by Fed. R. Civ. P. 37(a)(1). This is because TRIA has failed, in all respects, to comply with this requirement before filing its motion.

Local Rule 37-1(a) provides that "[t]he Court will not entertain a request or motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." Civ. L.R. 37-1(a). Under Local Rule 1-5(n), a requirement to "confer" can only be met "through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation." Civ. L.R. 1-5(n).

TRIA cannot contend that it has fulfilled the above requirement when the parties have never had a face to face or telephone conversation concerning the issues raised by TRIA's motion (despite Radiancy's offer to do so). The only discussion concerning these issues is contained in the two letters and handful of emails TRIA

5

has submitted in support of its motion.  As this correspondence reveals, TRIA essentially shut down communications on the issues after the parties' initial exchange.

On May 10, 2011, TRIA sent a letter to Radiancy to request a telephonic conference to discuss certain objections Radiancy had made to TRIA's First Set of RFP's.  (Roberts Decl., Ex. D.)  By letter dated June 6, 2011, Radiancy responded to TRIA, setting forth in detail its position regarding the issues raised by TRIA's May 10th letter.  (Roberts Decl., Ex. E.)  At the end of Radiancy's June 6th letter, Radiancy explicitly stated that it was "available to discuss any remaining issues" if TRIA believed "a telephonic conference is still necessary."  *Id.* at 4.  TRIA did not acknowledge or accept Radiancy's offer to make itself available for a telephonic conference to discuss the issues raised by this motion.

Instead, between June 23rd and July 15th, the parties exchanged a series of emails addressing a variety of discovery issues, only one of which was Radiancy's position with regard to the relevance of documents which pre-date TRIA's launch into the competitive market.[3]  *See* Roberts Decl., Exs. F through I.  Not once in any of TRIA's subsequent emails (on June 23rd, July 12th, and July 15th) did TRIA ever attempt to address the points raised in Radiancy's June 6th letter, which explained in detail why Radiancy believed TRIA was not entitled to the requested discovery. Nor did it request a meet and confer in order to discuss the parties' divergent positions.  Rather, TRIA's emails essentially just repeat their previous request that Radiancy produce documents which pre-date TRIA's entry into the competitive market, and vaguely threaten judicial intervention if Radiancy did not comply with TRIA's demands.

---

[3]  Moreover, neither TRIA's July 12th or July 15th emails makes any mention of Radiancy's objection with regard to producing FDA communications, the second category of documents of which TRIA seeks to compel the production.

Both the applicable statutory and case law make clear that such written correspondence between the parties is insufficient to satisfy the requirements of Civ. L.R. 37-1(a).  *See* Civ. L.R. 1-5(n) ("The mere sending of a written, electronic, or voicemail communication. . .does not satisfy a requirement to 'meet and confer' or to 'confer.'").  *See also Jones v. Martinez,* No. 1:04-cv-6318, 2008 U.S. Dist. LEXIS 103278, at *4 (E.D. Cal. Dec. 15, 2008) ("The purpose of this requirement is to resolve discovery disputes without court action. A letter re-iterating a previous request, without addressing any of the objections raised by the responding party, does not constitute a meaningful attempt to resolve the discovery dispute at issue."); *Watts v. Allstate Indem. Co.*, No. 2:08-cv-01877, 2010 U.S. Dist. LEXIS 115387, at *9 (E.D. Cal. Oct. 19, 2010) ("A good faith attempt at meet and confer requires more than sharply worded letters and emails between counsel.").

The case law is also clear that the failure to comply with the requirements of Fed. R. Civ. P. 37(a)(1) or Civ. L.R. 37-1(a) is sufficient grounds for denial of a motion to compel.  *See, e.g.*, *Crossbow Technology, Inc. v. YH Technology*, No. C-03-04360, 2007 U.S. Dist. LEXIS 25926, at *3 (N.D. Cal. Mar. 26, 2007) (motion to compel denied where defendant filed motion "without first meeting and conferring with Plaintiff, in lieu of directly addressing Plaintiff's responses to Defendant's contention that he is entitled to the requested discovery."); *Fosselman v. Evans,* No. C 07-2606, 2011 U.S. Dist. LEXIS 27074, at *6-7 (N.D. Cal. Mar. 15, 2011) (motion to compel denied where plaintiff's motion "does not identify any specific communication that he contends constituted compliance with the meet and confer requirement, nor does he provide the required certificate.").

