THAD A. DAVIS (CSB # 220503)
  thad.davis@ropesgray.com
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Phone:  (650) 617-4000
Facsimile: (650) 617-4090


PETER M. BRODY (*pro hac vice*)
  peter.brody@ropesgray.com
ALEXANDRA J. ROBERTS (*pro hac vice*)
  alexandra.roberts@ropesgray.com
ROPES & GRAY LLP
700 12th Street, NW, Suite 900
Washington, DC  20005-3948
Telephone:  (202) 508-4612
Facsimile:  (202) 383-7777


Attorneys for Plaintiff and Counter-defendant
TRIA BEAUTY, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TRIA BEAUTY, INC. | Case No. 10-cv-05030-RS |
|     Plaintiff and Counter-defendant, | |
|     vs. | **PLAINTIFF TRIA BEAUTY, INC.'S ANSWER TO DEFENDANT RADIANCY, INC.'S AMENDED COUNTERCLAIMS** |
| RADIANCY, INC., | |
|     Defendant and Counter-claimant. | |

| | |
|---|---|
| 1 | Plaintiff TRIA Beauty, Inc. ("TRIA"), by and through its attorneys, Ropes & Gray LLP, |
| 2 | hereby answers the First Amended Counterclaims of Defendant Radiancy, Inc. ("Radiancy"). |
| 3 | 1. TRIA admits that Radiancy has filed Amended Counterclaims (the "Amended |
| 4 | Counterclaims") which purport to assert claims under federal and state law against TRIA and |
| 5 | Kimberly Kardashian arising from allegedly false or misleading advertising for TRIA's laser |
| 6 | hair removal and acne treatment systems, but otherwise denies the allegations in paragraph 1 of |
| 7 | the Amended Counterclaims. |
| 8 | 2. TRIA denies the allegations of paragraph 2 of the Amended Counterclaims. |
| 9 | **The Parties** |
| 10 | 3. TRIA admits the allegations of paragraph 3 of the Amended Counterclaims. |
| 11 | 4. TRIA admits the allegations of paragraph 4 of the Amended Counterclaims. |
| 12 | 5. TRIA lacks sufficient knowledge or information to admit or deny the allegations |
| 13 | of paragraph 5 of the Amended Counterclaims. |
| 14 | **Jurisdiction** |
| 15 | 6. TRIA admits that, in its Amended Counterclaims, Radiancy has made allegations |
| 16 | that invoke the jurisdiction of this court, but otherwise lacks sufficient knowledge or |
| 17 | information to form a belief as to the truth of the remaining allegations in paragraph 6 of the |
| 18 | Amended Counterclaims and therefore denies them. |
| 19 | 7. TRIA stipulates to the personal jurisdiction of this Court over TRIA. |
| 20 | 8. TRIA denies that Radiancy is entitled to damages in any amount, including an |
| 21 | amount in excess of $75,000.00. TRIA lacks sufficient knowledge or information to admit or |
| 22 | deny the remaining allegations of paragraph 8 of the Amended Counterclaims. |
| 23 | 9. TRIA admits that Ms. Kardashian has contracted to do business with TRIA, a |
| 24 | corporation with its principal place of business in California. TRIA lacks sufficient knowledge |
| 25 | or information to admit or deny the remaining allegations of paragraph 9 of the Amended |
| 26 | Counterclaims. |
| 27 | /// |
| 28 | /// |

10.     TRIA stipulates that this District is the proper venue with regard to the Amended Counterclaims.

11.     TRIA lacks sufficient knowledge or information to admit or deny the allegations of paragraph 11 of the Amended Counterclaims.

**Intradistrict Assignment**

12.     TRIA denies that any "events or omissions" occurred in this, or any other, judicial District that would have given rise to any of the asserted Amended Counterclaims. TRIA notes that, as a result of Radiancy's filing of its Declination To Proceed Before A Magistrate Judge And Request For Reassignment To A United States District Judge, this action has been reassigned to the San Francisco Division. TRIA stipulates that such assignment is proper under Civil L.R. § 3-2(c).

**Facts Common To All Claims For Relief[1]**

13.     TRIA admits the allegations of paragraph 13 of the Amended Counterclaims.

14.     TRIA lacks knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 14 of the Amended Counterclaims, but will stipulate to such facts.

