UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRIA BEAUTY, INC.,<br>        Plaintiff,<br><br>        vs.<br><br>RADIANCY, INC.,<br>        Defendant.<br>_____<br>RADIANCY, INC.,<br>        Counterclaim Plaintiff,<br><br>        vs.<br><br>TRIA BEAUTY, INC.,<br>        Counterclaim Defendant,<br><br>        and<br><br>KIMBERLY KARDASHIAN,<br>        Counterclaim Defendant. | CASE NO. CV-10-5030 RS (NJV)<br><br><br>**[PROPOSED] PROTECTIVE ORDER** |

1    **Proceedings and Information Governed.**

2        1.     This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c) and governs

3 any Discovery Materials designated as Confidential or Confidential Attorneys' Eyes Only, as

4 those terms are defined below, furnished by Plaintiff , Defendant, or Counter-Defendant (each

5 hereinafter a "Party") to any other Party in the above styled and numbered case (the

6 "Litigation"). This Protective Order further applies to any non-party ("Third Party") who

7 produces documents or things in connection with this Litigation regardless of whether such

8 production is made pursuant to subpoena.

9 **Definitions.**

10        2.     (a) "Discovery Materials" means anything produced or provided by any Party to

11 another Party or by any Third Party to a Party in this Litigation, including, but not limited to,

12 documents, things, deposition testimony, responses to interrogatories, responses to requests for

13 admission, responses to requests for production of documents, deposition transcripts and videos,

14 deposition exhibits, and other writings or things produced, given, served, or filed in this

15 Litigation, as well as any information extracted from Discovery Materials, including, but not

16 limited to, copies, excerpts, abstracts, compilations, analyses, summaries, descriptions,

17 testimony, conversations, or pre-trial presentations by a Party or its counsel to or in court or in

18 other settings that might reveal Discovery Materials to unauthorized persons, as well as all other

19 forms of information containing, reflecting, or disclosing such information.

20        (b)     "Producing Party" or "Designating Party" means a Party to this Litigation, or any

21 Third Party, on behalf of which documents, things, or information are furnished, produced, or

22 disclosed, whether voluntarily or in response to a request for discovery or by court order, during

23 the course of this Litigation.

24        (c)     "Receiving Party" means a Party to which documents, things, or information are

25 furnished, disclosed, or produced during the course of this Litigation.

26        (d)     A designation of "Confidential" shall mean that the Discovery Material so

27 designated includes, discloses, or comprises, in whole or in part, trade secrets or commercial

28

1    information that is not publicly known and is of technical or commercial advantage to its

2    possessor, or other information required by law or agreement to be kept confidential.

3        (e)    A designation of "Confidential Attorneys' Eyes Only" or "Highly Confidential"

4    shall mean that the Discovery Material so designated includes, discloses, or comprises, in whole

5    or in part, information that the Producing Party deems especially sensitive, which may include,

6    but is not limited to, confidential research and development, financial, technical, marketing, or

7    any other sensitive or trade secret information.

8        (f)    "In-House Counsel" means attorneys (and their support staffs, including

9    paralegals, legal secretaries, data entry clerks, legal clerks) who are employees of a Party.

10       (g)    "Outside Counsel" means attorneys (and their support staffs, including

11   paralegals, legal secretaries, data entry clerks, legal clerks) who are not employees of a Party but

12   who are retained to represent or advise a Party in this action.

13       (h)    "Counsel" (without qualifier) means Outside Counsel and In-House Counsel.

14       (i)    "Expert" is a person with scientific, technical, or other specialized knowledge,

15   skill, experience, training, or education in a matter pertinent to the action who has been (1)

16   retained or specially employed by a Party or its Counsel to provide expert testimony at trial, or

17   (2) retained or specially employed by a Party or its Counsel in anticipation of litigation or to

18   prepare for trial and who is not expected to be called as a witness at trial.  This definition

19   includes a professional jury or trial consultant retained in connection with this action.  No

20   Party's Expert, however, may be (A) currently employed or under contract with the retaining

21   Party, or (B) currently employed or under contract with a competitor who currently does or

22   plans to design, manufacture, distribute, or sell one or more light- or heat-based hair removal

23   products or acne treatment products; without prior approval by the opposing Party, and said

24   approval shall not be unreasonably delayed or withheld.

