UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRIA BEAUTY, INC., <br>     Plaintiff, <br><br> vs. <br><br> RADIANCY, INC., <br>     Defendant. | CASE NO. CV-10-5030 RS (NJV) <br><br> ~~[PROPOSED]~~ **PROTECTIVE ORDER** [MODIFIED] |
| RADIANCY, INC., <br>     Counterclaim Plaintiff, <br><br> vs. <br><br> TRIA BEAUTY, INC., <br>     Counterclaim Defendant, <br><br> and <br><br> KIMBERLY KARDASHIAN, <br>     Counterclaim Defendant. | |

**Proceedings and Information Governed.**

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c) and governs any Discovery Materials designated as Confidential or Confidential Attorneys' Eyes Only, as those terms are defined below, furnished by Plaintiff, Defendant, or Counter-Defendant (each hereinafter a "Party") to any other Party in the above styled and numbered case (the "Litigation"). This Protective Order further applies to any non-party ("Third Party") who produces documents or things in connection with this Litigation regardless of whether such production is made pursuant to subpoena.

**Definitions.**

2. (a) "Discovery Materials" means anything produced or provided by any Party to another Party or by any Third Party to a Party in this Litigation, including, but not limited to, documents, things, deposition testimony, responses to interrogatories, responses to requests for admission, responses to requests for production of documents, deposition transcripts and videos, deposition exhibits, and other writings or things produced, given, served, or filed in this Litigation, as well as any information extracted from Discovery Materials, including, but not limited to, copies, excerpts, abstracts, compilations, analyses, summaries, descriptions, testimony, conversations, or pre-trial presentations by a Party or its counsel to or in court or in other settings that might reveal Discovery Materials to unauthorized persons, as well as all other forms of information containing, reflecting, or disclosing such information.

(b) "Producing Party" or "Designating Party" means a Party to this Litigation, or any Third Party, on behalf of which documents, things, or information are furnished, produced, or disclosed, whether voluntarily or in response to a request for discovery or by court order, during the course of this Litigation.

(c) "Receiving Party" means a Party to which documents, things, or information are furnished, disclosed, or produced during the course of this Litigation.

(d) A designation of "Confidential" shall mean that the Discovery Material so designated includes, discloses, or comprises, in whole or in part, trade secrets or commercial

information that is not publicly known and is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential.

    (e)    A designation of "Confidential Attorneys' Eyes Only" or "Highly Confidential" shall mean that the Discovery Material so designated includes, discloses, or comprises, in whole or in part, information that the Producing Party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive or trade secret information.

    (f)    "In-House Counsel" means attorneys (and their support staffs, including paralegals, legal secretaries, data entry clerks, legal clerks) who are employees of a Party.

    (g)    "Outside Counsel" means attorneys (and their support staffs, including paralegals, legal secretaries, data entry clerks, legal clerks) who are not employees of a Party but who are retained to represent or advise a Party in this action.

    (h)    "Counsel" (without qualifier) means Outside Counsel and In-House Counsel.

    (i)    "Expert" is a person with scientific, technical, or other specialized knowledge, skill, experience, training, or education in a matter pertinent to the action who has been (1) retained or specially employed by a Party or its Counsel to provide expert testimony at trial, or (2) retained or specially employed by a Party or its Counsel in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. This definition includes a professional jury or trial consultant retained in connection with this action. No Party's Expert, however, may be (A) currently employed or under contract with the retaining Party, or (B) currently employed or under contract with a competitor who currently does or plans to design, manufacture, distribute, or sell one or more light- or heat-based hair removal products or acne treatment products; without prior approval by the opposing Party, and said approval shall not be unreasonably delayed or withheld.

    (j)    "Litigation Support Vendors" are persons or entities retained by a Party or its Counsel to provide litigation support services (*e.g.*, photocopying, videotaping, translating, hosting, processing, mediation creation, preparing and supporting exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, document coding, image scanning,

couriering and delivery services, serving process, court reporting, etc.) and their employees and subcontractors. No Party's Litigation Support Vendor, however, may be a current or former employee of any Party, or of a competitor who designs, manufactures, distributes, or sells light or heat based hair removal products or acne treatment products.

