# EXHIBIT 1

## Warshafsky, Jeffrey H.

| | |
|---|---|
| **From:** | Brody, Peter M. [Peter.Brody@ropesgray.com] |
| **Sent:** | Wednesday, January 04, 2012 5:02 PM |
| **To:** | O'Rourke, Brendan J. |
| **Cc:** | Neuman, Kristin H.; Loughery, Victoria L.; Roberts, Alexandra; Goetz, Mariel; Jones, Jennifer L.; Rachlin, Paul I. |
| **Subject:** | RE: TRIA v. Radiancy |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |
| **Categories:** | Filed To Worksite |

Brendan:

We had hoped to hear further from you by now.  Since we haven't, and since time is of the essence, we provide the following responses to your interim email.

Radiancy witnesses

1.  Confirmed.

2.  You did not address the deposition of Mr. Fishman or Radiancy's corporate designee in your email.  Please immediately provide proposed dates for both depositions during the period January 23-25.

3.  Based on her position and responsibilities as we understand them, we believe Sharon Dovev is a "managing agent" under the Federal Rules (and may also be an officer or director).  *E.g., Dubai Islamic Bank v. Citibank*, 2002 WL 1159699, at *4 (S.D.N.Y. May 31, 2002).  Accordingly, Radiancy is obliged to produce her for deposition in the forum.  *E.g., Cadent Ltd. v. 3M Unitek Corp.*, No. CV 04-2885-GAF, 232 F.R.D. 625, 630 (C.D. Cal. Sept. 21, 2005).  As an accommodation, TRIA is willing to depose Ms. Dovev in New York instead of San Francisco, if Radiancy prefers that venue.  Please advise ASAP as to whether, in light of the foregoing, Radiancy will or will not produce Ms. Dovev for deposition in the U.S.  If Radiancy will produce her in the U.S., please advise where and propose a date.  If not, we request an immediate meet-and-confer so that we may promptly bring the dispute to the attention of the Magistrate Judge for resolution.

4.  At this point, we have confirmed dates for the depositions of four TRIA witnesses including Ms. Kardashian, while we have no confirmed dates, or even any proposed dates, for the depositions of any Radiancy witness.  In addition to the witnesses discussed in paragraphs 2 and 3 above, please immediately propose dates for Mr. Rafaeli, Ms. Kohl, and Ms. Depaiva ASAP during the period January 23-25.

5.  We have not yet contacted Mr. Borghese.  As indicated, we will let you know if and when we do.

TRIA witnesses

a. and b.  TRIA does not expect to call Mr. Liu as a witness at trial.  TRIA likely will not call Mr. Grove either, but we cannot rule it out at this point.  Please advise whether you wish to proceed with either or both depositions.

c.  For various reasons, including security, Ms. Kardashian will be made available in Mike Kump's offices in Santa Monica, not Proskauer's L.A. office.

Fact-discovery deadline

Regarding the fact-discovery deadline, I want to be clear:  it was only with reluctance that we suggested, during our last call, that a short extension might be necessary, and we made that suggestion solely because it seemed to us that, as a practical matter, it might be difficult or impossible to complete the 10 depositions per side allowed under the Rules by January 25.  Although you have suggested that Radiancy may not want to take 10 depositions, you have not withdrawn any of the deposition notices that Radiancy has served.  More importantly, you still have not proposed a single date for a deposition of a Radiancy witness.  Thus, we continue to be concerned that it may be difficult, if not impossible, to complete all depositions by January 25.

TRIA's Interrogatories 14 and 15

Finally, you did not address the issues concerning TRIA's Interrogatories 14 and 15.  We look forward to your prompt response on those issues.

Regards,
Peter



**Peter M. Brody**
ROPES & GRAY LLP
T +1 202 508 4612 | M +1 301 379 1783 | F +1 202 383 7777
One Metro Center, 700 12th Street, NW, Suite 900
Washington, DC 20005-3948
peter.brody@ropesgray.com
www.ropesgray.com

---

**From:** O'Rourke, Brendan J. [mailto:BOrourke@proskauer.com]
**Sent:** Tuesday, January 03, 2012 1:58 PM
**To:** Brody, Peter M.
**Cc:** Neuman, Kristin H.; Loughery, Victoria L.; Roberts, Alexandra; Goetz, Mariel; Jones, Jennifer L.; Rachlin, Paul I.
**Subject:** RE: TRIA v. Radiancy

Peter,
   this will confirm receipt of your email. We will be responding substantively in the very near future but, as you are, we are still tracking some items down. In the meantime, I can address certain of the items contained in your email and will do so by number corresponding to your enumerated list:
       your initial matter: we said we would consider taking less than 10 depositions but were not suggesting any specific limit. We confirm that we would be willing to defer Beth Gumm and Nicole Landberg until after Drake Stimson, but we reserve our rights on both.

