ROPES & GRAY LLP
THAD A. DAVIS (SBN 220503)
  thad.davis@ropesgray.com
Three Embarcadero Center
San Francisco, CA 94111-4006
Telephone: 415.315.6300
Facsimile: 415.315.6350

ROPES & GRAY LLP
PETER M. BRODY (*pro hac vice*)
  peter.brody@ropesgray.com
MARIEL GOETZ (pro hac vice)
  mariel.goetz@ropesgray.com
700 12th Street, NW, Suite 900
Washington, DC 20005-3948
Telephone: 202.508.4612
Facsimile: 202.383.7777

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
LAURA D CASTNER (SBN 172362)
  lcastner@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Counterclaim Defendant
KIMBERLY KARDASHIAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRIA BEAUTY, INC., Plaintiff,<br><br>vs.<br><br>RADIANCY, INC., Defendant.<br>___<br>RADIANCY, INC., Counterclaim Plaintiff,<br><br>vs.<br><br>TRIA BEAUTY, INC., Counterclaim Defendant, and<br><br>KIMBERLY KARDASHIAN,<br><br>Counterclaim Defendant. | Case No. CV-10-5030 RS<br>Honorable Richard Seeborg<br><br>**[PROPOSED] JUDGMENT**<br><br>Date: May 10, 2012<br>Time: 1:30 p.m.<br>Crtm.: No. 3, 17th Floor |

On April 5, 2010, Counterclaim-Defendant Kimberly Kardashian filed a Motion for Summary Judgment or in the Alternative for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The motion was timely heard in Department 3 of the above-captioned Court on May 10, 2012 at 1:30 p.m. Upon consideration of Ms. Kardashian's Motion, and of the pleadings, declarations, exhibits, memoranda, and other supporting and opposing papers submitted by the parties, the Court finds:

1. Count II of Defendant/Counterclaim-Plaintiff Radiancy, Inc.'s ("Radiancy") First Amended Counterclaims ("FACC") asserts a claim for false advertising under California Business and Professions Code Section 17500 ("Section 17500"), against Ms. Kardashian based on statements made while she was a spokesperson for Plaintiff/Counterclaim-Defendant TRIA, Inc.'s ("TRIA") TRIA hair removal laser product ("TRIA Laser").

2. Count III of Radiancy's FACC asserts a claim for unfair competition under California Business and Professions Code Section 17200 ("Section 17200"), against Ms. Kardashian based on statements made while she was a spokesperson for the TRIA Laser.

3. As a matter of law, Radiancy cannot state a claim against Ms. Kardashian for an "unfair" business practice within the meaning of Section 17200, because neither the conduct alleged nor the evidence shows a threat of a violation of an antitrust law, or has an effect comparable to a violation of antitrust law.

4. As a matter of law, Radiancy cannot state a claim against Ms. Kardashian for a "fraudulent" business practice within the meaning of Section 17200, because with respect to Ms. Kardashian, there is no admissible evidence that her statements regarding the TRIA Laser are misleading to a reasonable consumer.

5. Radiancy cannot state a claim against Ms. Kardashian for an "unlawful" business practice within the meaning of Section 17200, based on a violation of Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §45, or the FTC Enforcement Guides Concerning the Use of Endorsements and Testimonials in

Advertising (the "FTC Guides") because (a) there is no private right of action under the FTC Act, and (b) the FTC Guides are not federal law.

6. Even if the FTC Act or the FTC Guides could support a claim under the "unlawful" prong of Section 17200, the evidence does not support a finding that Ms. Kardashian's statements regarding the TRIA Laser violated Section 17200:

   a. Radiancy does not claim, and the evidence does not show, that Ms. Kardashian was a "direct participant" within the meaning of the FTC Guides and *F.T.C. v. Garvey,* 383 F.3d 891 (9th Cir. 2004);

   b. The evidence shows that Ms. Kardashian is not liable as an "endorser" of the TRIA Laser within the meaning of the FTC Guides and *F.T.C. v. Garvey,* 383 F.3d 891 (9th Cir. 2004);

   c. The evidence shows that Ms. Kardashian was a bona fide user of the TRIA Laser at the time when she made statements about the product;

   d. The evidence shows that Ms. Kardashian's statements regarding the TRIA Laser reflected her honest opinions, findings, beliefs and experiences regarding the product, as well as information she received from TRIA about the product and publicly available information;

   e. The evidence shows that Ms. Kardashian did not believe that any of the statements she made regarding the TRIA Laser were untrue or would mislead any consumers who heard or read her statements, and she did not learn any information about the TRIA Laser that led her to believe that any of her statements were untrue or would mislead any consumers who heard or read her statements;

   f. There is no evidence that Ms. Kardashian intentionally omitted making any statements about the TRIA Laser in order to mislead or deceive consumers;

   g. The evidence shows that Ms. Kardashian did not at any time intend to mislead or deceive any of the consumers who might hear or read her statements regarding the TRIA Laser;

  h. There is no evidence that Ms. Kardashian intended to sell the TRIA Laser by publicly disseminating advertising that she knew, or in the exercise of reasonable care should have known, was untrue or misleading.

7. The evidence does not support a finding that Ms. Kardashian's statements regarding the TRIA Laser violated Section 17500:

  a. There is no evidence that Ms. Kardashian intended to sell the TRIA Laser by publicly disseminating advertising that she knew, or in the exercise of reasonable care should have known, was untrue or misleading;

  b. The evidence shows that Ms. Kardashian was a bona fide user of the TRIA Laser at the time when she made statements about the product;

  c. The evidence shows that Ms. Kardashian's statements regarding the TRIA Laser reflected her honest opinions, findings, beliefs and experiences regarding the product, as well as information she received from TRIA about the product and publicly available information;

  d. The evidence shows that Ms. Kardashian did not believe that any of the statements she made regarding the TRIA Laser were untrue or would mislead any consumers who heard or read her statements, and she did not learn any information about the TRIA Laser that led her to believe that any of her statements were untrue or would mislead any consumers who heard or read her statements;

  e. There is no evidence that Ms. Kardashian intentionally omitted making any statements about the TRIA Laser in order to mislead or deceive consumers;

  f. The evidence shows that Ms. Kardashian did not at any time intend to mislead or deceive any of the consumers who might hear or read her statements regarding the TRIA Laser.

For the foregoing reasons, Ms. Kardashian is entitled to summary judgment in her favor on Count II and Count III of Radiancy's First Amended Counterclaims.

**NOW THEREFORE, IT IS ORDERED THAT** Counterclaim-Defendant Kimberly Kardashian's Motion for Summary Judgment, or in the Alternative for Partial Summary Judgment, is **GRANTED** in its entirety, that Count II and Count III of Radiancy's First Amended Counterclaims be and they hereby are dismissed with prejudice as to Ms. Kardashian, and that Defendant/Counterclaim-Plaintiff Radiancy, Inc. take nothing for its Counterclaims against Ms. Kardashian.

DATED: May ___, 2012

_____
HON. RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

*Presented by:*

KINSELLA WEITZMAN ISER KUMP
& ALDISERT LLP

ROPES & GRAY LLP

Attorneys for Counterclaim-Defendant
Kimberly Kardashian