THAD A. DAVIS (CSB # 220503)
  thad.davis@ropesgray.com
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, California 94111-4006
Phone: (415) 315-6300
Facsimile: (415) 315-6350

PETER M. BRODY (*pro hac vice*)
  peter.brody@ropesgray.com
MARIEL GOETZ (*pro hac vice*)
  mariel.goetz@ropesgray.com
ALEXANDRA J. ROBERTS (*pro hac vice*)
  alexandra.roberts@ropesgray.com
ROPES & GRAY LLP
700 12th Street, NW, Suite 900
Washington, DC  20005-3948
Telephone:  (202) 508-4612
Facsimile:  (202) 383-7777

Attorneys for Plaintiff/Counter-Defendant,
TRIA BEAUTY, INC.

MICHAEL J. KUMP (CSB # 100983)
  mkump@kwikalaw.com
LAURA D. CASTNER (CSB # 172362)
  lcastner@kwikalaw.com
KINSELLA WEITZMAN ISER KUMP &
ALDISERT LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, CA 90401
Telephone: (310) 566-9800
Facsimile: (310) 566-9850

Attorneys for Counter-defendant
KIMBERLY KARDASHIAN

BRENDAN J. O'ROURKE  (*pro hac vice*)
  borourke@proskauer.com
ALEXANDER KAPLAN  (*pro hac vice*)
  akaplan@proskauer.com
JENNIFER L. JONES  (*pro hac vice*)
  jljones@proskauer.com
VICTORIA L. LOUGHERY (*pro hac vice*)
  vloughery@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Phone: (212) 969-3000
Facsimile: (212) 969-2900

ROBERT H. HORN (SBN 134710)
  rhorn@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Phone:    (310) 557-2900
Facsimile: (310) 557-2193

Attorneys for Defendant/Counter-Claimant,
RADIANCY, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| TRIA BEAUTY, INC., Plaintiff, | Case No. 10-5030 RS (NJV) |
| v. | |
| RADIANCY, INC., Defendant | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| | |
| RADIANCY, INC., Counter-claimant, | Date:  April 12, 2012 |
| v. | Time: 10:00am |
| TRIA BEAUTY, INC., Counter-defendant, | Place: Courtroom 3 |
| and | The Honorable Richard Seeborg |
| KIMBERLY KARDASHIAN, Counter-defendant. | Trial Date:  July 23, 2012 |

Pursuant to Civil L.R. 16-10(d), the parties to the above-entitled action certify that they met and conferred at least 7 days prior to the subsequent case management conference scheduled in this case and jointly submit this Supplemental Case Management Statement.

**1.      Jurisdiction and Service**

This lawsuit is an action for false advertising and unfair competition arising under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), Cal. Bus. & Prof. Code § 17500 *et seq.* and Cal. Bus. & Prof. Code § 17200 *et seq.*, and trademark infringement under § 32 of the Lanham Act (15 U.S.C. § 1114) and California common law.  The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and related claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  The Court has jurisdiction over the claims against Ms. Kardashian under 28 U.S.C. § 1332.  Radiancy has not challenged service or personal jurisdiction, nor has Ms. Kardashian.

**2.      Facts**

The facts remain largely the same as those set forth in the parties' initial Joint Case Management Statement (Dkt. 33), with several updates relating to pleading amendments made by TRIA and Radiancy in August and September 2011, respectively:

- TRIA added claims against Radiancy relating to advertising for Radiancy's OTC acne device, the no!no! Skin, under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), Cal. Bus. & Prof. Code § 17500 *et seq.* and Cal. Bus. & Prof. Code § 17200 *et seq.*  The no!no! Skin is a handheld device intended for the treatment of individual acne pimples in persons with mild to moderate inflammatory acne.  Dkt. 54.

- Radiancy added counterclaims against former TRIA spokesperson Kimberly Kardashian under Cal. Bus. & Prof. Code § 17500 *et seq.* and Cal. Bus. & Prof. Code § 17200 *et seq.*, challenging statements Ms. Kardashian made in the course of promoting TRIA's Laser Hair Removal System ("TRIA LHRS").  Dkt. 71.   Radiancy also added counterclaims against TRIA relating to Ms. Kardashian's statements, under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), Cal. Bus. & Prof. Code § 17500 *et seq.* and Cal. Bus. & Prof. Code § 17200 *et seq.*  Dkt. 71.

