Thad A. Davis (CSB # 220503)
 thad.davis@ropesgray.com
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, California 94111-4006
Telephone: (415) 315 6300
Facsimile: (415) 315 6350

Peter M. Brody (*pro hac vice*)
 peter.brody@ropesgray.com
Mariel Goetz (*pro hac vice*)
 mariel.goetz@ropesgray.com
Alexandra J. Roberts (*pro hac vice*)
 alexandra.roberts@ropesgray.com
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005-3948
Telephone: (202) 508 4600
Facsimile: (202) 508 4650

Attorneys for Plaintiff and Counter-Defendant
TRIA BEAUTY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TRIA BEAUTY, INC., <br>     Plaintiff, <br> v. <br> RADIANCY, INC., <br>     Defendant. | Case No. 10-cv-05030-RS (NJV) <br><br> **DECLARATION OF MARIEL GOETZ IN SUPPORT OF TRIA'S MOTION TO STRIKE RADIANCY'S [SECOND] MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| RADIANCY, INC., <br>     Counter-claimant <br> v. <br> TRIA BEAUTY, INC., <br>     Counter-defendant, <br> and <br> KIMBERLY KARDASHIAN, <br>     Counter-defendant | |

I, Mariel Goetz, hereby declare and state as follows:

1. I am an associate in the law firm of Ropes & Gray LLP, counsel of record for TRIA Beauty, Inc. ("TRIA") in this litigation. I submit this declaration in support of TRIA's Opposition to Radiancy Inc.'s ("Radiancy") [Second] Motion for Partial Summary Judgment.

2. For the past several months, Radiancy has claimed it needs more time to prepare for trial and sought to delay the resolution of this case, including filing a motion to adjourn the trial date (D.I. 107) that was ultimately denied (D.I. 114). TRIA, on the other hand, has pushed for adherence to the trial date of July 23, 2012 (D.I. 42; D.I. 125).

3. Several times since the inception of the case the parties have agreed to jointly seek modifications of the Case Management Order.

4. On January 24, 2012, the parties jointly sought to extend the time period for fact discovery, expert disclosures and reports, and expert discovery, moving most deadlines back approximately two weeks. However, the dates for the case management conference, hearings on pre-trial motions, and the trial date remained the same. (D.I. 97.) The Court granted the stipulation the same day that the parties filed it. (D.I. 98.)

5. On March 1, 2012, the parties again sought to modify the schedule, this time to (i) reopen fact discovery for certain limited purposes; and (ii) extend the time period for expert reports, postponing the serving of those reports until after the Court had ruled on Radiancy's separate pending motion to push back the trial date. (D.I. 104.) The deadline for TRIA's damages expert report was adjusted so that the damages report would be due 14 days after certain fact discovery took place – namely, the deposition of Radiancy's 30(b)(6) witness on financial matters, which was in turn keyed to Radiancy's expected production of its financial information. Once again, the parties agreed that the other pre-trial dates, including the date for hearings on pre-trial motions, were to remain unchanged. On March 4, 2012, the Court granted the stipulation. (D.I. 108.)

6. The change to the deadline for TRIA's damages expert report was due to Radiancy's delay in producing its financial information and a 30(b)(6) witness for deposition on

1  financial matters, discovery that both parties have acknowledged were necessary prerequisites to the preparation of an expert report on damages.

7.  TRIA first requested financial information from Radiancy on January 13, 2011. Exhibit 1 is a true and correct copy of Plaintiff/Counter-Defendant TRIA Beauty, Inc.'s First Set of Requests for Production of Documents to Defendant/Counter-Claimant Radiancy, Inc.

8.  TRIA requested additional financial information from Radiancy on August 11, 2011.

9.  While it objected to some aspects of the requests, Radiancy agreed to produce documents "sufficient to show" a wide range of facts relating to Radiancy's sales, revenues, costs, advertising expenditures, and other information critical to TRIA's damages case. Exhibits 2 is a true and correct copy of Radiancy, Inc.'s Responses and Objections to TRIA Beauty, Inc.'s First Set of Document Requests, served March 4, 2011.

10.  As of early January, 2012, Radiancy had produced none of the financial information TRIA had originally requested in its January 13, 2011 discovery requests and continued to request by phone and email throughout the intervening months. On a meet and confer phone call on January 9, 2012, Radiancy initially agreed to produce its financial data within that week.