Accordingly, since TRIA has failed to comply with these requirements, TRIA's motion to compel should be denied.  *See, e.g., Markay v. Yee*, Civ. F. 02 6173, 2005 U.S. Dist. LEXIS 29586, at *4 (E.D. Cal. Sept. 1, 2005) (holding that where a motion to compel contained "no certification that the [p]laintiff has

7

complied with the meet and confer requirement imposed by the rules. . . .his Motion can be denied on that basis alone.").

## II.   TRIA'S MOTION SHOULD BE DENIED BECAUSE IT SEEKS DISCOVERY BEYOND THAT WHICH IS REQUIRED BY RULE 26(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Despite the assertions made in TRIA's premature motion, Radiancy has not absolutely refused to produce any particular category of document.  From the outset, the only material aspect of TRIA's document requests as to which Radiancy objects are their <u>vastly overbroad</u> nature concerning subjects that are outside the reasonable margins of this case, namely: 1) Radiancy advertisements which pre-date TRIA's entry into the relevant market; and 2) documents concerning Radiancy's communications with the FDA.  To the extent TRIA seeks <u>relevant, non-privileged documents</u> concerning the claims and defenses at issue in this action, Radiancy has agreed, and does agree, to produce them, even if they fall into one of these categories.  *See* Roberts Decl., Ex. E at 1-2 and Ex. H at 1.

### A.   <u>TRIA's Request for Documents Which Pre-Date TRIA's Entry Into the Relevant Markets Is Overbroad</u>

It is well-settled that, "[a]lthough the scope of discovery under the Federal Rules is broad, it is not unfettered."  *C&C Jewelry Mfg., Inc. v. West,* No. C09-01303, 2011 U.S. Dist. LEXIS 24706, at *2-3 (N.D. Cal. Feb. 28, 2011).  *See also Zynga Game Network, Inc. v. Williams*, 2010 U.S. Dist. LEXIS 57746, at *4 (N.D. Cal. May 20, 2010) ("Discovery is subject to certain limitations and is not without 'ultimate and necessary boundaries.'").  Thus, the party seeking to compel discovery has the burden of demonstrating that its request satisfies the relevancy requirements of Fed. R. Civ. P. 26(b)(1).  *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).

TRIA freely admits that, "[e]xcept for the financial documents, which TRIA seeks only from January 1, 2007 to the present, TRIA's requests are not date-

8

limited." Mov. Mem. at 7. Yet, TRIA makes no effort to demonstrate the relevance of any of the seventy-eight out of the seventy-nine document requests for which TRIA seeks documents which pre-date TRIA's entry into the relevant market (the "pre-launch documents"). In fact, instead of identifying which requests it now seeks to compel the production of pre-launch documents, as required by Local Rule 37-2, TRIA identifies only broad and somewhat vague "categories" of documents to which it asserts blanket entitlement.[4]  For this reason alone it is clear that TRIA has utterly failed to carry its burden on this motion.

Nonetheless, Radiancy will address each category of document raised in TRIA's motion below.

1. ***Documents Relating to the Characteristics, Safety, and Effectiveness of the no!no! Hair, Including "Testing and Claim Substantiation Documents"***

TRIA's argument concerning this category is a blatant mischaracterization of Radiancy's position, and merely further underscores the harassing nature of this motion. TRIA accuses Radiancy of proposing to "produce only those 'testing and claim substantiation' documents on which Radiancy 'relies'," and states that Radiancy is guilty of a "crabbed interpretation of relevance." Mov. Mem. at 10. In fact, it is TRIA that is guilty of a "crabbed interpretation" of Radiancy's position. As can be seen by Radiancy's responses to TRIA's document requests, Radiancy has specifically agreed to produce responsive, non-privileged documents in this category.

---

[4] Local Rule 37-2 states that "a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of FRCivP 26(b)(2) are satisfied." Civ. L.R. 37-2.