15.     TRIA admits the allegations of paragraph 15 of the Amended Counterclaims insofar as they concern the United States market. TRIA avers that it also sells its blue-light device for the treatment of acne separately, as the TRIA Clarifying Blue Light, and it currently sells its three-step dermatological regime under the name TRIA Skin Perfecting System.

16.     TRIA admits the allegations of paragraph 16 of the Amended Counterclaims.

17.     TRIA admits that the TRIA Skin Perfecting System is a three-step treatment regime, but avers that the product names listed in paragraph 17 are not those currently used; the three-step regime currently comprises Skin Perfecting Foam Cleanser, Skin Perfecting Blue Light, and Skin Perfecting Serum. TRIA otherwise admits the allegations of paragraph 17 of

---

[1] The subheadings contained in the corresponding portion of the Amended Counterclaims are matters of opinion and/or conclusions of law (as opposed to allegations of fact), such that no response is required of TRIA. To the extent that such subheadings purport to state allegations of fact, TRIA denies them.

the Amended Counterclaims.

18.  TRIA denies that the TRIA Clarifying Blue Light is a "laser medical device" or is regulated as such by the United States Food and Drug Administration ("FDA"), but admits the remaining allegations of paragraph 18 of the Amended Counterclaims.

19.  TRIA avers that the Internet web site located at the URL www.trytrialaser.com and the call centers associated with the toll-free telephone numbers referenced in paragraph 19 of the Amended Counterclaims are not owned or operated by TRIA.  TRIA lacks sufficient knowledge or information to form a belief as to whether the TRIA Laser Hair Removal System is still sold in spas or dermatologists' offices.  TRIA admits the remaining allegations of paragraph 19.

20.  TRIA admits that it distributes the TRIA Skin Perfecting System nationally and that it does so, *inter alia*, using a toll-free telephone number, but avers that the number referenced in paragraph 20 is not the number currently used.  TRIA further avers that the Internet web site located at the URL www.trytriablue.com and the call center associated with the toll-free telephone number advertised on that site are not owned or operated by TRIA.  TRIA admits the remaining allegations of paragraph 20 of the Amended Counterclaims.

21.  TRIA admits the allegations of paragraph 21 of the Amended Counterclaims.

22.  TRIA admits that, in its advertising for the TRIA Laser Hair Removal System, it has used the phrase "permanent hair removal," but denies any characterization of that phrase by Radiancy and denies the remaining allegations of paragraph 22 of the Complaint.

23.  TRIA admits that the quoted words and phrases have been used on the Internet web site and page referenced in paragraph 23 of the Amended Counterclaims, but denies any characterization of the words and phrases by Radiancy and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said site or page.

24.  TRIA admits that the quoted words and phrases have been used on the Internet web site and page referenced in paragraph 24 of the Amended Counterclaims, but denies any characterization of the words and phrases by Radiancy and lacks knowledge or information

1     sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited

2     said site or page.

3           25.      TRIA admits that the quoted words and phrases have been used in TRIA's

4     packaging, but denies any characterization of the words and phrases by Radiancy.

5           26.      TRIA admits that the quoted words and phrases have been used in a so-called

6     "infomercial" sponsored by TRIA, but denies any characterization of the infomercial and those

7     words and phrases by Radiancy.

8           27.      TRIA admits that the quoted words and phrases have been used in an infomercial

9     sponsored by TRIA, but denies any characterization of the infomercial by Radiancy and those

10     words and phrases.

11           28.      TRIA admits that the quoted words and phrases have been used in an infomercial

12     sponsored by TRIA, but denies any characterization of the infomercial by Radiancy and those

13     words and phrases.

14           29.      TRIA lacks knowledge or information at this time to confirm that the quoted

15     phrase "[f]ree yourself from a lifetime of shaving and waxing without one trip to the doctor's

16     office or spa with our professional-grade, at-home Hair Removal Laser" has been used on the

17     Internet web sites and pages referenced in paragraph 29 of the Amended Counterclaims. TRIA

18     admits that the remaining quoted words and phrases have been used on the Internet web sites

19     and pages referenced in paragraph 29 of the Amended Counterclaims, but denies any

20     characterization of the words and phrases by Radiancy and lacks knowledge or information

21     sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited

22     said sites or pages.

23           30.      TRIA admits that the quoted words and phrases have been used on TRIA's

24     "Facebook" page on the Internet, but denies any characterization of the words and phrases by

25     Radiancy and lacks knowledge or information sufficient to form a belief as to the truth of the

26     allegation regarding when Radiancy last visited said page.