25       (j)    "Litigation Support Vendors" are persons or entities retained by a Party or its

26   Counsel to provide litigation support services (*e.g.*, photocopying, videotaping, translating,

27   hosting, processing, mediation creation, preparing and supporting exhibits or demonstrations,

28   organizing, storing, retrieving data in any form or medium, document coding, image scanning,

1    couriering and delivery services, serving process, court reporting, etc.) and their employees and

2    subcontractors. No Party's Litigation Support Vendor, however, may be a current or former

3    employee of any Party, or of a competitor who designs, manufactures, distributes, or sells light

4    or heat based hair removal products or acne treatment products.

5          (k)    "Protected Health Information" or "PHI" shall have the same scope and

6    definition as set forth in 45 CFR 160.103 and 160.501 (regardless of whether any party

7    constitutes a covered entity under 45 CFR 160.103), including, but not limited to, health

8    information, including demographic information, relating to either (i) the past, present or future

9    physical condition of an individual, (ii) the provision of care to an individual, or (iii) the

10   payment for care provided to an individual, which identifies the individual or which reasonably

11   could be expected to identify the individual.

12   **Designation and Maintenance of Information.**

13         3.     Confidential and Confidential Attorneys' Eyes Only information does not

14   include, and this Protective Order does not apply to (1) information that is already lawfully in

15   the knowledge or possession of the Receiving Party, unless that Party is already bound by

16   agreement not to disclose such information, or (2) information that has been disclosed to the

17   public or third persons in a manner making such information no longer confidential.

18         4.     Discovery Materials produced during the course of this Litigation within the

19   scope of paragraph 2(d) above may be designated by the Producing Party as containing

20   Confidential information by placing on each page and each thing a legend substantially as

21   follows:

22   **"CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"**

23   In the event that a Party chooses to produce documents in native format, the designation under

24   this section may be made by (1) producing the documents in a database and including the

25   designation in a separate database field, (2) affixing a label to the media on which the native

26   documents are being produced, (3) including the designation in the native document's file name,

27   or (4) providing notice of such designation by any other means agreed to in writing by both the

28   Receiving Party and the Producing Party. To the extent a Receiving Party intends to use a

1   document produced in native format for depositions, pleadings, trial, or for any other purpose

2   where the identification of individual pages is necessary, that Party shall number the individual

3   pages of the document (such that, for example, with respect to information produced in native

4   format and marked with the bates number "227543," a Party wishing to use that information in a

5   deposition will number the individual pages as "227543.1, 227543.2, ...").

6       5.      Discovery Materials produced during the course of this Litigation within the

7   scope of paragraph 2(e) above may be designated by the Producing Party as containing

8   Confidential Attorneys' Eyes Only information by placing on each page and each thing a legend

9   substantially as follows:

10  **"CONFIDENTIAL ATTORNEYS' EYES ONLY" or "CONFIDENTIAL ATTORNEYS'**

11  **EYES ONLY SUBJECT TO PROTECTIVE ORDER"**

12  In the event that a Party chooses to produce documents in native format, the designation under

13  this section may be made by (1) producing the documents in a database and including the

14  designation in a separate database field, (2) affixing a label to the media on which the native

15  documents are being produced, (3) including the designation in the native document's file name,

16  or (4) providing notice of such designation by any other means agreed to in writing by both the

17  Receiving Party and the Producing Party. To the extent a Receiving Party intends to use a

18  document produced in native format for depositions, pleadings, trial, or for any other purpose

19  where the identification of individual pages is necessary, that Party shall number the individual

20  pages of the document (such that, for example, with respect to information produced in native

21  format and marked with the bates number "227543," a Party wishing to use that information in a

22  deposition will number the individual pages as "227543.1, 227543.2, ...").