    (k)    "Protected Health Information" or "PHI" shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.501 (regardless of whether any party constitutes a covered entity under 45 CFR 160.103), including, but not limited to, health information, including demographic information, relating to either (i) the past, present or future physical condition of an individual, (ii) the provision of care to an individual, or (iii) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

**Designation and Maintenance of Information.**

    3.    Confidential and Confidential Attorneys' Eyes Only information does not include, and this Protective Order does not apply to (1) information that is already lawfully in the knowledge or possession of the Receiving Party, unless that Party is already bound by agreement not to disclose such information, or (2) information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

    4.    Discovery Materials produced during the course of this Litigation within the scope of paragraph 2(d) above may be designated by the Producing Party as containing Confidential information by placing on each page and each thing a legend substantially as follows:

**"CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"**
In the event that a Party chooses to produce documents in native format, the designation under this section may be made by (1) producing the documents in a database and including the designation in a separate database field, (2) affixing a label to the media on which the native documents are being produced, (3) including the designation in the native document's file name, or (4) providing notice of such designation by any other means agreed to in writing by both the Receiving Party and the Producing Party. To the extent a Receiving Party intends to use a

document produced in native format for depositions, pleadings, trial, or for any other purpose where the identification of individual pages is necessary, that Party shall number the individual pages of the document (such that, for example, with respect to information produced in native format and marked with the bates number "227543," a Party wishing to use that information in a deposition will number the individual pages as "227543.1, 227543.2, ...").

5. Discovery Materials produced during the course of this Litigation within the scope of paragraph 2(e) above may be designated by the Producing Party as containing Confidential Attorneys' Eyes Only information by placing on each page and each thing a legend substantially as follows:

**"CONFIDENTIAL ATTORNEYS' EYES ONLY" or "CONFIDENTIAL ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER"**

In the event that a Party chooses to produce documents in native format, the designation under this section may be made by (1) producing the documents in a database and including the designation in a separate database field, (2) affixing a label to the media on which the native documents are being produced, (3) including the designation in the native document's file name, or (4) providing notice of such designation by any other means agreed to in writing by both the Receiving Party and the Producing Party. To the extent a Receiving Party intends to use a document produced in native format for depositions, pleadings, trial, or for any other purpose where the identification of individual pages is necessary, that Party shall number the individual pages of the document (such that, for example, with respect to information produced in native format and marked with the bates number "227543," a Party wishing to use that information in a deposition will number the individual pages as "227543.1, 227543.2, ...").

6. A Party may designate Discovery Materials disclosed at a deposition as Confidential or Confidential Attorneys' Eyes Only by (a) notifying counsel for all Parties in writing of such designation prior to the deposition; (b) requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition; or (c) if no such designation is made prior to or at the time of the deposition, any Party will have twenty one (21) calendar days after receipt of the deposition transcript to designate, in writing to the other

Parties and to the court reporter, whether the transcript or any portion thereof is to be designated as Confidential or Confidential Attorneys' Eyes Only. During this twenty-one (21) calendar day period, the undesignated transcript or portions thereof must be treated as Confidential Attorneys' Eyes Only, unless the Producing Party consents to less confidential treatment of all or some of the transcript. If no such designation is made prior to or at the time of the deposition or within this twenty one (21) calendar day period, the entire deposition will be considered devoid of Confidential or Confidential Attorneys' Eyes Only information. Each Party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. Counsel for a Party or non-party providing Discovery Material during a deposition may request that all persons, other than persons entitled by this Protective Order to have access to the information, leave the deposition room during that portion of the deposition. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question pending resolution of the issue by the Court.

7.  It is the responsibility of outside counsel of record for each Party to maintain materials containing Confidential or Confidential Attorneys' Eyes Only information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Failure to Designate or Claim Privilege.**

8.  (a) The failure to designate Discovery Materials in accordance with this Protective Order or to withhold information, documents, or other things as subject to the attorney-client privilege, the attorney work product doctrine, or other applicable immunity, privilege, or exemption from discovery, will not be deemed to waive a later claim as to its confidential or privileged nature. In the case of a failure to designate Discovery Materials under the Protective Order, such failure shall not preclude the Producing Party from making appropriate designations at a later date in writing and with particularity. The newly designated

information must be treated by any Receiving Party in accordance with its new designation from the time the Receiving Party is notified in writing of the change.

(b)     If a Producing Party discloses to a Receiving Party information that is subject to the attorney-client privilege, the attorney work product doctrine, or that is otherwise privileged or immune from discovery, the Producing Party shall, upon learning of such disclosure, so advise the Receiving Party in writing.

(c)     Should a Receiving Party reasonably believe that a Producing Party produced privileged Discovery Materials, the Receiving Party shall promptly notify the Producing Party in writing. The Producing Party shall respond within fourteen (14) calendar days confirming the privilege status of the Discovery Materials in question.