**Radiancy witnesses**

       1. this will confirm that point 1 is settled and that we will not call Zion Azar or Julia Rothman at trial, and you will not seek to depose them;
       3. we disagree with your position on point 3 and request that you provide us with authority that you would claim supports your position that we are compelled to bring Sharon Dovev to the United States for deposition. We are also considering whether we would be calling her as a trial witness and will get back to you on that shortly in the event it affects your request for her deposition;
       4. we will provide dates for Dolev Rafaeli and Samantha Kohl in the near future and will confirm whether we would be able to produce Ms. Depaiva without a subpoena;
       5. please advise if you have or intend to reach out to Skip Borgese:

Regarding an extension of the discovery cutoff, we told you that if you wanted us to consider a new cutoff, you should propose one in writing so that we could consider it with our client, but that we did not think we would be in favor of an extension. We await your proposal.

**Tria witnesses**

       a. and b. this will confirm Kevin Appelbaum on January 17, Harvey Liu on January 19, and Tobin Island on January 19. You have suggested we may want to defer Mr. Grove and Mr. Liu in view of  Mr. Island. Could you please let us know whether you have decided not to call Mr. Liu and/or Mr. Grove at trial. This could likely impact our position. As concerns Ms. Gumm and Ms. Landberg, please see above.
       c. this will confirm Ms. Kardashian's deposition the afternoon of January 18 in our L.A. offices;

We will get back to you as soon as we can and look forward to your prompt responses to the questions raised in this email.

Best regards,
Brendan



**Brendan J. O'Rourke**
Partner

Proskauer
Eleven Times Square
New York, NY 10036-8299
d 212.969.-3120
f  212.969.2900
borourke@proskauer.com

---

**From:** Brody, Peter M. [mailto:Peter.Brody@ropesgray.com]
**Sent:** Friday, December 23, 2011 2:34 PM

**To:** O'Rourke, Brendan J.
**Cc:** Neuman, Kristin H.; Loughery, Victoria L.; DiBella, Dolores F.; Roberts, Alexandra; Goetz, Mariel
**Subject:** TRIA v. Radiancy

Brendan –

I write to confirm and to follow up on our call yesterday.

As an initial matter, we have considered the idea of limiting the number of depositions that each side may take to a number less than the 10 depositions allowed under the Rules. TRIA is amenable to such an arrangement. Please let us know how many depositions Radiancy would propose as a limit for each side.

Subject to any further agreement on the number of depositions, please be advised as follows with regard to Radiancy witnesses:

1. We understand from your statements yesterday that Zion Azar and Julia Rothman reside in Israel, that Radiancy does not intend to call either individual as a witness at trial, and that Radiancy will not attempt to secure the appearance of either witness for a deposition in the U.S. or Israel. In light of this information, it does not appear possible to secure their depositions within the time remaining, and thus TRIA no longer intends to depose those individuals.

2. In view of the foregoing, TRIA wishes to depose Giora Fishman, who we understand is a current Radiancy employee based in New York. Please provide dates of availability for Mr. Fishman, preferably during January 23-25. TRIA also plans to expand the subjects that it will address in TRIA's Rule 30(b)(6) deposition of Radiancy. In addition to the subjects that I previously mentioned (with the proviso that, if the parties stipulate to dismiss their respective trademark infringement claims, TRIA would eliminate keyword advertising from the list of subjects), TRIA intends to address the following: (i) the invention and development of the no!no! Hair; (ii) communications with FDA regarding the regulatory treatment of the no!no! Hair during the period prior to the arrival of Dolev Rafaeli as CEO; (iii) the organizational structure of Radiancy during the period prior to the arrival of Dolev Rafaeli as CEO; (iv) clinical studies and consumer surveys relating to the no!no! Hair during the period prior to the arrival of Dolev Rafaeli as CEO; and (v) the development of advertising for the no!no! Hair during the period prior to the arrival of Dolev Rafaeli as CEO. Please provide a proposed date for this deposition, again preferably during January 23-25.

3. It is TRIA's position that Sharon Dovev, a current employee, should be produced for deposition in the United States. We understand from the documents that Dovev makes regular trips to New York for business purposes, and we understood from the call yesterday that she is a potential trial witness for Radiancy. Based on these facts, we believe Radiancy is obliged to produce her for deposition either in the Northern District of California or in New York. Indeed, if Radiancy refuses to produce her for deposition in the U.S., TRIA will object to her appearance at trial. Please let us know if and when she will be produced for deposition in either of these locations and if she will be available during January 23-25.