**3.     Legal Issues**

The legal issues between TRIA and Radiancy are largely the same as those identified in the parties' initial Joint Case Management Statement.  Additional legal issues raised by TRIA's and Radiancy's pleading amendments include:

**TRIA'S CLAIMS**

(1) Whether Radiancy has engaged in false advertising and unfair competition arising under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) with respect to the no!no! Skin;

(2) Whether Radiancy has engaged in false advertising arising under Cal. Bus. & Prof. Code § 17500 with respect to the no!no! Skin;

(3) Whether Radiancy has engaged in unfair competition arising Cal. Bus. & Prof. Code § 17200 et seq. with respect to the no!no! Skin;

(4) Whether Radiancy should be enjoined and restrained from disseminating any statement, either directly or indirectly, concerning the nature, characteristics and qualities of the no!no! Skin in any way so as to constitute unfair competition or deceptive, untrue, or misleading advertising;

(5) Whether Radiancy should be ordered to issue statements retracting its false and/or misleading and deceptive statements concerning the no!no! Skin by distributing such retractions;

(6) Whether Radiancy's physical brochures, advertisements, press releases and promotional materials that contain unlawful statements concerning the no!no! Skin should be recalled and destroyed;

(7) Whether TRIA is entitled to damages for any violation with respect to the no!no! Skin;

(8) Whether TRIA is entitled to trebled damages pursuant to 15 U.S.C. § 1117 as a result of any violation regarding the no!no! Skin;

(9) Whether TRIA is entitled to attorneys' fees pursuant to 15 U.S.C. § 1117(a) as a result of any violation regarding the no!no! Skin;

(10) Whether TRIA is entitled to costs as a result of any violation regarding the no!no! Skin;

## **RADIANCY'S DEFENSES**

(1) The allegations and claims in the Amended Complaint, in whole or in part, fail to state a claim upon which relief may be granted;

(2) The allegations and claims in the Amended Complaint are barred, in whole or in part, by TRIA's unclean hands;

(3) The allegations and claims in the Amended Complaint are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel;

(4) The allegations and claims in the Amended Complaint are barred, in whole or in part, by the applicable statutes of limitations;

(5) The allegations and claims in the Amended Complaint are barred, in whole or in part, because TRIA's claims have been filed for an improper purpose and lack a reasonable good faith basis in fact;

(6) The allegations and claims in the Amended Complaint are barred, in whole or in part, because they are preempted by federal law;

(7) The allegations and claims in the Amended Complaint are barred, in whole or in part, because they fall within the primary jurisdiction of the FDA;

(8) The claims for damages in the Amended Complaint are barred, in whole or in part, because they are too remote and/or speculative.

Additional legal issues raised by Radiancy's claims against TRIA and Ms. Kardashian relating to Ms. Kardashian's statements include:

**RADIANCY'S CLAIMS**

(1) Whether TRIA and/or Ms. Kardashian have engaged in false advertising arising under Cal. Bus. & Prof. Code § 17500;

(2) Whether TRIA and/or Ms. Kardashian have engaged in unfair competition arising under Cal. Bus. & Prof. Code § 17200 et seq.;

(3) Whether Ms. Kardashian should be enjoined, preliminarily or permanently, from advertising the TRIA Hair;

(4) Whether TRIA and/or Ms. Kardashian should account to Radiancy for any gains, profits and advantages derived from the challenged acts;

**MS. KARDASHIAN'S DEFENSES**

(1) Whether Radiancy's Counterclaims, in whole or in part, fail to state a claim upon which relief may be granted;

(2) Whether Radiancy's Counterclaims are barred, in whole or in part, by Radiancy's unclean hands;

(3) Whether Radiancy's Counterclaims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppels;

(4) Whether Radiancy's Counterclaims are barred, in whole or in part, because Radiancy's Counterclaims have been filed for an improper purpose and lack a reasonable good faith basis in fact;

(5) Whether Radiancy's Counterclaims are barred to the extent they are preempted by federal law;

(6) Whether Radiancy's Counterclaims are barred to the extent they fall within the primary jurisdiction of the FDA, the FTC and/or other federal agencies;

(7) Whether Radiancy's Counterclaims are barred, in whole or in part, because they are too remote and/or speculative;

(8) Whether Radiancy's Counterclaims are barred because the alleged conduct and statements by Ms. Kardashian were performed in reliance upon and pursuant to her contract with and instructions and information from TRIA;

(9) Whether Radiancy's Counterclaims are barred because, at the time of the alleged conduct and statements by Ms. Kardashian, and since then, Ms. Kardashian has had no information indicating, or any other reason to believe, that any of the information regarding the TRIA Hair was false or materially misrepresented;

(10) Whether Radiancy's Counterclaims are barred because, at the time of the alleged conduct and statements by Ms. Kardashian, and since then, Ms. Kardashian has had no knowledge of any material misrepresentation about the TRIA Hair;

(11) Whether Radiancy's Counterclaims are barred because the alleged conduct and statements by Ms. Kardashian reflected her good faith belief and opinions, and there was reasonable substantiation for such conduct and statements;

(12) Whether Radiancy's Counterclaims are barred because, at all times, Ms. Kardashian's conduct and statements regarding the TRIA Hair have conformed to applicable law and regulations; and

(13) Whether Ms. Kardashian is entitled to recover from Radiancy the costs and reasonable attorneys' fees incurred in defending the claims against her.