11.  Having not received any production as of January 21, 2012, that day TRIA inquired again about the status of that production. Exhibit 3 is an excerpt from a true and correct copy of an email from Peter M. Brody, counsel for TRIA, to Brendan J. O'Rourke, counsel for Radiancy, dated January 21, 2012, stating "you represented in [the January 9, 2012] call that we would receive financial spreadsheets that same week, and despite repeated requests, we still have not received that information. Please confirm we will receive this Monday."

12.  On January 23, 2012, Peter M. Brody, counsel for TRIA, e-mailed Brendan J. O'Rourke, counsel for Radiancy, confirming that TRIA would take the 30(b)(6) deposition of Radiancy on financial matters on January 27, 2012, and stating "Given this, it is especially imperative that Radiancy produce its financial spreadsheets today." Exhibit 4 is an excerpt from a true and correct copy of that email.

13. On January 24, 2012, Mariel Goetz, counsel for TRIA, e-mailed Brendan J. O'Rourke, counsel for Radiancy, stating "We have not yet received any separate financial spreadsheet or production, which we obviously need to prepare for Friday's 30(b)(6) deposition of Dolev Rafaeli" and asking again, "when are you planning to produce it?" Exhibit 5 is a true and correct copy of that email.

14. On January 26, 2012, Peter M. Brody, counsel for TRIA, e-mailed Brendan J. O'Rourke, counsel for Radiancy, stating "As for the financial spreadsheet, we would like to have that well in advance of the deposition, so that we may review it with our experts." Exhibit 6 is a true and correct copy of that email.

15. On January 30, 2012, Peter M. Brody, counsel for TRIA, e-mailed Brendan J. O'Rourke, counsel for Radiancy, stating "Radiancy's continued delay in producing its summary financial information is threatening to prejudice TRIA's ability to present its damages case. Specifically, we have been advised by our damages experts that, in order to meet the current expert disclosure deadline of February 29, 2012, we must have Radiancy's financial information by no later than [the close of business on] February 2, 2012. Please confirm today that you will provide the spreadsheet by that date or sooner, or we will need to consider enlisting the assistance of the Court." Exhibit 7 is a true and correct copy of that email.

16. On February 1, 2012, Peter M. Brody, counsel for TRIA, e-mailed Brendan J. O'Rourke, counsel for Radiancy, stating, "You also did not respond regarding Radiancy's financial information, which we also have patiently awaited for many weeks. Please respond immediately." [A copy of this email is not attached because of potentially confidential information elsewhere in the email.]

17. On February 3, 2012, Peter M. Brody, counsel for TRIA, e-mailed Brendan J. O'Rourke, counsel for Radiancy, stating "We still have not received Radiancy's financial information . . . Per my email of January 30, we are now past the point at which our damages experts can complete their analysis in time to meet the February 29 deadline for expert reports. Accordingly, we request Radiancy's immediate agreement to postpone the deadline for TRIA's damages expert report (not any other expert report, however) until the later of four weeks after

**DECLARATION OF MARIEL GOETZ IN SUPPORT OF TRIA'S**
**MOTION TO STRIKE RADIANCY'S MOTION FOR PARTIAL SUMMARY JUDGMENT** 3
**Case No. 10-cv-05030-RS (NJV)**