9

For instance, TRIA's RFP No. 1 asks for "[a]ll documents concerning the analysis or testing of the efficacy, effectiveness, capabilities, performance, and/or technology of no!no! Hair, whether or not such analysis and testing was conducted or sponsored by Defendant," (Roberts Decl. Ex. B at 7); TRIA's RFP No. 3 asks for "[a]ll documents concerning substantiation or support for, refutation of, or disagreement with, any of the no!no! Claims" (*id.* at 9); and RFP No. 9 asks for "[t]o the extent not encompassed by the other Requests, reports, protocols, data, results, memoranda, and other documents concerning all testing or studies concerning the no!no! Claims." *Id.* at 10.  To all of these requests, Radiancy agreed in its Responses to produce responsive, non-privileged documents.  *See* Roberts Decl., Ex. C at 9, 10, and 14.

Nonetheless, TRIA ignores Radiancy's Responses and moves to compel based on one word, taken out of context, from Radiancy's July 13th email (Roberts Decl., Ex. H at 1), where Radiancy states that it will not be producing pre-launch documents, with the exception of limited instances, such as "where Radiancy relies on its testing or other claim substantiation documents which would be produced for that purpose or may incidentally predate TRIA's entry into the market." *Id.*  From this sentence, TRIA wrongfully jumps to the conclusion that Radiancy intends to produce only documents that "support its arguments in this litigation, while simultaneously withholding those documents that do not support its positions." Mov. Mem. at 10.

These are illustrative examples only.  To the extent that TRIA's request for pre-launch documents concerning the characteristics, safety, effectiveness, testing and/or claim substantiation of no!no! Hair, applies to RFPs other than Nos. 1, 3 or 9, it is possible that Radiancy may have already agreed to produce documents in response to them as well.  However, since TRIA's motion fails to identify any specific RFPs, Radiancy is uncertain what other documents TRIA is seeking in this

10

category, and reserves all rights to object to the production of such documents, pending a proper meet and confer on this issue.

In sum, TRIA's leap in logic that Radiancy intends to produce only pre-launch documents which may be advantageous to its position in this litigation is unsupported by either reality or the plain text of Radiancy's Responses and subsequent correspondence with TRIA. TRIA's obvious misunderstanding of Radiancy's position could have been cleared up had TRIA discussed the matter directly with Radiancy, instead trying to infer Radiancy's intent from an email.

### 2.    *Documents Relating to the Development of the no!no! Hair*

TRIA asserts that documents in this category would include documents "relating to problems or limitations in the design of the device or the implementation of the design, or safety problems. . . ." Mov. Mem. at 11. As discussed in Point II(A)(1) above, Radiancy has already agreed to produce documents related to the efficacy, effectiveness, capabilities, performance, and/or technology of no!no! Hair in response to RFP No. 1. To the extent there are additional RFPs which TRIA believes encompass documents in this category, Radiancy may have already agreed to produce documents in response to them as well. However, since TRIA's motion fails to identify any specific RFPs in this category, Radiancy reserves all rights to object to the production of such documents, pending a proper meet and confer on this issue.

### 3.    *Documents Relating to Consumers' Experience with the no!no! Hair*

TRIA contends that it is entitled to pre-launch documents relating "documents concerning or comprising consumer complaints, surveys, and product returns." Mov. Mem. at 11. It further asserts that "[n]o logical reason supports limiting Radiancy's production of such documents based on when they were created or

whether their creation preceded or followed the launch of the TRIA LHRS." *Id.* at 11-12. TRIA's sole argument in support of this assertion is that such documents "may aid in determining what Radiancy's advertising claims conveyed to consumers, to the extent the claims are deemed ambiguous." *Id.* at 11.

However, what messages were conveyed to consumers <u>prior</u> to the time that TRIA entered the market is irrelevant because TRIA could not possibly have suffered any injury from such messages. An "injury" for the purpose of sustaining a false advertising claim must be "'competitive,' or harmful to the plaintiff's ability to compete with the defendant." *Jack Russell Terrier Network v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005). Until TRIA launched its TRIA Hair and TRIA Acne products, it did not compete with Radiancy in the over-the-counter hair removal or acne treatment markets, and therefore whatever effect Radiancy's messages may have had on consumers prior to that time is irrelevant to the claims at issue in this case. *See, e.g., Natural Answers, Inc. v. SmithKline Beecham Corp.*, 529 F.3d 1325, 1332 (11th Cir. 2008) (plaintiff lacked standing to bring a Lanham Act false advertising claim because it "was not selling or promoting [a competing product] at the time of the allegedly false advertising, [thus] it cannot claim to have suffered lost sales, lost market share, or increased promotional costs").