27           31.      TRIA admits that the quoted words and phrases have been used on TRIA's

28     "Twitter" page on the Internet and in "tweets," but denies any characterization of the words and

1  phrases by Radiancy and lacks knowledge or information sufficient to form a belief as to the

2  truth of the allegation regarding when Radiancy last visited said page.

3  32.  TRIA admits that the quoted words and phrases attributed to TRIA's

4  "Instructions for Use" ("IFU") for the TRIA Laser Hair Removal System have been used in said

5  IFU, but denies any characterization of those words and phrases by Radiancy and any

6  "contradiction" between those words and phrases and TRIA's advertising.  With respect to the

7  words and phrases attributed to "the publicly available FDA clearance letter for TRIA Hair,"

8  TRIA admits that those words and phrases appear in a letter from the FDA dated December 23,

9  2009, that updated a previously-granted clearance for TRIA's Laser Hair Removal System as an

10  over-the-counter ("OTC") medical device in Class II.  TRIA avers that any characterization or

11  interpretation of said letter or clearance by Radiancy, as well as any comparison by Radiancy

12  between said letter or clearance and any advertising by TRIA, constitute a matter of opinion

13  and/or conclusions of law within the primary jurisdiction of the FDA (as opposed to allegations

14  of fact), such that no response is required of TRIA.  To the extent that any such characterization,

15  interpretation, or comparison purports to state allegations of fact, TRIA denies them.

16  33.  TRIA avers that the publications referenced in paragraph 33 of the Amended

17  Counterclaims speak for themselves and denies any characterization of those publications by

18  Radiancy.

19  34.  TRIA avers that the published study referenced in paragraph 34 of the Amended

20  Counterclaims speaks for itself and denies any characterization of the study by Radiancy.

21  35.  TRIA denies the allegations of paragraph 35 of the Amended Counterclaims.

22  36.  TRIA denies the allegations of paragraph 36 of the Amended Counterclaims.

23  37.  TRIA admits that the quoted words and phrases have been used in an on-air QVC

24  presentation and that such presentation was, for a period of time, available on the Internet web

25  site and page referenced in paragraph 37 of the Amended Counterclaims, but denies any

26  characterization of those words and phrases by Radiancy.  TRIA denies that said QVC

27  presentation was first aired in or around October 2009.  TRIA avers, upon information and

28  belief, that the QVC presentation was first aired in or around June 2009, but was not aired

1 during October 2009.

2 38. TRIA admits that the quoted words and phrases and the referenced images have

3 been used in an infomercial sponsored by TRIA, but denies any characterization of those words,

4 phrases, and images by Radiancy.

5 39. TRIA admits that the quoted words and phrases, including the referenced

6 description of Dr. Bernstein, have been used in an infomercial sponsored by TRIA, but denies

7 any characterization of those words and phrases by Radiancy.

8 40. TRIA avers that the allegations of paragraph 40 of the Amended Counterclaims

9 are matters of opinion and/or conclusions of law within the primary jurisdiction of the FDA (as

10 opposed to allegations of fact), such that no response is required of TRIA. To the extent that

11 paragraph 40 purports to state allegations of fact, TRIA lacks knowledge or information

12 sufficient to form a belief as to the truth of those allegations, and therefore denies them.

13 41. TRIA admits that, by letter dated December 23, 2009, FDA updated a previously

14 granted clearance for TRIA's Laser Hair Removal System as an over-the-counter ("OTC")

15 medical device in Class II and that said clearance includes the quoted indications. TRIA avers

16 that any characterization or interpretation of said letter or clearance by Radiancy constitutes a

17 matter of opinion and/or conclusions of law within the primary jurisdiction of the FDA (as

18 opposed to allegations of fact), such that no response is required of TRIA. To the extent that

19 any such characterization or interpretation purports to state allegations of fact, TRIA denies

20 them.

21 42. TRIA admits that the quoted words and phrases have been used in an infomercial

22 sponsored by TRIA, but denies any characterization of those words and phrases and avers that

23 the remaining allegations of paragraph 42 of the Amended Counterclaims are matters of opinion

24 and/or conclusions of law (as opposed to allegations of fact), such that no response is required

25 of TRIA. To the extent that said remaining allegations of paragraph 42 purport to state

26 allegations of fact, TRIA lacks knowledge or information sufficient to form a belief as to the

27 truth of those allegations, and therefore denies them.

28

43.     TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 43 of the Amended Counterclaims, but denies any characterization of the words and phrases by Radiancy and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said sites or pages.