23      6.      A Party may designate Discovery Materials disclosed at a deposition as

24  Confidential or Confidential Attorneys' Eyes Only by (a) notifying counsel for all Parties in

25  writing of such designation prior to the deposition; (b) requesting the reporter to so designate the

26  transcript or any portion of the transcript at the time of the deposition; or (c) if no such

27  designation is made prior to or at the time of the deposition, any Party will have twenty one (21)

28  calendar days after receipt of the deposition transcript to designate, in writing to the other

1   Parties and to the court reporter, whether the transcript or any portion thereof is to be designated

2   as Confidential or Confidential Attorneys' Eyes Only.  During this twenty-one (21) calendar day

3   period, the undesignated transcript or portions thereof must be treated as Confidential

4   Attorneys' Eyes Only, unless the Producing Party consents to less confidential treatment of all

5   or some of the transcript.  If no such designation is made prior to or at the time of the deposition

6   or within this twenty one (21) calendar day period, the entire deposition will be considered

7   devoid of Confidential or Confidential Attorneys' Eyes Only information.  Each Party and the

8   court reporter must attach a copy of any final and timely written designation notice to the

9   transcript and each copy of the transcript in its possession, custody or control, and the portions

10  designated in such notice must thereafter be treated in accordance with this Protective Order.

11  Counsel for a Party or non-party providing Discovery Material during a deposition may request

12  that all persons, other than persons entitled by this Protective Order to have access to the

13  information, leave the deposition room during that portion of the deposition.  Failure of any

14  person to comply with such a request will constitute sufficient justification for the witness to

15  refuse to answer the question pending resolution of the issue by the Court.

16          7.      It is the responsibility of outside counsel of record for each Party to maintain

17  materials containing Confidential or Confidential Attorneys' Eyes Only information in a secure

18  manner and appropriately identified so as to allow access to such information only to such

19  persons and under such terms as is permitted under this Protective Order.

20  **Failure to Designate or Claim Privilege.**

21          8.      (a) The failure to designate Discovery Materials in accordance with this

22  Protective Order or to withhold information, documents, or other things as subject to the

23  attorney-client privilege, the attorney work product doctrine, or other applicable immunity,

24  privilege, or exemption from discovery, will not be deemed to waive a later claim as to its

25  confidential or privileged nature.  In the case of a failure to designate Discovery Materials under

26  the Protective Order, such failure shall not preclude the Producing Party from making

27  appropriate designations at a later date in writing and with particularity.  The newly designated

28

1 information must be treated by any Receiving Party in accordance with its new designation from

2 the time the Receiving Party is notified in writing of the change.

3       (b)     If a Producing Party discloses to a Receiving Party information that is subject to

4 the attorney-client privilege, the attorney work product doctrine, or that is otherwise privileged

5 or immune from discovery, the Producing Party shall, upon learning of such disclosure, so

6 advise the Receiving Party in writing.

7       (c)     Should a Receiving Party reasonably believe that a Producing Party produced

8 privileged Discovery Materials, the Receiving Party shall promptly notify the Producing Party

9 in writing.  The Producing Party shall respond within fourteen (14) calendar days confirming the

10 privilege status of the Discovery Materials in question.

11       (d)     If a Producing Party notifies a Receiving Party that produced Discovery

12 Materials are privileged, the Receiving Party shall return all of the identified Discovery

13 Materials within fourteen (14) calendar days of receipt of the notice from the Producing Party

14 that the Discovery Materials in question are privileged.  The notice from the Producing Party

15 shall include a privilege log for the Discovery Materials in question.  No Party to this Litigation

16 shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney

17 work product, or other privilege or immunity.  The Party returning such produced Discovery

18 Materials may seek production of any such documents in accordance with the Federal Rules of

19 Civil Procedure (based on information independent of the content of the allegedly privileged

20 materials in question), but in so doing may not assert that the production by the Producing Party

21 waived any claim of attorney-client privilege, attorney work product, or other privilege or

22 immunity.  Outside counsel of record shall not be required to delete information that may reside

23 on their respective firms' electronic back-up systems that are over-written in the normal course

24 of business.