(d)     If a Producing Party notifies a Receiving Party that produced Discovery Materials are privileged, the Receiving Party shall return all of the identified Discovery Materials within fourteen (14) calendar days of receipt of the notice from the Producing Party that the Discovery Materials in question are privileged. The notice from the Producing Party shall include a privilege log for the Discovery Materials in question. No Party to this Litigation shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other privilege or immunity. The Party returning such produced Discovery Materials may seek production of any such documents in accordance with the Federal Rules of Civil Procedure (based on information independent of the content of the allegedly privileged materials in question), but in so doing may not assert that the production by the Producing Party waived any claim of attorney-client privilege, attorney work product, or other privilege or immunity. Outside counsel of record shall not be required to delete information that may reside on their respective firms' electronic back-up systems that are over-written in the normal course of business.

**Challenge to Designations.**

9.     A Receiving Party may challenge a Producing Party's designation of information as Confidential or Confidential Attorneys' Eyes Only at any time. Any Receiving Party disagreeing with a designation may request in writing that the Producing Party change the

designation. A Receiving Party that elects to initiate a challenge must do so in good faith and explain in writing the basis for its belief that the confidentiality designation was improper. The Producing Party will then have fourteen (14) calendar days after receipt of a challenge notice to advise the Receiving Party whether or not it will change the designation. If the Parties are unable to reach agreement after the expiration of this fourteen (14) calendar day time-frame, the Receiving Party may at any time thereafter seek an order to alter the confidential or privileged status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the Producing Party's designation will remain in full force and effect, and the information will continue to be accorded the designated level of confidential treatment required by this Protective Order. The Producing Party shall have the burden of persuading the Court that the designation of materials as Confidential or Confidential Attorneys' Eyes Only is appropriate.

**Disclosure and Use of Confidential Information.**

10. Absent agreement in writing by the Producing Party or Order of the Court, information designated as Confidential or Confidential Attorneys' Eyes Only may only be used for purposes of preparation, trial, and appeal of this Litigation. Upon the conclusion of this action, a Party must comply with paragraph 20 (Conclusion of Litigation), below. This Protective Order has no effect upon and shall not apply to (a) any Producing Party's use of its own Confidential or Confidential Attorneys' Eyes Only materials for any purpose, (b) any person's use of documents or other information developed or obtained independently of discovery in this Litigation for any purpose, or (c) non-confidential documents produced in this Litigation.

11. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a Party-client in this Litigation and, in the course thereof, relying upon such attorney's knowledge of Confidential or Confidential Attorneys' Eyes Only information; provided, however, that counsel shall not disclose the substance of Confidential or Confidential Attorneys' Eyes Only information in a manner not specifically authorized under this Protective Order.

12. Except as prohibited by paragraph 10 above, and unless otherwise ordered by the Court or permitted in writing by the Designating Party, disclosure of information designated **Confidential** may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) officers, directors and employees of the Receiving Party who are required in good faith to provide assistance in the conduct of this Litigation, including any settlement discussions; (b) In-House Counsel to whom disclosure is reasonably necessary for the purposes of the litigation; (c) Outside Counsel of record for the Receiving Party to whom disclosure is reasonably necessary for the purposes of this Litigation; (d) Experts and Litigation Support Vendors to whom disclosure is reasonably necessary for this Litigation and who have first signed the applicable "Confidentiality Agreement" (Exhibit A or B, as applicable), the signed original of which shall be maintained by the Party who retained the Expert or Litigation Support Vendor; (e) the Court and its personnel; (f) those individuals permitted under paragraphs 16 (a) and (b) for the purposes of deposition or examination at trial; provided third-party witnesses in this action and their attorneys have signed the "Confidentiality Agreement" that is attached hereto as Exhibit A (signed originals shall be marked as exhibits to the deposition and maintained in the same manner as other exhibits). If a third-party witness or the third-party witness's attorney declines to sign the "Agreement to Be Bound by Protective Order," the parties shall promptly present the issue to a court of appropriate jurisdiction. In the meantime, any relevant deposition shall proceed to the extent practicable, and resume upon such terms as the court orders or the Parties and third-party witness (and the third-party witness's attorney) agree.