4. We understand that Radiancy will produce Dolev Rafaeli and Samantha Kohl for deposition in New York. You advised that, although Radiancy does not intend to call Kassie Depaiva as a witness at trial, Radiancy will produce her for deposition, probably in New York. I believe you indicated that Ms. Depaiva will not require a subpoena, but let us know if that is incorrect and confirm the location for her deposition. Please also provide dates of availability for all three of these deponents, again preferably during January 23-25.

5. You advised that Radiancy does not intend to call Skip Borghese as a witness at trial and will not produce him for deposition. You indicated that we are free to contact him ourselves and asked us to let you know if and when we do so, which we will do.

6. You advised that Radiancy will be amending its Initial Disclosures to add the following knowledgeable individuals: Dr. James Spencer, Dr. Neil Sadick, Dr. Mira Barki, Dr. Rodolfo Klein, and Dr. Monica Elman. We had previously advised you that we would like to depose Drs. Spencer and Sadick if Radiancy does not expect them to testify as experts for Radiancy. As we noted in the call, the same would be true for Drs. Barki, Klein, and Elman. You therefore will let us know ASAP which of these individuals, if any, you expect to call as testifying experts. For those who are not expected to be called as testifying experts, please also let us know whether they will appear for a deposition voluntarily or will require a subpoena; whether you will represent them for purposes of a deposition; and what their dates of availability are prior to January 25.

We will defer any further discussion of adjusting the discovery cut-off date pending your responses regarding the foregoing.

With regard to depositions of TRIA witnesses, please be advised as follows:

a. Kevin Appelbaum and Harvey Liu are available on the noticed dates of January 17 and January 19, respectively. Tobin Island is not available on the noticed date of January 17, but is available on January 19.

b. As we indicated, Drake Stimson, a former employee, has agreed to appear voluntarily for his deposition and will make himself available in New York. He is not available any day the week of January 16-20, but should be available the following week. We will get back to you with a specific date. You advised that Radiancy would defer the depositions of Beth Gumm and Nicole Landberg pending the deposition of Mr. Stimson. We have not yet connected with Bob Grove, but we will let you know about his availability once we do. To the extent relevant, I would note that Tobin Island, the COO, is a co-founder of the company and highly knowledgeable about the technology embodied in the products at issue. Therefore, you may wish to consider omitting or deferring the deposition of Mr. Grove and, for that matter, Mr. Lui, pending the deposition of Mr. Island.

c. You advised that the deposition of Kim Kardashian would not exceed a half day. We have confirmed with Mike Kump that Ms. Kardashian is

available on the afternoon of the noticed date of January 18.  Please confirm that you wish to proceed with the deposition then.

d.  You will review the list of subjects for Radiancy's Rule 30(b)(6) deposition of TRIA with the aim of narrowing it to a list of subjects that can reasonably be expected to be covered in a 7-hour deposition.  The identity and dates of availability of the witness(es) obviously will depend on what you advise us with regard to a narrowed list.

We also discussed Radiancy's objections to TRIA's Interrogatories 14 and 15.  As I explained, TRIA's objective in propounding these interrogatories is to ascertain the factual basis for certain advertising claims by Radiancy.  In particular:

- Interrogatory 14 is directed at Radiancy's claim that the no!no! Hair device embodies "patented Thermicon technology" (*see, e.g.*, Amended Complaint ¶ 19) and Radiancy's claim that the Capislow topical that is sold as part of the no!no! Hair system is "patented" (*see, e.g.*, Amended Complaint ¶36).  We thus seek, and are willing to limit the scope of the discovery request to, the identity of any patents that Radiancy has marked on the device or topical themselves, as well as any other patents that Radiancy would cite to substantiate these claims.

- Similarly, Interrogatory 15 is addressed to Radiancy's claims that the no!no! Hair is a "professional treatment" that uses "professional technology"  (*see, e.g.*, Amended Complaint ¶ 33).  We thus seek, and are willing to limit the scope of the discovery request to, the identity of any professional (defined in the discovery request as any doctor, salon, and spa) that uses the no!no! Hair in their professional practice.

You indicated that you would review these discovery requests in light of our proposed limitation and would advise us as to whether Radiancy will provide substance responses.

We look forward to hearing from you shortly.

Best wishes to you and your colleagues for a happy holiday.

Regards,
Peter and the TRIA team


**Peter M. Brody**
**ROPES & GRAY LLP**
T +1 202 508 4612 | M +1 301 379 1783 | F +1 202 383 7777
One Metro Center, 700 12th Street, NW, Suite 900
Washington, DC 20005-3948
peter.brody@ropesgray.com
www.ropesgray.com

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**********************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

**********************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

=================================================================================================