**TRIA'S DEFENSES**

(1) Whether Radiancy's Counterclaims fail to state a claim upon which relief may be granted;

(2) Whether Radiancy's Counterclaims are barred, in whole or in part, by Radiancy's unclean hands;

(3) Whether Radiancy's Counterclaims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel;

(4) Whether Radiancy's Counterclaims are barred, in whole or in part, by the applicable statutes of limitations;

(5) Whether Radiancy's Counterclaims are barred, in whole or in part, because Radiancy's Counterclaims have been filed for an improper purpose and lack a reasonable good faith basis in fact;

(6) Whether Radiancy's Counterclaims are barred to the extent they are preempted by federal law;

(7) Whether Radiancy's Counterclaims are barred because they fall within the primary jurisdiction of the FDA and/or other federal agencies; and

(8) Whether the claims for damages in Radiancy's Counterclaims are barred, in whole or in part, because they are too remote and/or speculative.

**4.     Motions**

Since the initial Joint Case Management Statement, several motions have been filed.  As mentioned above, in July 2011 and August 2011, TRIA and Radiancy, respectively, moved to amend their initial pleadings.  Both motions were granted.  Dkts. 50 and Dkt. 70.  On August 10, 2011, TRIA moved to compel production of certain categories of documents from Radiancy, and Magistrate Judge Vadas granted that motion in full on September 23, 2011.  Dkt. 78.  On March 2, 2012, Radiancy moved for relief from the scheduling order, and the Court denied that motion on March 12, 2012.  Dkt. 114.

Summary judgment motions are due today, with hearings to occur on May 10, 2012 under the Case Management Order.  Radiancy and Ms. Kardashian are filing summary judgment motions.

**5.      Amendment of Pleadings**

As set forth above, TRIA and Radiancy previously amended their respective pleadings once.  No subsequent pleading amendments have been sought by TRIA, Radiancy, or Ms. Kardashian.

**6.      Evidence Preservation**

As stated in the initial Joint Case Management Statement, appropriate steps have been taken by all parties to preserve relevant evidence.

**7.      Disclosures**

Disclosures have been served by all parties.

**8.      Discovery**

The parties refer the Court to their respective briefing of Radiancy's motion for relief from the scheduling order (Dkts. 107 and 110) for a full summary of the fact discovery as of the date of those filings.  Since that time, additional fact depositions have been taken or are scheduled to be taken.  A date for the deposition of Dannika Harrison, TRIA's current Vice President of eCommerce and Direct Response Marketing, has been confirmed.  Dates for the depositions of Michael Dannenberg and the supplemental deposition of TRIA's CEO, Kevin Appelbaum, have not yet been set.  The parties anticipate that fact depositions should be largely completed by the end of this month.

Opening expert reports have been served.  TRIA served five opening expert reports, including reports from a marketing expert, three technical experts, and a damages expert, and Radiancy served one opening report from a regulatory expert.  Rebuttal reports will served over the next several weeks, with the precise deadlines for various reports to be set forth in a stipulated modification of the Case Management Order that the parties expect to file shortly. The parties also have discussed the scheduling of expert depositions, and expect to request a modification of the expert discovery deadlines in the Case Management Order to accommodate the schedules of both parties' experts.  TRIA and Ms. Kardashian believe these changes will not require changes to other dates in the schedule.  Radiancy continues to believe that further changes to the scheduling order, including a new trial date, are necessary.

**9.      Class Actions**

As stated in the initial Joint Case Management Statement, this action is not a class action.

**10.      Related Cases**

None.

**11.      Relief**

Relief sought by TRIA and Radiancy is outlined in the initial Joint Case Management Statement.  In addition:

TRIA seeks to enjoin and restrain Radiancy from disseminating any statement, either directly or indirectly, concerning the nature, characteristics and qualities of the no!no! Skin in any way so as to constitute unfair competition or deceptive, untrue, or misleading advertising.  TRIA seeks an order that Radiancy issue statements retracting its false and/or misleading and deceptive statements concerning the no!no! Skin by distributing such retractions.  TRIA also asks the Court to Order that Radiancy's physical brochures, advertisements, press releases and promotional materials that contain unlawful statements concerning the no!no! Skin be recalled and destroyed.  TRIA further seeks Radiancy's wrongfully obtained profits as well as TRIA's damages for any violation with respect to the no!no! Skin, trebled damages pursuant to 15 U.S.C. § 1117, attorneys' fees pursuant to 15 U.S.C. § 1117(a), and costs.