1  receipt of Radiancy's financial information or two weeks after completion of the Rule 30(b)(6)
2  deposition.  If Radiancy does not agree to that postponement, or does not respond to this request
3  by close of business Monday, February 6, we intend to seek relief from the court and therefore
4  ask that you be available on Tuesday, February 7, for a final meet-and-confer."  Exhibit 8 is an
5  excerpt from a true and correct copy of that email.
6        18.    On February 7, 2012, Peter M. Brody, counsel for TRIA, e-mailed Brendan J.
7  O'Rourke, counsel for Radiancy, stating "I also never received any responses to my repeated
8  emails regarding Radiancy's financial information.  Radiancy's unresponsiveness on all these
9  critical discovery items is frustrating in the extreme and borders on a lack of good-faith
10 cooperation.  We request an immediate meet and confer today to attempt to resolve these issues
11 before seeking assistance from the magistrate."  Exhibit 9 is a true and correct copy of that
12 email.
13       19.    On February 16, 2012, at 11:49am, Peter M. Brody, counsel for TRIA, e-mailed
14 Brendan J. O'Rourke, counsel for Radiancy, stating "As we have discussed on numerous
15 occasions, Radiancy's even more extraordinary delay in producing financial information makes
16 it impossible for TRIA to meet the deadline for expert reports on damages, and as we have
17 agreed, that deadline will have to be extended.  The Rule 30(b)(6) deposition of Dr. Rafaeli as
18 Radiancy's corporate designee, however, will include critical matters relating to liability issues,
19 including issues that our experts will be addressing, as well as damages.  Any further delay in
20 producing Dr. Rafaeli for deposition on those subjects will cause TRIA significant prejudice,
21 and we ask that he be made available for that deposition next Thursday, February 23, or Friday,
22 February 24."  Exhibit 10 is a true and correct copy of that email.
23       20.    On February 16, 2012, at 3:28pm, Peter M. Brody, counsel for TRIA, e-mailed
24 Brendan J. O'Rourke, counsel for Radiancy, stating "we have yet to see any financial
25 spreadsheet from Radiancy and we do not even have a definitive commitment from you as to
26 when we will."  Exhibit 11 is a true and correct copy of that email.
27       21.    On February 16, 2012, TRIA received Radiancy's first production of financial
28 data.  As TRIA asserted and Radiancy acknowledged during a meet and confer call on February

20, 2012, the data produced was deficient, lacking a number of the necessary elements for TRIA to depose Radiancy's 30(b)(6) witness or prepare its expert report.

22. During a telephonic meet and confer on February 20, 2012, TRIA identified numerous categories of information absent from Radiancy's financial production. Brendan J. O'Rourke, counsel for Radiancy, acknowledged the deficiencies, stating "I'm embarrassed we haven't gotten you [that information] yet" and agreeing that Radiancy would provide the missing data.

23. On February 21, 2012, TRIA followed up in writing, enumerating the deficiencies in Radiancy's partial financial production. Exhibit 12 is a true and correct copy of an email from Peter M. Brody, counsel for TRIA, to Brendan J. O'Rourke, counsel for Radiancy, dated February 21, 2012, listing the categories of financial data TRIA still needed and stating "TRIA is entitled to complete financial information, and we expect that information to be produced forthwith. Please be prepared to discuss the timetable for production of this information at our meet-and-confer tomorrow."

24. On February 24, 2012, Peter M. Brody, counsel for TRIA, e-mailed Brendan J. O'Rourke, counsel for Radiancy, stating "Radiancy's delay in producing documents 'sufficient to show' the financial information requested by TRIA – which Radiancy committed to produce in its responses to TRIA's document requests approximately a year ago – has rendered it impossible for our damages expert to produce a complete report by February 29." Exhibit 13 is an excerpt from a true and correct copy of that email.

25. TRIA received the remainder of Radiancy's financial information on March 7, 2012.

26. TRIA also had repeatedly requested the deposition of a corporate designee of Radiancy on financial subjects and to explain Radiancy's financial records.

27. On February 24, 2012 and then again several days later, the parties met and conferred to determine a firm schedule for Radiancy's financial production, the deposition of Radiancy's 30(b)(6) witness on financial matters, and the submission of TRIA's damages expert report.