None of the cases cited by TRIA in support of its contention that it is entitled to pre-launch documents in this category contradicts this fact. Indeed, none of them even remotely addresses the relevance of whether consumer complaints made to an advertiser about the advertiser's product that pre-date a competitor's entry into the market.[5] More on point is a case cited by TRIA for a different proposition (*see* Point II(A)(4) below), *Intralox, L.L.C. v. Habasit, Inc.*, No. Civ. A. 04-840, 2004 WL 2999097 (E.D. La. Dec. 23, 2004). In *Intralox,* the court denied a competitor's

---

[5] In fact, two of them, *F.T.C. v. Figgie Int'l Inc.*, 994 F.2d 595, 608-09 (9th Cir. 1993), and *F.T.C. v. Zamani*, No. 09-0977, 2011 WL 2222065, at *1 (C.D. Cal. June 6, 2011), involve the admissibility of consumer complaints registered with the F.T.C., rather than the advertiser itself.

motion to compel the advertiser to produce all documents concerning consumer complaints related to the advertiser's marketing and/or pricing practices which pre-dated the competitor's entry to the market, holding that, "[t]he reaction of customers is immaterial to whether [the competitor] was injured by any illegal business practices engaged in by [the advertiser]. It is true that, through…customer complaints, [the competitor] may stumble upon information indicating that [the advertiser] committed 'fraud, misrepresentation, deception or other unethical conduct.' However...such a fishing expedition is impermissible." *Id.* at *15.

Accordingly, the Court should deny TRIA's request for pre-launch documents in this category.

### 4. *Documents Relating to the Development, Evolution and Extent of Radiancy's Advertising*

TRIA apparently seeks unfettered access to documents relating to the development of Radiancy's marketing and advertising materials, regardless of: a) whether such materials were in circulation at any time after TRIA entered the market; or b) whether such materials relate to the advertising claims actually at issue in this action.  Such a request is obviously overbroad and unduly burdensome. Moreover, TRIA has not offered any viable reason why such documents are relevant to the claims or defenses in this case.

TRIA makes the sweeping assertion that "[a] plaintiff in a false-advertising case is entitled to discovery regarding how its competitor's contested advertising claims have changed, why they have changed, and whether and how the changes have affected sales."  Mov. Mem. at 12.  TRIA cites to *Intralox,* 2004 WL 2999097, purportedly to support its flawed assertion.  In, *Intralox,* the court granted a motion to compel the discovery of documents related to whether an advertiser changed its advertising in response to a competitor's entry into the market, not because such documents were relevant to the competitor's false advertising claim, but on the

13

ground that such information was relevant to the competitor's allegations that the advertiser acted to thwart or restrict the competitor's entry into the market. *Id.* at *4. However, unlike the competitor in *Intralox*, TRIA has made no allegation that Radiancy posed a barrier to TRIA's entry to the hair removal marketplace. Nor has TRIA alleged that Radiancy has changed its advertising in response to TRIA's entry into the market. Thus, *Intralox* is inapplicable.

TRIA's other cases do not support its argument any better. TRIA's description of *HPD Labs., Inc. v. Clorox Co.*, 202 F.R.D. 410, 418 (D.N.J. June 8, 2011) as compelling the production of "emails from 1997 reflecting the development of advertising claims for product that defendant launched in 1999" (Mov. Mem. at 12) is misleading, to say the least. Both parties in *HPD Labs* had been competing in the relevant market since at least 1995, and thus the decision does not address the relevance of advertisements which ran before the plaintiff was a competitor. In fact, the issue in *HPD Labs* was whether the requested documents were protected by the attorney-client privilege, not whether they were irrelevant. The other case cited by TRIA, *Storck USA, L.P. v. Farley Candy Co.*, No. 92-552, 1995 WL 153260, at *2 (N.D. Ill. Apr. 6, 1995), is also factually inapposite. *Storck* involved a claim for trademark infringement, which requires a showing that the plaintiff's trade dress is either inherently distinctive or has acquired secondary meaning. *Storck USA L.P. v Farley Candy Co.,* 821 F. Supp. 524, 526 (N.D. Ill. 1993). Secondary meaning is established through, among other things, plaintiff's demonstration of the amount and manner of advertising and volume of sales. *Storck USA, L.P. v. Farley Candy Co.,* 797 F. Supp. 1399, 1406 (N.D. Ill. 1992). Thus, the fact that the court in *Storck* compelled plaintiff to produce such documents, even for a period pre-dating the defendant's launch of its competitive product, while entirely consistent with trademark law, does not support the argument that these documents are relevant to the claims at issue in this case.