44.     TRIA denies the allegations of paragraph 44 of the Amended Counterclaims.

45.     TRIA admits that the quoted words and phrases have been used in TRIA's packaging, but denies any characterization of the words and phrases by Radiancy.

46.     TRIA admits that the quoted words and phrases have been used in TRIA's packaging, but denies any characterization of the words and phrases by Radiancy.

47.     TRIA admits that the quoted words and phrases have been used in TRIA's packaging and IFU, but denies any characterization of the words and phrases by Radiancy.

48.     TRIA admits that published articles have included information regarding the proper and indicated use of the TRIA Laser Hair Removal Device, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the specific published articles referenced (but not identified) by Radiancy, and denies any characterization of any published articles, which speak for themselves.

49.     TRIA avers that the allegations of paragraph 49 of the Amended Counterclaims are matters of opinion and/or conclusions of law (as opposed to allegations of fact), such that no response is required of TRIA. To the extent that paragraph 44 purports to state allegations of fact, TRIA denies them.

50.     TRIA avers that the allegations of paragraph 50 of the Amended Counterclaims are matters of opinion and/or conclusions of law (as opposed to allegations of fact), such that no response is required of TRIA. To the extent that paragraph 50 purports to state allegations of fact, TRIA denies them.

51.     TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 51 of the Amended Counterclaims, but denies any characterization of the words and phrases by Radiancy.

52.     TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of the infomercial by Radiancy and those words and phrases.

53.     TRIA admits that the quoted words and phrases and the referenced images have been used in an infomercial sponsored by TRIA, but denies any characterization of those words, phrases, and images by Radiancy.

54.     TRIA admits that the quoted words and phrases and the referenced images have been used in an infomercial sponsored by TRIA, but denies any characterization of those words, phrases, and images by Radiancy.

55.     TRIA avers that the allegations of paragraph 55 of the Amended Counterclaims are matters of opinion and/or conclusions of law (as opposed to allegations of fact), such that no response is required of TRIA.  To the extent that paragraph 55 purports to state allegations of fact, TRIA denies them.

56.     TRIA avers that the allegations of paragraph 56 of the Amended Counterclaims are matters of opinion and/or conclusions of law (as opposed to allegations of fact), such that no response is required of TRIA.  To the extent that paragraph 56 purports to state allegations of fact, TRIA denies them.

57.     TRIA avers that the allegations of paragraph 57 of the Amended Counterclaims are matters of opinion and/or conclusions of law (as opposed to allegations of fact), such that no response is required of TRIA.  To the extent that paragraph 57 purports to state allegations of fact, TRIA denies them.

58.     TRIA denies the allegations of paragraph 58 of the Amended Counterclaims.

59.     TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 59 of the Amended Counterclaims, but denies any characterization of the words and phrases by Radiancy.

60.     TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 60 of the Amended Counterclaims, but denies any characterization of the words and phrases by Radiancy.

61.     TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy.

62.     Assuming the study referenced in paragraph 62 of the Amended Counterclaims is the same study referenced in paragraph 34, TRIA avers that said study speaks for itself, and TRIA denies any characterization of the study by Radiancy.

63.     TRIA avers that the one article identified in paragraph 63 of the Amended Counterclaims speaks for itself, and TRIA denies any characterization of the article by Radiancy.  TRIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding any other articles referenced (but not identified) by Radiancy, and therefore denies them.

64.     TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy.

65.     TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 65 of the Amended Counterclaims, including on TRIA's "Facebook" page, but denies any characterization of the words and phrases by Radiancy.

66.     TRIA lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding "[t]hese claims," which are not otherwise identified, and therefore denies such allegations.  TRIA lacks knowledge or information sufficient to form a belief as to whether the quoted words and phrases have been used in an on-air QVC presentation and denies any characterization of those words and phrases by Radiancy.

67.     Upon information and belief, TRIA admits that the TRIA Laser Hair Removal System is not the only laser hair removal device cleared by FDA for at home use.  Upon information and belief, TRIA denies that the specific device identified by Radiancy in paragraph 67 of the Amended Counterclaims, namely, the "Flash N' Go device by Home Skinovations, Ltd.," is a laser hair removal device.  TRIA lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding any clearance of said device by FDA and avers that any characterization or interpretation of such clearance by Radiancy constitutes a matter of

opinion and/or conclusions of law within the primary jurisdiction of the FDA (as opposed to allegations of fact), such that no response is required of TRIA. TRIA denies any and all of the remaining allegations of paragraph 67 of the Amended Counterclaims.