25 **Challenge to Designations.**

26       9.     A Receiving Party may challenge a Producing Party's designation of information

27 as Confidential or Confidential Attorneys' Eyes Only at any time.  Any Receiving Party

28 disagreeing with a designation may request in writing that the Producing Party change the

designation.  A Receiving Party that elects to initiate a challenge must do so in good faith and explain in writing the basis for its belief that the confidentiality designation was improper.  The Producing Party will then have fourteen (14) calendar days after receipt of a challenge notice to advise the Receiving Party whether or not it will change the designation.  If the Parties are unable to reach agreement after the expiration of this fourteen (14) calendar day time-frame, the Receiving Party may at any time thereafter seek an order to alter the confidential or privileged status of the designated information.  Until any dispute under this paragraph is ruled upon by the Court, the Producing Party's designation will remain in full force and effect, and the information will continue to be accorded the designated level of confidential treatment required by this Protective Order.  The Producing Party shall have the burden of persuading the Court that the designation of materials as Confidential or Confidential Attorneys' Eyes Only is appropriate.

**Disclosure and Use of Confidential Information.**

10.     Absent agreement in writing by the Producing Party or Order of the Court, information designated as Confidential or Confidential Attorneys' Eyes Only may only be used for purposes of preparation, trial, and appeal of this Litigation.  Upon the conclusion of this action, a Party must comply with paragraph 20 (Conclusion of Litigation), below.  This Protective Order has no effect upon and shall not apply to (a) any Producing Party's use of its own Confidential or Confidential Attorneys' Eyes Only materials for any purpose, (b) any person's use of documents or other information developed or obtained independently of discovery in this Litigation for any purpose, or (c) non-confidential documents produced in this Litigation.

11.     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a Party-client in this Litigation and, in the course thereof, relying upon such attorney's knowledge of Confidential or Confidential Attorneys' Eyes Only information; provided, however, that counsel shall not disclose the substance of Confidential or Confidential Attorneys' Eyes Only information in a manner not specifically authorized under this Protective Order.

12.     Except as prohibited by paragraph 10 above,  and unless otherwise ordered by the Court or permitted in writing by the Designating Party, disclosure of information designated **Confidential** may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) officers, directors and employees of the Receiving Party who are required in good faith to provide assistance in the conduct of this Litigation, including any settlement discussions; (b) In-House Counsel to whom disclosure is reasonably necessary for the purposes of the litigation; (c) Outside Counsel of record for the Receiving Party to whom disclosure is reasonably necessary for the purposes of this Litigation; (d)  Experts and Litigation Support Vendors to whom disclosure is reasonably necessary for this Litigation and who have first signed  the applicable "Confidentiality Agreement" (Exhibit A or B, as applicable), the signed original of which shall be maintained by the Party who retained the Expert or Litigation Support Vendor; (e) the Court and its personnel; (f) those individuals permitted under paragraphs 16 (a) and (b) for the purposes of deposition or examination at trial; provided third-party witnesses in this action and their attorneys have signed the "Confidentiality Agreement" that is attached hereto as Exhibit A (signed originals shall be marked as exhibits to the deposition and maintained in the same manner as other exhibits).  If a third-party witness or the third-party witness's attorney declines to sign the "Agreement to Be Bound by Protective Order," the parties shall promptly present the issue to a court of appropriate jurisdiction.  In the meantime, any relevant deposition shall proceed to the extent practicable, and resume upon such terms as the court orders or the Parties and third-party witness (and the third-party witness's attorney) agree.