13. Except as prohibited by paragraph 10 above, and unless otherwise ordered by the Court or permitted in writing by the Designating Party, disclosure of information designated **Confidential Attorneys' Eyes Only** may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) Outside Counsel of record for the Receiving Party to whom disclosure is reasonably necessary for the purposes of this Litigation; (b) Experts and Litigation Support Vendors to whom disclosure is reasonably necessary for this Litigation and who have first signed the

applicable "Confidentiality Agreement" (Exhibit A or B, as applicable), the signed original of which shall be maintained by the Party who retained the Expert or Litigation Support Vendor; (c) the Court and its personnel; (d) those individuals permitted under paragraphs 16 (a) and (b) for the purposes of deposition or examination at trial; provided third-party witnesses in this action and their attorneys have signed the "Confidentiality Agreement" that is attached hereto as Exhibit A (signed originals shall be marked as exhibits to the deposition and maintained in the same manner as other exhibits). If a third-party witness or the third-party witness's attorney declines to sign the "Agreement to Be Bound by Protective Order," the Parties shall promptly present the issue to a court of appropriate jurisdiction. In the meantime, any relevant deposition shall proceed to the extent practicable, and resume upon such terms as the court orders or the Parties and third-party witness (and the third-party witness's attorney) agree.

14. Outside counsel of record is responsible for the adherence by third-party vendors engaged by such counsel to the terms and conditions of this Protective Order. Outside counsel of record may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

15. A Receiving Party may disclose Confidential or Confidential Attorneys' Eyes Only information to a person who is not already allowed access to such information under this Protective Order if: (a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); or (b) outside counsel of record for the Party designating the material agrees in writing that the material may be disclosed to the person. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Disclosure to Witnesses.**

16. (a) Any person currently or formerly employed by a Party, retained as an expert witness by a Party, or designated by a Party as a witness under Fed. R. Civ. P. 30(b)(6) may be examined upon deposition or at trial concerning any Discovery Materials designated as

Confidential or Confidential Attorneys' Eyes Only by the party that employs, retains, or designates said witness..

(b)     Any person other than those identified in paragraph 16(a) who is or may be a witness may be examined upon deposition or at trial concerning any Discovery Materials marked Confidential or Confidential Attorneys' Eyes Only, only if the document or other Discovery Material indicates on its face that the person was an author, addressee or recipient of the document, the document came from such person's files, or prior deposition testimony reveals that the person was provided with or had access to the document.

**Non-Party Information.**

17.     The existence of this Protective Order must be disclosed to any Third Party producing Discovery Materials in the Litigation who may reasonably be expected to desire confidential treatment for such Discovery Materials. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents with the Court.**

18.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Confidential or Confidential Attorneys' Eyes Only, or that contain information so designated, shall be filed under seal in ~~a manner prescribed by the Court for such filings~~ accordance with Civ. L. R. 79-5.

**No Prejudice.**

19.     Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not: (a) operate as an admission by any Party that any particular Confidential or Confidential Attorneys' Eyes Only Discovery Materials contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a Party to apply to the Court for further protective orders; (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with

respect to any particular information or material; or (f) operate as an admission by any Party that any particular Confidential or Confidential Attorneys' Eyes Only information is admissible.

**Protected Health Information.**

20. As permitted under 45 C.F.R. §164.512, the parties and their attorneys shall be permitted to use Protected Health Information contained in Discovery Materials solely for matters reasonably connected with this litigation. Those uses include, but are not limited to, disclosure to: the parties; their attorneys of record; the attorneys' firms (i.e., attorneys, support staff, and consultants); the parties' insurers, experts, consultants, court reporters, copy services, vendors; and jurors. At the conclusion of the litigation as to any defendant (which shall be defined as the point at which final orders disposing of the entire case as to any defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any defendant), that defendant and any person or entity in possession of Discovery Materials containing PHI shall destroy any and all copies of such Discovery Materials, except the remaining defendants in the litigation, and persons or entities receiving Discovery Materials containing PHI from those defendants, may retain such Discovery Materials in their possession until the conclusion of their involvement in the litigation. Discovery Materials produced during the course of this Litigation within the scope of paragraph 20 above may be designated by the Producing Party as containing PHI by placing on each page and each thing a legend substantially as follows: **PROTECTED HEALTH INFORMATION.** Any such documents will also be designated either "Confidential" or "Confidential Attorneys' Eyes Only" pursuant to paragraphs 4 and 5 of this Protective Order.

**Conclusion of Litigation.**

21. Within sixty (60) calendar days after entry of final judgment in this Litigation, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement or otherwise, each Party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the Producing Party all Discovery Materials designated Confidential or Confidential Attorneys' Eyes Only, and to certify to the Producing Party that this destruction or return has been completed. However,

1  Outside Counsel of record for any Party is entitled to retain an archive file of all Discovery
2  Materials that do not contain Protected Health Information, provided that such Materials are
3  maintained and protected in accordance with the terms of this Protective Order. Outside
4  Counsel of record shall not be required to delete information that may reside on their respective
5  firms' electronic back-up systems that are over-written in the normal course of business.