Radiancy seeks to enjoin TRIA and Ms. Kardashian, and all persons in active concert and/or participation with them, from further dissemination of the following:

(1) Any express or implied statements that use of TRIA Hair results in "permanent hair removal," as well as all substantively similar statements;

(2) Any express or implied claims that consumers who use TRIA Hair will never need to shave, wax or use any other form of hair removal again;

(3) Any express or implied statements that the FDA has cleared or approved TRIA Hair for permanent hair removal;

(4) Any express or implied statement that TRIA Hair is "safe and effective" for all consumers and for all body parts;

(5) Any express or implied statement that TRIA Hair is painless or pain-free

(6) Any express or implied statement that TRIA Hair is equivalent to professional hair removal treatment;

(7) Any express or implied statement that TRIA Hair is the "only" or "first and only" OTC laser hair removal product;

Radiancy also seeks to enjoin Ms. Kardashian from advertising the TRIA Hair, and seeks an Order directing that Ms. Kardashian account to Radiancy for all gains, profits, and advantages derived from the wrongful acts herein;

Ms. Kardashian seeks a judgment from the Court in her favor on each of Radiancy's claims against her.  She also seeks the costs and reasonable attorneys' fees incurred in defense of those claims, and any other and further relief as the Court deems appropriate.

**12.    Settlement and ADR**

Since the initial Joint Case Management Statement, TRIA and Radiancy participated in a mediation process in spring 2011.  *See* Dkt. 13; Dkt. 40.  William N. Hebert was selected as the mediator, and mediation sessions took place on March 23-24, 2011 and May 16 and 17, 2011.  Dkt. 40.  Mediation did not result in the resolution of any issues for trial. Since that time, the parties have had additional discussions of settlement, but to date, those discussions have not resulted in the resolution of any issues for trial.

**13.    Consent to Magistrate Judge For All Purposes**

No change from the initial Joint Case Management Statement.

**14.    Other References**

No change from the initial Joint Case Management Statement.

**15.    Narrowing of Issues**

No change from the initial Joint Case Management Statement.

**16.**     **Expedited Schedule**

No change from the initial Joint Case Management Statement.

**17.**     **Scheduling**

The current Case Management Order was entered by the Court on January 25, 2012 (Dkt. 98) and was modified in part by the Court's Order on March 5, 2012 (Dkt. 108). The Court denied Radiancy's Motion for Relief from Case Management Scheduling Order on March 12, 2012 (Dkt. 114).  TRIA and Ms. Kardashian do not seek any further modification of the schedule at this time.  Radiancy continues to believe that further changes to the scheduling order, including a new trial date, are necessary, and reserves its right to renew its request for relief from the Case Management Scheduling Order.

**18.**     **Trial**

Plaintiff has demanded a jury trial, and the Court has set a trial date of July 23, 2012.  Although TRIA and Radiancy previously anticipated that the trial would take 5-7 days, given the addition of claims by both sides and the addition of a new party, the parties now anticipate that the trial will take  7-10.

**19.**     **Disclosure of Non-party Interested Entities or Persons**

No change from the initial Joint Case Management Statement.

**20.**     **Other Matters**

Counsel will meet and confer to prepare a joint final pretrial conference statement and proposed order, and to coordinate submission of trial exhibits, designation of depositions, and other trial materials.  In advance of the pretrial conference, counsel also will meet and confer to attempt to resolve any significant disputed issues of law, including procedural and evidentiary issues, and to determine if issues for trial can be narrowed by stipulation, settlement or otherwise.

The parties do not have any further matters to discuss at this time.

Respectfully submitted,

April 5, 2012                     By:  /s/ Peter M. Brody___   _____
                                     Peter M. Brody
                                     ROPES & GRAY LLP
                                     Attorneys for Plaintiff / Counter-Defendant
                                     TRIA BEAUTY, INC.

April 5, 2012                     By:  /s/ Brendan J. O'Rourke_____
                                     Brendan J. O'Rourke
                                     PROSKAUER ROSE LLP
                                     Attorneys for Defendant / Counter-Claimant
                                     RADIANCY, INC.

April 5, 2012                     By:  /s/ Michael J. Kump_____
                                     Michael J. Kump
                                     KINSELLA WEITZMAN ISER KUMP &
                                     ALDISERT LLP
                                     Attorneys for Counter-Defendant KIMBERLY
                                     KARDASHIAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In accordance with General Order No. 45, Rule X, the below signatory attests that concurrence in filing of this document has been obtained from each signatory above.


Dated: April 5, 2012                                    /s/ Jennifer L. Jones
                                                        Jennifer L. Jones