**1**      28.    The parties agreed that once Radiancy disclosed the financial data TRIA had

**2** requested, TRIA would depose Radiancy's 30(b)(6) witness within 7 days of that production

**3** and serve its expert damages report within 14 days of that deposition.

**4**      29.    On March 1, 2012, the parties filed with the court a joint stipulation

**5** memorializing their agreement, which the Court adopted on March 4, 2012.  See Stipulation

**6** (D.I. 104, 2(b)(iii)); Order (D.I. 108) (ordering "[e]xpert disclosures and reports on any damages

**7** issue as to which a party has the burden of proof…shall be served…within fourteen (14) days of

**8** the completion of any additional relevant discovery [i.e., the deposition of Radiancy's 30(b)(6)

**9** witness]").

**10**     30.    When the parties scheduled the deposition of Radiancy's 30(b)(6) witness for

**11** March 14, 2012 (the first date on which Radiancy said its witness was available following the

**12** production of its financial information on March 7), Radiancy knew that, per the parties'

**13** agreement, TRIA's damages report would be due on March 28 (14 days after March 14) –  little

**14** more than a week before the April 5 deadline for summary judgment motions.  (That deposition

**15** initially had been scheduled for January 27, 2012, only to be indefinitely postponed by

**16** Radiancy because of its inability to produce Radiancy's financial information before then.

**17** Despite TRIA's repeated requests to reschedule, Radiancy ultimately confirmed the March 14,

**18** 2012 deposition date on March 7, 2012.)

**19**     31.    During a telephonic meet and confer on March 26, 2012, Radiancy asked TRIA

**20** for an extension of the deadlines for several of its rebuttal expert reports.

**21**     32.    TRIA agreed to Radiancy's request and, in turn, asked for a two-day extension

**22** for the submission of its damages expert report.  Radiancy agreed, stating, "Yes, we can agree to

**23** the mutual extension you propose."  Attached as Ex. 14 is an excerpt from a true and complete

**24** copy of an email from Jennifer L. Jones, counsel for Radiancy, to Peter M. Brody, counsel for

**25** TRIA, dated March 28, 2012.

**26**     33.    At the time, Radiancy never mentioned any prejudice that might result from that

**27** 2-day extension, including any problem it might have meeting the April 5 summary judgment

**28** deadline.

DECLARATION OF MARIEL GOETZ IN SUPPORT OF TRIA'S
MOTION TO STRIKE RADIANCY'S MOTION FOR PARTIAL SUMMARY JUDGMENT             6
Case No. 10-cv-05030-RS (NJV)

34. On April 5, the parties met and conferred telephonically regarding the preparation of the Joint Case Management Statement due that day. During that conference, counsel for TRIA asked if Radiancy would be filing any motion for summary judgment. Victoria Loughery, counsel for Radiancy, said Radiancy would indeed be filing such a motion. At no point during that conference did counsel for Radiancy mention the need for more time to prepare any such motion, including one on damages issues. Nor did Radiancy seek to include any statement or request to the Court regarding this issue in the Joint Case Management Statement ultimately filed with the Court later that day, other than a general statement that "Radiancy continues to believe that further changes to the scheduling order, including a new trial date, are necessary, and reserves its right to renew its request for relief from the Case Management Scheduling Order." (D.I. 122.)

35. On April 5, Radiancy filed a 17-page motion for summary judgment on issues relating to Radiancy's counterclaims asserted against TRIA. (D.I. 119.)

36. Radiancy's first mention of its desire to potentially file an additional motion for summary judgment on damages issues following the April 5 deadline came a full week later. At the very end of the parties' April 12, 2012, case management conference, Radiancy's counsel raised "one last thing"—the possibility of filing a second motion for summary judgment relating to damages. This Court, without knowledge of any of the foregoing facts, merely indicated that, were such a filing to occur, the Court would postpone and consolidate the hearing on the existing motions for summary judgment.

37. After the conference, TRIA advised Radiancy that, given Radiancy's delays in producing its financial information, TRIA would strenuously object to any late-filed summary judgment motion by Radiancy. Exhibit 15 is a true and correct copy of an email from Peter M. Brody, counsel for TRIA, to Brendan J. O'Rourke, counsel for Radiancy, dated April 13, 2012, responding to Mr. O'Rourke's comment at the close of the case management conference.

38. On April 16, 2012, Radiancy's counsel responded, by e-mail, that Radiancy was still considering "whether to file a summary judgment motion on damages" and stated that he would "not address [TRIA's concerns] substantively unless and until it matters." Exhibit 16 is a

1  true and correct copy of an email from Brendan J. O'Rourke, counsel for Radiancy, to Peter M.
2  Brody, counsel for TRIA, dated April 16, 2012.

3        39.    Over two weeks later, and without having further addressed TRIA's objections,
4  Radiancy filed its second motion for partial summary judgment, including a 25-page brief citing
5  over 30 authorities and a declaration attaching over 600 pages of exhibits. The motion seeks
6  dismissal of all TRIA's damages claims against Radiancy, citing disagreements with TRIA's
7  experts' methodology and opinions.

8      I declare under penalty of perjury under the laws of the United States that the foregoing
9  is true and correct. Executed on April 30, 2012 at Washington, DC.

                */s/ Mariel Goetz*
                Mariel Goetz
                ROPES & GRAY LLP