14

1      TRIA's final two cases, *Keller Medical Specialties Prods. v. Armstrong Med.*

2  *Indus., Inc.*, 842 F. Supp. 1086 (N.D. Ill. 1994), and *Tercica, Inc. v. Insmed Inc.*,

3  No. C-05-5027, 2006 WL 1626930 (N.D. Cal. June 9, 2006), do not even arise in

4  the context of a motion to compel, let alone address the instance where a plaintiff is

5  attempting to compel the production of advertising materials that pre-date its own

6  entry to the market.  At best, *Tercica* stands for the limited proposition that a

7  plaintiff may have competitor standing under the Lanham Act once "FDA approval

8  has been obtained and product distribution is likely imminent."  *Id.* at *17.

9  However, even if so, it still does not support the scope of TRIA's request for pre-

10  launch documents, which contains no temporal restriction and thus purports to seek

11  documents that would date back to well beyond the date TRIA obtained FDA

12  approval for either of the competitive products at issue in this case.

13      Accordingly, TRIA's request for pre-launch documents concerning Radiancy

14  advertising which pre-dates TRIA's entry into the market should be denied.  Such

15  request seeks information irrelevant to this case and is, on its face, overbroad and

16  unduly burdensome.  *See, e.g., City of Alameda v. Nuveen Mun. High Income Opp.*

17  *Fund*, No. C 08-4575, 2010 U.S. Dist. LEXIS 131657, at *8 (N.D. Cal. Dec. 1,

18  2010) (finding plaintiff's requests to be overbroad and burdensome where requests

19  "essentially seek every document created in connection with [the subject matter of

20  plaintiff's claim]…with, for the most part, no time limitation"); *Masterson v.*

21  *Huerta-Garcia*, Case No. 2:07-cv-01307, 2010 U.S. Dist. LEXIS 113031, at *26

22  (E.D. Cal. Sept. 30, 2010) (denying motion to compel further responses to

23  interrogatories where the "requests are overbroad and not limited as to time").

24      In the alternative, this Court should exercise its discretion to impose a more

25  appropriate temporal limitation on TRIA's requests.  *See, e.g., Masterson*, 2010 U.S.

26  Dist. LEXIS 113031, at *12 (citing *Rowlin v. Alabama Dept. of Public Safety*, 200

27  F.R.D. 459 (M.D. Ala. 2001), for the principle that "courts have a duty to pare down

15

overbroad discovery requests under Rule 26(b)(2)"); *Green v. Baca*, 219 F.R.D. 485 (C.D. Cal. 2003) ("It is within the discretion of a court ruling on a motion to compel to narrow the [discovery] requests…") (citing *United States EPA v. Alyeska Pipeline Serv. Co.*, 836 F.2d 443, 448 (9th Cir. 1988)).

### 5.   *Financial Information from 2007 Through the Present*

TRIA also asks for Radiancy's "financial information" beginning from January 1, 2007 – over a year before TRIA began selling its over-the-counter hair removal product.  As an initial matter, the request for "financial information" is completely vague and ambiguous, and thus the request can be denied on that ground alone.  Assuming, however, that TRIA is looking for Radiancy's sales from that time period, such information is completely irrelevant to TRIA's claims.  As discussed above, TRIA cannot have suffered any competitive injury prior to the time it became a competitor.