68.     TRIA admits that, by letter dated February 1, 2008, FDA granted clearance for TRIA's Laser Hair Removal System as an over-the-counter ("OTC") medical device in Class II for at-home hair removal. TRIA avers, upon information and belief, that the other device identified in paragraph 68 of the Amended Counterclaims, namely, the "ABC Hair Removal System by Palomar Technologies," has never been marketed in the United States. TRIA lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding any clearance of said other device and avers that any characterization or interpretation of such clearance by Radiancy constitutes a matter of opinion and/or conclusion of law within the primary jurisdiction of the FDA (as opposed to allegations of fact), such that no response is required of TRIA. To the extent that any such characterization or interpretation purports to state allegations of fact, TRIA denies them. TRIA denies any and all of the remaining allegations of paragraph 68 of the Amended Counterclaims.

69.     TRIA admits the allegations of paragraph 69 of the Amended Counterclaims.

70.     TRIA admits that Ms. Kardashian has promoted TRIA's Laser Hair Removal System on talk shows, in interviews, and in her Twitter feed. TRIA denies the remaining allegations of paragraph 70 of the Amended Counterclaims.

71.     TRIA admits that Ms. Kardashian appeared on "The Early Show" and used the quoted term referenced in paragraph 71 of the Amended Counterclaims, but denies any characterization by Radiancy of that phrase, and denies the remainder of the allegations contained in paragraph 71 of the Amended Counterclaims.

72.     TRIA admits that Ms. Kardashian appeared on the Rachael Ray show and used the quoted phrase referenced in paragraph 72 of the Amended Counterclaims, but denies any characterization of that phrase by Radiancy.

73.     TRIA admits that Ms. Kardashian appeared on the Rachael Ray show and used the quoted phrase referenced in paragraph 73 of the Amended Counterclaims, but denies any

characterization by Radiancy of that phrase, and denies the remainder of the allegations contained in paragraph 73 of the Amended Counterclaims.

74. TRIA admits that Ms. Kardashian appeared on the Wendy Williams show and used the quoted phrase referenced in paragraph 74 of the Amended Counterclaims, but denies any characterization of that phrase by Radiancy, and denies the remainder of the allegations contained in paragraph 74 of the Amended Counterclaims.

75. TRIA admits that Ms. Kardashian appeared on the Wendy Williams show and used the quoted phrase referenced in paragraph 75 of the Amended Counterclaims, but denies any characterization of that phrase by Radiancy, and denies the remainder of the allegations contained in paragraph 75 of the Amended Counterclaims.

76. TRIA admits that Ms. Kardashian appeared on the Wendy Williams show and used the quoted phrase referenced in paragraph 76 of the Amended Counterclaims, but denies any characterization by Radiancy of that phrase, and denies the remainder of the allegations contained in paragraph 76 of the Amended Counterclaims.

77. TRIA admits that the TRIA Laser Hair Removal System was cleared by the FDA under section 510(k) of the Food, Drug, and Cosmetics Act, and admits that Ms. Kardashian appeared on Fox News and used the quoted phrase referenced in paragraph 77 of the Amended Counterclaims, but denies any characterization by Radiancy of that phrase, and denies the remainder of the allegations contained in paragraph 77 of the Amended Counterclaims.

78. TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 78 of the Amended Counterclaims, but lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said sites or pages.

79. TRIA denies the allegations of paragraph 79 of the Amended Counterclaims.

80. TRIA denies the allegations of paragraph 80 of the Amended Counterclaims.

81. TRIA admits that Ms. Kardashian appeared on the Wendy Williams show and used the quoted phrase referenced in paragraph 81 of the Amended Counterclaims, but denies

any characterization by Radiancy of that phrase, and denies the remainder of the allegations contained in paragraph 81 of the Amended Counterclaims.

82.     TRIA admits that the quoted words and phrases appear in the IFU for the TRIA Laser Hair Removal System, but denies the remainder of the allegations contained in paragraph 82 of the Amended Counterclaims.

83.     TRIA admits that the quoted words and phrases appear on TRIA's website or were posted to Ms. Kardashian's Twitter feed, but denies any characterization by Radiancy of those words and phrases and denies the remainder of the allegations contained in paragraph 83 of the Amended Counterclaims.