13.     Except as prohibited by paragraph 10 above,  and unless otherwise ordered by the Court or permitted in writing by the Designating Party, disclosure of information designated **Confidential Attorneys' Eyes Only** may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) Outside Counsel of record for the Receiving Party to whom disclosure is reasonably necessary for the purposes of this Litigation; (b) Experts and Litigation Support Vendors to whom disclosure is reasonably necessary for this Litigation and who have first signed  the

1   applicable "Confidentiality Agreement" (Exhibit A or B, as applicable), the signed original of

2   which shall be maintained by the Party who retained the Expert or Litigation Support Vendor;

3   (c) the Court and its personnel; (d) those individuals permitted under paragraphs 16 (a) and (b)

4   for the purposes of deposition or examination at trial; provided third-party witnesses in this

5   action and their attorneys have signed the "Confidentiality Agreement" that is attached hereto as

6   Exhibit A (signed originals shall be marked as exhibits to the deposition and maintained in the

7   same manner as other exhibits).  If a third-party witness or the third-party witness's attorney

8   declines to sign the "Agreement to Be Bound by Protective Order," the Parties shall promptly

9   present the issue to a court of appropriate jurisdiction.  In the meantime, any relevant deposition

10  shall proceed to the extent practicable, and resume upon such terms as the court orders or the

11  Parties and third-party witness (and the third-party witness's attorney) agree.

12       14.    Outside counsel of record is responsible for the adherence by third-party vendors

13  engaged by such counsel to the terms and conditions of this Protective Order.  Outside counsel

14  of record may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form

15  attached as Exhibit B.

16       15.    A Receiving Party may disclose Confidential or Confidential Attorneys' Eyes

17  Only information to a person who is not already allowed access to such information under this

18  Protective Order if: (a) the information was previously received or authored by the person or

19  was authored or received by a director, officer, employee or agent of the company for which the

20  person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); or (b) outside counsel of record

21  for the Party designating the material agrees in writing that the material may be disclosed to the

22  person.  Disclosure of material pursuant to this paragraph does not constitute a waiver of the

23  confidential status of the material so disclosed.

24  **Disclosure to Witnesses.**

25       16.    (a) Any person currently or formerly employed by a Party, retained as an expert

26  witness by a Party, or designated by a Party as a witness under Fed. R. Civ. P. 30(b)(6) may be

27  examined upon deposition or at trial concerning any Discovery Materials designated as

28

1  Confidential or Confidential Attorneys' Eyes Only by the party that employs, retains, or

2  designates said witness..

3        (b)    Any person other than those identified in paragraph 16(a) who is or may be a

4  witness may be examined upon deposition or at trial concerning any Discovery Materials

5  marked Confidential or Confidential Attorneys' Eyes Only, only if the document or other

6  Discovery Material indicates on its face that the person was an author, addressee or recipient of

7  the document, the document came from such person's files, or prior deposition testimony

8  reveals that the person was provided with or had access to the document.

9  **Non-Party Information.**

10        17.    The existence of this Protective Order must be disclosed to any Third Party

11  producing Discovery Materials in the Litigation who may reasonably be expected to desire

12  confidential treatment for such Discovery Materials.  Any such person may designate

13  documents, tangible things, or testimony confidential pursuant to this Protective Order.

14  **Filing Documents with the Court.**

15        18.    All transcripts of depositions, exhibits, answers to interrogatories, pleadings,

16  briefs, and other documents submitted to the Court that have been designated as Confidential or

17  Confidential Attorneys' Eyes Only, or that contain information so designated, shall be filed

18  under seal in a manner prescribed by the Court for such filings.

19  **No Prejudice.**

20        19.    Producing or receiving confidential information, or otherwise complying with the

21  terms of this Protective Order, will not: (a) operate as an admission by any Party that any

22  particular Confidential or Confidential Attorneys' Eyes Only Discovery Materials contains or

23  reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice

24  the rights of a Party to object to the production of information or material that the Party does not

25  consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a

26  determination by the Court that particular materials be produced; (d) prejudice the rights of a

27  Party to apply to the Court for further protective orders; (e) prevent the Parties from agreeing in

28  writing to alter or waive the provisions or protections provided for in this Protective Order with

1    respect to any particular information or material; or (f) operate as an admission by any Party that

2    any particular Confidential or Confidential Attorneys' Eyes Only information is admissible.