6  **Other Proceedings.**

7      22.    By entering this Protective Order and limiting the disclosure of Discovery
8  Materials in this Litigation, the Court does not intend to preclude this or another court from
9  finding that information may be relevant and subject to disclosure in another case. Any person
10 or Party subject to this Protective Order who may be subject to a motion to disclose another
11 Party's information designated under this Protective Order must promptly notify that Party of
12 the motion so that the Party may have an opportunity to appear and be heard on whether that
13 information should be disclosed.

14 **Remedies.**

15     23.    It is Ordered that this Protective Order will be enforced by the sanctions set forth
16 in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the Court, including the
17 power to hold Parties or other violators of this Protective Order in contempt. All other remedies
18 available to any person injured by a violation of this Protective Order are fully reserved.

19     24.    Any Party may petition the Court for good cause shown if the Party desires relief
20 from a term or condition of this Protective Order.

21 ///
22 ///
23 ///

The undersigned counsel of record stipulate that the Court should enter the above Protective Order as an order of the Court, and further stipulate that the Protective Order shall constitute a binding contract among the Parties and their counsel.

AGREED AND STIPULATED TO:

Dated: October 11, 2011

ROPES & GRAY LLP

By: _____
Peter M. Brody
Alexandra J. Roberts
Mariel Goetz
700 12th Street, NW, Suite 900
Washington, DC 20005-3948

Thad A. Davis
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284

Dated: October 11, 2011

PROSKAUER ROSE LLP

By: _____
Brendan J. O'Rourke
Kristin H. Neuman
Victoria L. Loughery
Dolores F. DiBella
Eleven Times Square
New York, New York 10036-8299

Robert H. Horn
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206

Dated: October 11, 2011

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: _____
Michael J. Kump
808 Wilshire Boulevard, Third Floor
Santa Monica, California 90401-1894

IT IS SO ORDERED

Dated: __October 26, 2011__

IT IS SO ORDERED AS MODIFIED
Judge Nandor J. Vadas

United States District Judge
Magistrate

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRIA BEAUTY, INC., <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> RADIANCY INC., <br><br> Defendant and Counter-Claimant. | Case No. 10-cv-05030-RS (NJV) <br><br> **EXHIBIT A** <br><br> **CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT, THIRD PARTY WITNESS, OR EMPLOYEE OF ANY PARTY** |

I, _____ [print or type full name], of

_____ hereby affirm that:

Information, including documents and things designated as "Confidential" or "Confidential Attorneys' Eyes Only," as defined in the Protective Order entered in this Litigation, is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

|   |   |
|---|---|
| 1 | I agree not to use any Confidential or Confidential Attorneys' Eyes Only information disclosed to me pursuant to the Protective Order, except for purposes of this Litigation, and not to disclose any of this information to persons, other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me. |

I agree not to use any Confidential or Confidential Attorneys' Eyes Only information disclosed to me pursuant to the Protective Order, except for purposes of this Litigation, and not to disclose any of this information to persons, other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential or Confidential Attorneys' Eyes Only information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential or Confidential Attorneys' Eyes Only information are to be returned to counsel who provided me with such documents and materials.

DATED: _____

ADDRESS WHERE SIGNED: _____
_____
_____
_____

PRINTED NAME: _____

SIGNATURE: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| TRIA BEAUTY, INC., <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> RADIANCY INC., <br><br> Defendant and Counter-Claimant. | Case No. 10-cv-05030-RS (NJV) <br><br> **EXHIBIT B** <br><br> **CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS** |

I, _____ [print or type full name], of _____ hereby affirm that:

Information, including documents and things designated as "Confidential" or "Confidential Attorneys' Eyes Only" as defined in the Protective Order entered in this Litigation, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

| | |
|---|---|
| 1 | I agree not to use any Confidential or Confidential Attorneys' Eyes Only information |
| 2 | disclosed to me pursuant to the Protective Order except for purposes of this Litigation and not to |
| 3 | disclose any of this information to persons, other than those specifically authorized by the |
| 4 | Protective Order, without the express written consent of the Party who designated the |
| 5 | information as confidential or by order of the Court. |
| 6 | |
| 7 | DATED: _____ |
| 8 | |
| 9 | ADDRESS WHERE SIGNED: _____ |
| 10 | _____ |
| 11 | _____ |
| 12 | _____ |
| 13 | |
| 14 | PRINTED NAME: _____ |
| 15 | |
| 16 | SIGNATURE: _____ |

**EXHIBIT B TO PROTECTIVE ORDER**
Case No. 10-cv-05030-RS (NJV)