### B.   <u>Radiancy's Communications with the FDA</u>

TRIA's requests for FDA communications are nothing but a fishing expedition that the Court should not entertain.  Radiancy's advertising makes no claim that its product is FDA-approved, nor does it assert any claim or defense based on FDA-approval of its product or of its advertising.  Furthermore, TRIA does not have any standing to bring any claim based on its misguided belief that no!no! Hair is a medical device requiring FDA clearance or approval – as TRIA freely admits.  Mov. Mem. at 15.

To the extent that TRIA is, as it claims, seeking documents related to "what the no!no! Hair does, how it does it, what side effects, if any, result from use of it, and how it compares in safety and effectiveness to medical devices for hair removal," as its motion contends (Mov. Mem. at 14), Radiancy has already agreed to produce such documents, even if such documents were at some point submitted to

16

the FDA.  *See* Roberts Decl., Ex. C at 8-15 (Radiancy's Responses to RFPs 1 through 13).  Indeed, Radiancy's June 6th letter made it clear more than once that it will produce documents related to the performance, safety and efficacy of no!no! Hair.  *See* Roberts Decl., Ex. E at 2 ("To the extent that TRIA seeks documents related to testing or substantiation of the no!no! Hair advertising claims actually at issue in the complaint, Radiancy has agreed to produce any responsive, non-privileged documents.").

However, TRIA's requests go far beyond that.  TRIA seeks "all documents concerning communications (formal or informal)" between Radiancy and the FDA.  *See* Roberts Decl., Ex. B at 17 (RFP Nos. 57-61).  The contents of Radiancy's correspondence with the FDA (to the extent they may exist), are irrelevant, since TRIA admits it cannot second-guess any decision made by the FDA to not regulate the no!no! Hair.  In addition, any documents *concerning* communications with the FDA are likely to contain attorney-client privilege and/or attorney client work product, and thus are not subject to discovery.  *See In re CV Therapeutics, Inc. Sec. Litig.*, No. C-03-3709, 2006 U.S. Dist. LEXIS 41568, at *15 (N.D. Cal. June 16, 2006) ("communications concerning FDA review and approval presumptively entail the drug manufacturer ongoing dialogue with its attorneys….The legal nature of the FDA context and the need for review and guidance of counsel permeates these communications.").

### C.     TRIA's Second Set of Requests for Production

Obviously looking to (once again) avoid its obligations to meet and confer with Radiancy concerning the parties' outstanding discovery issues, Footnote No. 1 of TRIA's motion suggests that the Court should somehow rule on objections to TRIA's Second Set of Requests for Production ("Second RFPs") that have not yet been propounded by Radiancy, stating that "it may reasonably be assumed that Radiancy's discovery position with regard to that product will be the same as its

17

position with regard to the no!no! Hair." Mov. Mem at 4. TRIA served its Second RFPs on August 11, 2011, the same day it filed its motion to compel. Radiancy's responses are not due until September 12, 2011. Thus, this Court should deny TRIA's motion to compel to the extent it prematurely seeks a ruling with regard to any of the documents requested in TRIA's Second RFPs. *See Toter Inc. v. City of Visalia,* CV-F-96-6234, 1997 U.S. Dist. LEXIS 18920, at *2 (E.D. Cal. July 25, 1997) (denying plaintiff's motion to compel filed three weeks before defendant's responses were due, on the ground that such motion was "premature at this time.").

## CONCLUSION

For the foregoing reasons, Defendant-Counterclaim Plaintiff Radiancy, Inc. respectfully submits that TRIA's improper, unnecessary and premature Motion to Compel must be denied, in its entirety.

DATED: August 24, 2011                Brendan J. O'Rourke
                                      Kristin H. Neuman
                                      Dolores F. DiBella
                                      Victoria L. Loughery
                                      Robert H. Horn
                                      PROSKAUER ROSE LLP

                                      By:
                                      _____
                                              /s/ Robert H. Horn
                                              Robert H. Horn
                                      Attorneys for Defendant and Counterclaim-
                                      Plaintiff Radiancy, Inc.

18

# CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record.


DATED: August 24, 2011

Brendan J. O'Rourke
Kristin H. Neuman
Dolores F. DiBella
Victoria L. Loughery
Robert H. Horn
PROSKAUER ROSE LLP

By:
_____/s/ Robert H. Horn_____
Robert H. Horn
Attorneys for Defendant and Counterclaim-Plaintiff Radiancy, Inc.