84.     TRIA denies the allegations of paragraph 84 of the Amended Counterclaims.

85.     TRIA denies the allegations of paragraph 85 of the Amended Counterclaims.

86.     TRIA denies the allegations of paragraph 86 of the Amended Counterclaims.

87.     TRIA admits that TRIA's Facebook page at one time contained a link to a video of Ms. Kardashian's appearance on the Wendy Williams show and that the quoted words and phrase appeared on TRIA's "Facebook" page, but denies any characterization by Radiancy of those words and phrases, denies the remainder of the allegations contained in paragraph 87 of the Amended Counterclaims, and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said site or page.

88.     TRIA admits that the quoted words and phrases appeared on TRIA's Facebook page, but denies any characterization of the words and phrases by Radiancy, and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said site or page.

89.     TRIA denies the allegations of paragraph 89 of the Amended Counterclaims.

90.     TRIA denies the allegations of paragraph 90 of the Amended Counterclaims.

91.     TRIA admits that the quoted words and phrases were used in a press release dated April 5, 2010, and that said press release is stored on the referenced Internet web site and page, but denies any characterization of the words and phrases by Radiancy and lacks

knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said site or page.

92. TRIA admits that the quoted words and phrases were used in a press release dated April 5, 2010, and that said press release is stored on the referenced Internet web site and page, but denies any characterization of the words and phrases by Radiancy.

93. TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 93 of the Amended Counterclaims, but denies any characterization of the words and phrases by Radiancy and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said sites or pages.

94. TRIA admits that the quoted words and phrases and the referenced images have been used in an infomercial sponsored by TRIA, but denies any characterization of those words, phrases, and images by Radiancy.

95. TRIA admits that the quoted words and phrases have been used in a brochure distributed by TRIA, but denies any characterization of those words and phrases by Radiancy.

96. TRIA denies the allegations of paragraph 96 of the Amended Counterclaims.

97. TRIA avers that the articles referenced in paragraph 97 of the Amended Counterclaims speak for themselves and denies any characterization of those articles by Radiancy.

98. TRIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 of the Amended Counterclaims regarding the unidentified "study" referenced therein, and therefore denies them.

99. TRIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 of the Amended Counterclaims regarding the unidentified "other published articles and studies" referenced therein, and therefore denies them.

100. TRIA denies the allegations of paragraph 100 of the Amended Counterclaims.

101. TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 101 of the Amended Counterclaims, but denies any

characterization of the words and phrases by Radiancy and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said sites or pages.

102. TRIA admits that the quoted words and phrases and the referenced images have been used in an infomercial sponsored by TRIA, but denies any characterization of those words, phrases, and images by Radiancy.

103. TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy.

104. TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy.

105. TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy.

106. TRIA lacks knowledge or information sufficient to form a belief as to whether the quoted words and phrases have been used in an on-air QVC presentation, denies any characterization of those words and phrases by Radiancy, denies that such presentation is available on the Internet web site and page referenced in paragraph 106 of the Amended Counterclaims, and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said site or page.

107. TRIA denies the allegations of paragraph 107 of the Amended Counterclaims.

108. Upon information and belief, TRIA admits that the professional blue-light device that was featured in the referenced infomercial sponsored by TRIA is capable of treating the entire face at once, if used for a sufficient amount of time. TRIA denies that this contrasts with the TRIA Clarifying Blue Light and denies any remaining allegations of paragraph 108 of the Amended Counterclaims.

109. TRIA admits that the referenced infomercial sponsored by TRIA depicts a method of using the TRIA Clarifying Blue Light generally corresponding to what Radiancy characterizes as "running the device over [the] face," but denies any characterization of those images or that method of use by Radiancy and denies the remaining allegations of paragraph

109 of the Amended Counterclaims.

110. TRIA denies the allegations of paragraph 110 of the Amended Counterclaims.

111. TRIA admits the existence of the article concerning the ClearLight Therapy System referenced in paragraph 111 of the Amended Counterclaims, which article speaks for itself. TRIA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 111 of the Amended Counterclaims regarding the ClearLight Therapy System or the allegations regarding Radiancy's measurements of the power density of the TRIA Clarifying Blue Light, and therefore denies them. TRIA denies the remaining allegations of paragraph 111 of the Amended Counterclaims.

112. TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 112 of the Amended Counterclaims, but denies any characterization of the words and phrases by Radiancy and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said sites or pages.

113. TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy.

114. TRIA denies the allegations of paragraph 114 of the Amended Counterclaims.

115. TRIA admits the existence of the article concerning the OmniLux clear-U device referenced in paragraph 115 of the Amended Counterclaims, which article speaks for itself. TRIA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 115 of the Amended Counterclaims regarding the OmniLux clear-U device or Radiancy's purchase or testing of the TRIA Clarifying Blue Light, and therefore denies them.

116. TRIA admits the existence of the article concerning the OmniLux clear-U device referenced in paragraph 115 of the Amended Counterclaims, which article speaks for itself. TRIA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 116 of the Amended Counterclaims regarding the OmniLux clear-U device or Radiancy's purchase or testing of the TRIA Clarifying Blue Light, and therefore

denies them. TRIA denies the remaining allegations of paragraph 116 of the Amended Counterclaims.

117. TRIA admits that the quoted words and phrases have been used on the Internet web sites and pages referenced in paragraph 117 of the Amended Counterclaims, but denies any characterization of the words and phrases by Radiancy and lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when Radiancy last visited said sites or pages.

118. TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy and denies the remaining allegations of paragraph 118 of the Amended Counterclaims.

119. TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy.

120. TRIA admits that the quoted words and phrases have been used in an on-air QVC presentation, but denies any characterization of those words and phrases by Radiancy.

121. TRIA denies the allegations of paragraph 121 of the Amended Counterclaims.

122. TRIA admits that, in words or substance, it has claimed in advertising that the blue-light therapy provided by the TRIA Skin Clarifying System kills *p. acnes* bacteria, but denies any characterization of such advertising claim by Radiancy. TRIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 122 of the Amended Counterclaims regarding the unidentified "studies" referenced therein, and therefore denies them.

123. TRIA denies the allegations of paragraph 123 of the Amended Counterclaims.

124. TRIA denies the allegations of paragraph 124 of the Amended Counterclaims.

125. TRIA admits that the quoted words and phrases have been used in an infomercial sponsored by TRIA, but denies any characterization of those words and phrases by Radiancy.

126. TRIA admits that it has received FDA clearance for the TRIA Blue Light, but denies the remaining allegations of paragraph 126 of the Amended Counterclaims.

127. TRIA denies the allegations of paragraph 127 of the Amended Counterclaims.

| | |
|---|---|
| 1 | 128.   TRIA denies the allegations of paragraph 128 of the Amended Counterclaims. |
| 2 | **Count I** |
| 3 | 129.   TRIA incorporates by reference and re-alleges its answer to the allegations of |
| 4 | paragraphs 1 through 128 of the Amended Counterclaims. |
| 5 | 130.   TRIA denies the allegations of paragraph 130 of the Amended Counterclaims. |
| 6 | 131.   TRIA denies the allegations of paragraph 131 of the Amended Counterclaims. |
| 7 | 132.   TRIA denies the allegations of paragraph 132 of the Amended Counterclaims. |
| 8 | 133.   TRIA denies the allegations of paragraph 133 of the Amended Counterclaims. |
| 9 | 134.   TRIA denies the allegations of paragraph 134 of the Amended Counterclaims. |
| 10 | 135.   TRIA denies the allegations of paragraph 135 of the Amended Counterclaims. |
| 11 | 136.   TRIA denies the allegations of paragraph 136 of the Amended Counterclaims. |
| 12 | **Count II** |
| 13 | 137.   TRIA incorporates by reference and re-alleges its answer to the allegations of |
| 14 | paragraphs 1 through 136 of the Amended Counterclaims. |
| 15 | 138.   TRIA denies the allegations of paragraph 138 of the Amended Counterclaims. |
| 16 | 139.   TRIA denies the allegations of paragraph 139 of the Amended Counterclaims. |
| 17 | 140.   TRIA denies the allegations of paragraph 140 of the Amended Counterclaims. |
| 18 | 141.   TRIA denies the allegations of paragraph 141 of the Amended Counterclaims. |
| 19 | **Count III** |
| 20 | 142.   TRIA incorporates by reference and re-alleges its answer to the allegations of |
| 21 | paragraphs 1 through 141 of the Amended Counterclaims. |
| 22 | 143.   TRIA denies the allegations of paragraph 143 of the Amended Counterclaims. |
| 23 | 144.   TRIA denies the allegations of paragraph 144 of the Amended Counterclaims. |
| 24 | 145.   TRIA denies the allegations of paragraph 145 of the Amended Counterclaims. |
| 25 | 146.   TRIA denies the allegations of paragraph 146 of the Amended Counterclaims. |
| 26 | 147.   TRIA denies the allegations of paragraph 147 of the Amended Counterclaims. |
| 27 | 148.   TRIA denies the allegations of paragraph 148 of the Amended Counterclaims. |
| 28 | 149.   TRIA denies the allegations of paragraph 149 of the Amended Counterclaims. |

| | |
|---|---|
| 1 | 150.    TRIA denies the allegations of paragraph 150 of the Amended Counterclaims. |
| 2 | 151.    TRIA denies the allegations of paragraph 151 of the Amended Counterclaims. |