3    **Protected Health Information.**

4        20.     As permitted under 45 C.F.R. §164.512, the parties and their attorneys shall be

5    permitted to use Protected Health Information contained in Discovery Materials solely for

6    matters reasonably connected with this litigation. Those uses include, but are not limited to,

7    disclosure to: the parties; their attorneys of record; the attorneys' firms (i.e., attorneys, support

8    staff, and consultants); the parties' insurers, experts, consultants, court reporters, copy services,

9    vendors; and jurors.  At the conclusion of the litigation as to any defendant (which shall be

10    defined as the point at which final orders disposing of the entire case as to any defendant have

11    been entered, or the time at which all trial and appellate proceedings have been exhausted as to

12    any defendant), that defendant and any person or entity in possession of Discovery Materials

13    containing PHI shall destroy any and all copies of such Discovery Materials, except the

14    remaining defendants in the litigation, and persons or entities receiving Discovery Materials

15    containing PHI from those defendants, may retain such Discovery Materials in their possession

16    until the conclusion of their involvement in the litigation. Discovery Materials produced during

17    the course of this Litigation within the scope of paragraph 20 above may be designated by the

18    Producing Party as containing PHI by placing on each page and each thing a legend

19    substantially as follows: **PROTECTED HEALTH INFORMATION.** Any such documents

20    will also be designated either "Confidential" or "Confidential Attorneys' Eyes Only" pursuant

21    to paragraphs 4 and 5 of this Protective Order.

22    **Conclusion of Litigation.**

23        21.     Within sixty (60) calendar days after entry of final judgment in this Litigation,

24    including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal

25    pursuant to a settlement agreement or otherwise, each Party or other person subject to the terms

26    of this Protective Order is under an obligation to destroy or return to the Producing Party all

27    Discovery Materials designated Confidential or Confidential Attorneys' Eyes Only, and to

28    certify to the Producing Party that this destruction or return has been completed.  However,

1    Outside Counsel of record for any Party is entitled to retain an archive file of all Discovery

2    Materials that do not contain Protected Health Information, provided that such Materials are

3    maintained and protected in accordance with the terms of this Protective Order.  Outside

4    Counsel of record shall not be required to delete information that may reside on their respective

5    firms' electronic back-up systems that are over-written in the normal course of business.

6    **Other Proceedings.**

7         22.    By entering this Protective Order and limiting the disclosure of Discovery

8    Materials in this Litigation, the Court does not intend to preclude this or another court from

9    finding that information may be relevant and subject to disclosure in another case.  Any person

10   or Party subject to this Protective Order who may be subject to a motion to disclose another

11   Party's information designated under this Protective Order must promptly notify that Party of

12   the motion so that the Party may have an opportunity to appear and be heard on whether that

13   information should be disclosed.

14   **Remedies.**

15        23.    It is Ordered that this Protective Order will be enforced by the sanctions set forth

16   in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the Court, including the

17   power to hold Parties or other violators of this Protective Order in contempt.  All other remedies

18   available to any person injured by a violation of this Protective Order are fully reserved.

19        24.    Any Party may petition the Court for good cause shown if the Party desires relief

20   from a term or condition of this Protective Order.

21        ///

22        ///

23        ///

24

25

26

27

28

1    The undersigned counsel of record stipulate that the Court should enter the above

2  Protective Order as an order of the Court, and further stipulate that the Protective Order shall

3  constitute a binding contract among the Parties and their counsel.