1      150.    TRIA denies the allegations of paragraph 150 of the Amended Counterclaims.

2      151.    TRIA denies the allegations of paragraph 151 of the Amended Counterclaims.

3 **Count IV**

4      152.    TRIA incorporates by reference and re-alleges its answer to the allegations of

5 paragraphs 1 through 151 of the Amended Counterclaims.

6      153.    TRIA denies the allegations of paragraph 153 of the Amended Counterclaims.

7      154.    TRIA lacks knowledge or information sufficient to form a belief as to the truth of

8 the allegations of paragraph 154 of the Amended Counterclaims.

9      155.    TRIA denies the allegations of paragraph 155 of the Amended Counterclaims.

10      156.    TRIA denies the allegations of paragraph 156 of the Amended Counterclaims.

11      157.    TRIA denies the allegations of paragraph 157 of the Amended Counterclaims.

12 **Count V**

13      158.    TRIA incorporates by reference and re-alleges its answer to the allegations of

14 paragraphs 1 through 157 of the Amended Counterclaims.

15      159.    TRIA denies the allegations of paragraph 159 of the Amended Counterclaims.

16      160.    TRIA lacks knowledge or information sufficient to form a belief as to the truth of

17 the allegations of paragraph 160 of the Amended Counterclaims regarding Radiancy's

18 investment in developing the no!no! marks. TRIA denies the remaining allegations of

19 paragraph 160 of the Amended Counterclaims.

20      161.    TRIA denies the allegations of paragraph 161 of the Amended Counterclaims.

21 **FIRST AFFIRMATIVE DEFENSE**

22      The allegations and claims in the Amended Counterclaims, in whole or in part, fail to

23 state a claim upon which relief may be granted.

24 **SECOND AFFIRMATIVE DEFENSE**

25      The allegations and claims in the Amended Counterclaims are barred, in whole or in

26 part, by Radiancy's unclean hands.

27 **THIRD AFFIRMATIVE DEFENSE**

28      The allegations and claims in the Amended Counterclaims are barred, in whole or in

part, by the doctrines of laches, waiver, and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The allegations and claims in the Amended Counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The allegations and claims in the Amended Counterclaims are barred, in whole or in part, because Radiancy's Counterclaims have been filed for an improper purpose and lack a reasonable good faith basis in fact.

## SIXTH AFFIRMATIVE DEFENSE

The allegations and claims in the Amended Counterclaims are barred to the extent they are preempted by federal law.

## SEVENTH AFFIRMATIVE DEFENSE

The allegations and claims in the Amended Counterclaims are barred to the extent they fall within the primary jurisdiction of the FDA and/or other federal agencies.

## EIGHTH AFFIRMATIVE DEFENSE

The claims for damages in the Amended Counterclaims are barred, in whole or in part, because they are too remote and/or speculative.

## NINTH AFFIRMATIVE DEFENSE

TRIA reserves the right to rely on all matters constituting an avoidance or defense pursuant to Rule 8(c) of the Federal Rules of Civil Procedure or otherwise to the extent that such defenses are supported by information developed through discovery.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief for which TRIA has prayed in its Complaint, TRIA seeks relief as follows:

A.      That the Court render judgment in favor of TRIA on each of the claims and Counts set forth in the Amended Counterclaims;

B.      That the Court direct that Radiancy pay TRIA the costs and reasonable attorneys' fees incurred by TRIA in defense of the Amended Counterclaims; and

1    C.    That the Court grant TRIA such other and further relief as the Court may deem

2    just and proper.

3

4    September 20, 2011                    Respectfully submitted,

5

6                                         By  */s/  Peter M. Brody*

7                                             Peter M. Brody

8                                             ROPES & GRAY LLP

9                                             Attorneys for Plaintiff/Counter-defendant
                                              TRIA BEAUTY, INC.