4  AGREED AND STIPULATED TO:

5  Dated:  October 11, 2011                    ROPES & GRAY LLP

6
                                             By:  _____
7
                                                  Peter M. Brody
8                                                 Alexandra J. Roberts
                                                  Mariel Goetz
9                                                 700 12th Street, NW, Suite 900
                                                  Washington, DC  20005-3948
10
                                                  Thad A. Davis
11                                                1900 University Avenue, 6th Floor
                                                  East Palo Alto, CA  94303-2284
12

13  Dated:  October 11, 2011                    PROSKAUER ROSE LLP

14
                                             By:  _____
15                                                Brendan J. O'Rourke
                                                  Kristin H. Neuman
16                                                Victoria L. Loughery
                                                  Dolores F. DiBella
17                                                Eleven Times Square
                                                  New York, New York  10036-8299
18
                                                  Robert H. Horn
19                                                2049 Century Park East, 32nd Floor
                                                  Los Angeles, CA 90067-3206
20

21  Dated:  October 11, 2011                    KINSELLA WEITZMAN ISER KUMP &
                                                  ALDISERT LLP
22
                                             By:  _____
23
                                                  Michael J. Kump
24                                                808 Wilshire Boulevard, Third Floor
                                                  Santa Monica, California  90401-1894
25

26  IT IS SO ORDERED

27  Dated: _____          _____

28                                   United States District Judge

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TRIA BEAUTY, INC., | ) |
|     Plaintiff and Counter-Defendant, | ) |
| v. | ) |
| RADIANCY INC., | ) |
|     Defendant and Counter-Claimant. | ) |

Case No. 10-cv-05030-RS (NJV)

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT, THIRD PARTY WITNESS, OR EMPLOYEE OF ANY PARTY**

    I, _____ [print or type full name], of

_____ hereby affirm that:

    Information, including documents and things designated as "Confidential" or "Confidential Attorneys' Eyes Only," as defined in the Protective Order entered in this Litigation, is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of and have read the Protective Order.

    I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

1       I agree not to use any Confidential or Confidential Attorneys' Eyes Only information

2  disclosed to me pursuant to the Protective Order, except for purposes of this Litigation, and not

3  to disclose any of this information to persons, other than those specifically authorized by the

4  Protective Order, without the express written consent of the Party who designated the

5  information as confidential or by order of the Court.  I also agree to notify any stenographic,

6  clerical or technical personnel who are required to assist me of the terms of this Protective Order

7  and of its binding effect on them and me.

8       I understand that I am to retain all documents or materials designated as or containing

9  Confidential or Confidential Attorneys' Eyes Only information in a secure manner, and that all

10 such documents and materials are to remain in my personal custody until the completion of my

11 assigned duties in this matter, whereupon all such documents and materials, including all copies

12 thereof, and any writings prepared by me containing any Confidential or Confidential

13 Attorneys' Eyes Only information are to be returned to counsel who provided me with such

14 documents and materials.

15

16 DATED:  _____

17

18 ADDRESS WHERE SIGNED:  _____

19 _____

20 _____

21 _____

22

23 PRINTED NAME:  _____

24

25 SIGNATURE:  _____

26

27

28

**EXHIBIT A TO PROTECTIVE ORDER**
**Case No. 10-cv-05030-RS (NJV)**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TRIA BEAUTY, INC., | Case No. 10-cv-05030-RS (NJV) |
|     Plaintiff and Counter-Defendant, | |
| v. | **EXHIBIT B** |
| RADIANCY INC., | **CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS** |
|     Defendant and Counter-Claimant. | |

I, _____ [print or type full name], of

_____ hereby affirm that:

Information, including documents and things designated as "Confidential" or "Confidential Attorneys' Eyes Only" as defined in the Protective Order entered in this Litigation, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

1        I agree not to use any Confidential or Confidential Attorneys' Eyes Only information

2   disclosed to me pursuant to the Protective Order except for purposes of this Litigation and not to

3   disclose any of this information to persons, other than those specifically authorized by the

4   Protective Order, without the express written consent of the Party who designated the

5   information as confidential or by order of the Court.

6

7   DATED: _____

8

9   ADDRESS WHERE SIGNED: _____

10  _____

11  _____

12  _____

13

14  PRINTED NAME: _____

15

16  SIGNATURE: _____

17

18

19

20

21

22

23

24

25

26

27

28