Brendan J. O'Rourke*
*borourke@proskauer.com*
Alexander Kaplan*
*akaplan@proskauer.com*
Jennifer L. Jones*
*jljones@proskauer.com*
Victoria L. Loughery*
*vloughery@proskauer.com*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Phone: (212) 969-3000
Facsimile: (212) 969-2900
* Admitted *Pro Hac Vice*

Robert H. Horn (SBN 134710)
*rhorn@proskauer.com*
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Phone:    (310) 557-2900
Facsimile: (310) 557-2193

Attorneys For Defendant and
Counterclaim Plaintiff Radiancy, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRIA BEAUTY, INC.,<br>            Plaintiff,<br>   vs.<br>RADIANCY, INC.,<br>            Defendant.<br>RADIANCY, INC.,<br>            Counterclaim Plaintiff,<br>   vs.<br>TRIA BEAUTY, INC.,<br>            Counterclaim Defendant,<br>   and<br>KIMBERLY KARDASHIAN,<br>            Counterclaim Defendant. | CASE NO. CV-10-5030 (RS) (NJV)<br><br>**RADIANCY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO TRIA BEAUTY INC.'S MOTION TO STRIKE RADIANCY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:   June 7, 2012<br>Time:   1:30PM<br>Ctrm:   3<br><br><br>Honorable Judge Richard Seeborg |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 1

PRELIMINARY STATEMENT .................................................................................................... 1

COUNTER-STATEMENT OF FACTS ......................................................................................... 5

ARGUMENT .................................................................................................................................. 7

I. THE COURT SHOULD EXERCISE ITS DISCRETION TO HEAR RADIANCY'S DAMAGES MOTION BECAUSE RADIANCY ACTED IN GOOD FAITH AND TRIA WILL HAVE AN ADEQUATE OPPORTUNITY TO RESPOND TO THE DAMAGES MOTION ................................................................. 8

II. RADIANCY ACTED DILIGENTLY AND HAD GOOD CAUSE TO FILE THE DAMAGES MOTION AFTER THE APRIL 5 CUT-OFF DATE ....................... 9

    A. Radiancy Acted Diligently ................................................................................. 10

    B. TRIA Cannot – and Does Not – Claim Any Prejudice as a Result of Radiancy's Filing ............................................................................................... 11

III. RADIANCY'S DAMAGES MOTION IS NOT A *DAUBERT* MOTION .......................... 12

CONCLUSION ............................................................................................................................. 13

i

RADIANCY INC.'S MEMORANDUM IN OPPOSITION TO TRIA BEAUTY INC.'S MOTION TO STRIKE RADIANCY'S MOTION FOR PARTIAL SUMMARY JUDGMENT – CASE NO. 3-10-CV-05030 RS (NJV)

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Burch v. Regents of the Univ. of Cal.*,
  433 F. Supp. 2d 1110 (E.D. Cal. 2006)..................................................................................13

*Coulombe v. Total Renal Care Holdings, Inc.*,
  2007 U.S. Dist. LEXIS 33381 (W.D. Wash. May 4, 2007).....................................................8

*Echazabal v. Chevron USA, Inc.*,
  336 F.3d 1023 (9th Cir. 2003) ...............................................................................................12

*Great American Ins. Co. v. United States*,
  552 F. Supp. 2d 703 (S.D. Ohio 2008) ........................................................................8, 9, 11

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) .................................................................................................10

*KEMA, Inc. v. Koperwhats*,
  2010 U.S. Dist. LEXIS 90803 (N.D. Cal. Sept. 1, 2010) ........................................................8

*Lake v. First Nat'l Ins. Co. of Am.*,
  2011 U.S. Dist. LEXIS 24765 (N.D. Cal. Mar. 10, 2011)......................................................12

*Moisenko v. Volkwagenwerk*,
  2000 U.S. Dist. LEXIS 3054 (W.D. Mich. Mar. 9, 2000).........................................................9

*Monroe v. McNairy Cnty.*,
  2012 U.S. Dist. LEXIS 13894 (W.D. Tenn. Feb. 6, 2012).......................................................8

*Raskin v. Wyatt Co.*,
  125 F.3d 55 (2nd Cir. 1997)..................................................................................................12

*Schmidt v. Pentair, Inc.*,
  2010 U.S. Dist. LEXIS 123053 (N.D. Cal. Nov. 4, 2010)........................................................8

*Southland Sod Farms v. Stover Seed Co.*,
  108 F.3d 1134 (9th Cir. 1997) ...............................................................................................12

*Sunstone Behavioral Health, Inc. v. Alameda Cnty. Med. Ctr.*,
  2008 U.S. Dist. LEXIS 50229 (E.D. Cal. June 18, 2008)..................................................8, 11

*Todd v. Stryker Corp.*,
  2012 U.S. Dist. LEXIS 60953 (E.D. Cal. May 1, 2012).........................................................13

*Utah v. United States*,
  2005 U.S. Dist. LEXIS 37041 (D. Utah Aug. 24, 2005) ........................................................11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16 .................................................................................................................... 9, 10

Fed. R. Civ. P. 26(a)(2)(B) ............................................................................................................ 12

iii

RADIANCY INC.'S MEMORANDUM IN OPPOSITION TO TRIA BEAUTY INC.'S MOTION TO STRIKE RADIANCY'S MOTION FOR PARTIAL SUMMARY JUDGMENT – CASE NO. 3-10-CV-05030 RS (NJV)

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant-Counterclaimant Radiancy, Inc. ("Radiancy") respectfully submits this memorandum of points and authorities in opposition to TRIA Beauty, Inc.'s ("TRIA") motion to strike Radiancy's motion for partial summary judgment on TRIA's damages claims (the "Motion to Strike").

## PRELIMINARY STATEMENT

TRIA's Motion to Strike is yet another example of TRIA's attempt to paint Radiancy as a "bad actor" while refusing to acknowledge any responsibility for the significant role TRIA itself has played in this most recent scheduling dispute. However, looking beyond the numerous factual distortions and omissions on which TRIA's Motion relies, one thing becomes crystal clear: TRIA has not presented a single, justifiable ground for striking Radiancy's motion for partial summary judgment dismissing TRIA's damages claims (the "Damages Motion"). Most notably, TRIA has not offered a single reason why it had been or would be prejudiced by having to respond to Radiancy's summary judgment motion at this time. Accordingly, TRIA's Motion to Strike should be denied.

First, and perhaps most disturbing, TRIA falsely accuses Radiancy of "fail[ing] to disclose to the Court that the damages expert reports were delayed because *Radiancy* had, for months, stalled in producing its core financial information to TRIA." Motion to Strike at 1 (emphasis in original). This statement is as outrageous as it is utterly inaccurate. Radiancy has always been forthright – with TRIA, and with this Court – about the fact that, despite its diligent efforts, Radiancy's ability to produce its financial information was delayed by the fact that Radiancy did not, in the ordinary course of business, break out its financials in the precise format that TRIA demanded.[1] Indeed, Radiancy explicitly disclosed this fact to the Court in its Motion for Relief from the Case Management Scheduling Order (the "Motion for Relief") (*see* Dk. 107 at 6:4-12)

---

[1] Radiancy produced its financial information in an Excel spreadsheet format that greatly simplified the work needed to be done by TRIA's damages expert to determine Radiancy's profits.

1

RADIANCY INC.'S MEMORANDUM IN OPPOSITION TO TRIA BEAUTY INC.'S MOTION TO STRIKE RADIANCY'S MOTION FOR PARTIAL SUMMARY JUDGMENT – CASE NO. 3-10-CV-05030 RS (NJV)

1   and in the Declaration of Victoria L. Loughery (the "March 1st Declaration"), which was filed in
2   support of that motion (Dk. 105 ¶¶ 38-41).[2]
3         Moreover, contrary to TRIA's contention, Radiancy never stated or implied that TRIA's
4   expert report was "untimely" – Radiancy merely stated that it had not received the report in
5   sufficient time to prepare a summary judgment motion on damages prior to the April 5th deadline.
6   Such statement is neither false nor misleading.  The Scheduling Order (signed by the Court just 3
7   days before the parties' Conference) called for TRIA to serve its damages expert report on March
8   30th, less than a week before the April 5th deadline for dispositive motions – clearly not enough
9   time for Radiancy to conduct an analysis of TRIA's damages report and prepare a summary
10  judgment motion.[3]
11        Notwithstanding the above, the fact is that TRIA does bear some of the responsibility for
12  the delay in the parties' exchange of damages expert reports.  татr's Motion to Strike
13  hypocritically highlights the fact that Radiancy took over a year to produce its financial
14  information (Motion to Strike at 2:10), while conveniently ignoring the fact that <u>TRIA also took
15  over a year to produce its financial information</u>, much of which is the focus of Radiancy's
16  Damages Motion.  Indeed, although Radiancy first requested TRIA's financial information in
17  December 2010, TRIA did not make its initial production of such information until January 11,
18  2012.  Loughery Decl. Ex. 5.  Then, on February 9th, TRIA informed Radiancy that its production
19  of financial information was incomplete and that the revised production might not be ready in time
20  for the deposition of TRIA's Rule 30(b)(6) financial witness, scheduled for four days later on
21  February 13th.  Loughery Decl. ¶ 9.  TRIA ultimately produced its revised financials on February
22  13th (Loughery Decl. Ex. 7) and Radiancy was unable to take the deposition.  The deposition was

---

[2] The March 1st Declaration was initially subject to a motion to file under seal, which was denied by the Court on March 5, 2012.  Dk. 109.  A true and correct copy of the March 1st Declaration (sans exhibits) is attached as Ex. 11 to the May 7, 2012 Declaration of Victoria L. Loughery ("Loughery Decl."), filed in support of Radiancy's Opposition.
[3] Indeed, Radiancy has consistently raised the concern that the parties' case management schedule would prejudice Radiancy's ability to file such motion.  *See* Reply Brief iso Motion for Relief (Dk. 113) at 9:12-15; Dk. 122 7:27-28; Dk. 124 at 3:15-16.

1  not rescheduled until April 9, 2012 (four days after the deadline for filing summary judgment
2  motions).[4]  Loughery Decl. Ex. 13.
3      TRIA's numerous late productions of documents (which, in part, formed the basis of
4  Radiancy's Motion for Relief), also delayed the filing of Radiancy's Damages Motion.  As
5  explained in the Motion for Relief (Dk. 107 at 8:8-16), it was only as a result of TRIA's belated
6  document productions that Radiancy became aware of the importance of Danika Harrison, TRIA's
7  current VP of eCommerce and Direct Response Marketing, and the need for her deposition.  Ms.
8  Harrison's deposition was not completed until April 18, 2012, almost two weeks after the deadline
9  for summary judgment motions.  Last, and most recently, due to some unspecified "technical
10 issues," TRIA required a last-minute extension of time to serve its damages expert report, to which
11 Radiancy readily consented.  Goetz Decl. (Dk. 152) Ex. 14.
12     As is clear from Radiancy's Damages Motion, in order to analyze the potential viability of
13 TRIA's damages claims, Radiancy needed not only TRIA's financial documents, but also the
14 testimony from the depositions of Ms. Harrison and Mr. Dannenberg and the parties' damages
15 expert reports.  Thus, it was a series of delays by both parties, not just those attributable to
16 Radiancy, which caused the parties' _mutual_ need to adjust the deadlines relating to expert damages
17 reports and discovery and which prevented Radiancy from filing its Damages Motion prior to the
18 April 5th deadline for dispositive motions.[5]
19     In all events, timing alone does not justify striking Radiancy's Damages Motion –
20 especially where, as here, Radiancy asked the Court, in advance, if it would entertain the late
21 filing.  During the parties' April 12, 2012 case management conference (the "Conference"),
22 Radiancy's counsel explained to the Court that Radiancy was strongly considering making a
23 motion for summary judgment on TRIA's claim for damages but that, due to the timing of the
24

---

[4] Furthermore, TRIA originally agreed to produce TRIA's Chief Financial Officer, John Rangel, as TRIA's Rule 30(b)(6) witness for financial issues.  However, on March 28, 2012, TRIA notified Radiancy that it would instead be producing Michael Dannenberg, TRIA's Manager of Financial Planning & Analysis, as its Rule 30(b)(6) witness.  This necessitated Radiancy to essentially re-do its deposition preparation, and to conduct additional searches for information and documents related to Mr. Dannenberg.

[5] Aside from the trial date, this is the only deadline that either party has not consented to modify, and, if the Court grants TRIA's Motion to Strike, would be the only extension, other than of the trial date, to be denied by the Court.

relevant expert reports, Radiancy had been unable to do so by the April 5th deadline.[6]  May 7, 2012 Declaration of Brendan J. O'Rourke ("O'Rourke Decl.") ¶¶ 14-15.  Radiancy asked the Court whether, if Radiancy ultimately decided to file such motion, the Court would consider it notwithstanding the fact that the date for dispositive motions had passed.  *Id.*  The Court stated that it would prefer not to hear the dispositive motions "*ad seriatim*," but indicated that it would consider Radiancy's motion if, and when, it was filed.  *Id.* at ¶ 18.  Indeed, in closing out the Conference, the Court stated that it would see the parties again "maybe not on May 10th," (*i.e.*, the hearing date for the already-pending summary judgment motions), "but some time after that."[7]  *Id.*  TRIA's counsel was present at the Conference and did not raise any objection to Radiancy's request at that time, nor to the Court's statement that it would likely adjourn the May 10th hearing date.[8]  *Id.* at ¶ 17.

Accordingly, Radiancy believed in good faith that it had obtained the Court's leave to file its Damages Motion during the April 12th Conference and that a formal motion for relief was not necessary.  *Id.* at ¶ 19.  Importantly, and tellingly, <u>TRIA's Motion to Strike does not identify any prejudice resulting from the late filing of Radiancy's motion</u>.  Under these circumstances, striking Radiancy's Damages Motion on procedural grounds is clearly not warranted.

---

[6] TRIA incorrectly asserts that "Radiancy's first mention of its desire to potentially file an additional motion for summary judgment on damages issues" was at the April 12th Conference.  Goetz Decl. ¶ 36.  Radiancy informed TRIA as early as February during a meet and confer call that Radiancy was considering filing such a motion in the event that it determined one was merited after reviewing TRIA's expert report on damages.  O'Rourke Decl. ¶ 20.  Radiancy had also indicated its desire to file a summary judgment motion on TRIA's damages claim in Radiancy's Reply in support of its Motion for Relief, and raised its concern that the April 5th deadline for such a motion was unrealistic in light of the fact that the parties' had neither completed fact discovery, nor even begun expert discovery.  *See* Dk. 113 at 9:12-15.  While the Court denied Radiancy's Motion for Relief, the Court stated that such denial "does not categorically preclude either party from seeking subsequent relief should circumstances warrant it."  Dk. 114 at 1:27-2:2.

[7] The Court has since adjourned the May 10th hearing date to June 7, 2012, so that all the dispositive motions may be heard together.  The Court will also hear 1) Radiancy's motion for partial summary judgment on its affirmative claims against TRIA; and 2) Kimberly Kardashian's motion for summary judgment on Radiancy's claims against her (TRIA has joined Ms. Kardashian's Motion).

[8] On April 13th, the day after the parties' Conference, TRIA's counsel wrote to Radiancy to complain about Radiancy having raised the possibility of filing a summary judgment motion on damages.  Goetz Decl. Ex. 16.  TRIA accused Radiancy of misleading the Court, despite the fact that: a) Radiancy did no such thing; b) TRIA had no objection to Radiancy's request at the time; and c) the facts that Radiancy purportedly "failed to disclose" were previously disclosed to the Court in Radiancy's Motion for Relief (Dk. 107), as well as in the April 9th joint stipulated request to modify the scheduling order (Dk. 124), which was so-ordered by the Court on April 10th (Dk. 125).

1    Last, TRIA argues that the Court should strike Radiancy's Damages Motion because it is a
2 "thinly disguised *Daubert* motion." Motion to Strike at 1:22-23. This argument falsely
3 characterizes Radiancy's Damages Motion, which is based on the fact that: a) TRIA's damages
4 claim is supported solely by the damages assessments provided in TRIA's expert damages reports;
5 and b) <u>even assuming TRIA's expert reports constitute competent and admissible evidence</u>, the
6 reports utterly fail to establish that TRIA has suffered any compensable injury as a result of
7 Radiancy's advertising. *See* Dk. 147-1. Thus, the Court does not need to rule on the admissibility
8 of TRIA's expert reports in order to decide Radiancy's Damages Motion.[9]
9    In sum, TRIA has not articulated any justifiable reason for striking Radiancy's Damages
10 Motion. Accordingly, Radiancy respectfully requests that TRIA's Motion to Strike be denied.

**COUNTER-STATEMENT OF FACTS**

12    The parties' tortured history of discovery issues and scheduling problems is fully set forth
13 in Radiancy's Motion for Relief. Dk. 107, pages 2-6. For the sake of judicial economy, Radiancy
14 will not repeat those details again here. However, TRIA's Motion to Strike contains a number of
15 mischaracterizations and distortions of fact concerning the parties' exchange of financial
16 information, which Radiancy feels compelled to address in this brief.

**The Parties' Production of Financial Information**

18    Radiancy first requested financial information from TRIA on December 21, 2010.
19 Loughery Decl. Ex. 1, Nos. 32-37. Subject to certain limited objections, TRIA agreed to produce
20 the requested information. Loughery Decl. Ex. 2, Nos. 32-37. On October 13, 2011, before
21 receiving any documents from TRIA, Radiancy requested that TRIA produce additional financial
22 information specifically relating to TRIA's claims for damages. Loughery Decl. Ex. 3, No. 119.
23 TRIA objected to Radiancy's request, "on the basis that it is the subject of required expert
24 disclosures under the Case Management Scheduling Order and is thus premature. TRIA will
25 disclose all required information in due course, pursuant to the Order." Loughery Decl. Ex. 4, No.
26 119.

---

[9] Radiancy's rebuttal reports do establish fatal flaws in the reports submitted by TRIA's damages experts, and Radiancy intends to file a motion *in limine* to limit or exclude these reports when and if it becomes necessary.

On January 9, 2012, TRIA indicated during a meet and confer call that it expected to produce a set of summary financial documents within the next few days, and asked when it could expect Radiancy's financial information. Loughery Decl. ¶ 6. In response, Radiancy indicated that it was working on it, and hoped to produce a set of summary financial documents within the next week. *Id.* On January 11, 2012, over a year after Radiancy made its first request for financial information, TRIA made an initial production of its financial documents. Loughery Decl. Ex. 5.

Almost immediately after serving its initial and (unbeknownst to Radiancy at the time) incomplete production of financial information, TRIA began accusing Radiancy of frustrating the discovery process by "delaying" its own financial production. However, prior to January 11, 2012, TRIA had not complained of any "delay" in the production of Radiancy's financial information – indeed, TRIA would have hardly been in a position to do so, <u>since TRIA had not produced its own financial information</u>. However, in light of the fact that the cut-off date for fact discovery was fast-approaching, Radiancy responded to TRIA's concerns about the timing of Radiancy's financial production by explaining that Radiancy's production was taking longer than expected due to the fact that Radiancy did not, in the ordinary course of its business, break out its product sales by individual consumer product, or in a way that separates U.S. sales from other territories (which is how TRIA had requested that such information be presented). Loughery Decl. Ex. 6.

Nonetheless, and notwithstanding the fact that Radiancy had no obligation to create documents that it did not keep in the ordinary course of business, Radiancy continued to work in good faith to compile its financial information and generate a summary spreadsheet in the format TRIA had requested.[10] On February 15, 2012, Radiancy notified TRIA that it was still working to generate the comprehensive financial summary that TRIA had requested, and that Radiancy would be in a position to make an initial production of financial information concerning Radiancy's sales revenues and unit quantities by product line, as well as consolidated financial information for prior

---

[10] Indeed, Radiancy had explicitly objected to producing documents "to the extent that any request purports, or may be construed, to call for the creation or production of any documents not kept in the normal course of business in Radiancy's possession, custody, control or care." Goetz Decl. Ex. 2 at 5.

6

1   years through December 31, 2011.  Loughery Decl. Ex. 8.  Radiancy did, in fact, produce such
2   documents on the following day, February 16th.  Loughery Decl. Ex. 9.
3       Shortly after receiving Radiancy's initial financial production (and despite the fact that
4   Radiancy had specifically notified TRIA that Radiancy was only making a partial production, and
5   would soon be supplementing its information), TRIA emailed Radiancy, complaining of the
6   alleged "significant deficiencies" in Radiancy's financial documents.  Loughery Decl. Ex. 10.  The
7   crux of TRIA's laundry list of complaints was that Radiancy had not broken down the financial
8   information in the precise way that "TRIA has requested" or as "TRIA did in its own financial
9   information." *Id.*
10      Radiancy continued to work in good faith to supplement its production of financial
11  information and produced a set of revised financial documents on March 7th.  Loughery Decl. Ex.
12  12.  On March 14th, TRIA deposed Radiancy's Rule 30(b)(6) witness on (among other things)
13  issues related to Radiancy's financial production.  Pursuant to the parties' agreement (which was
14  ultimately embodied in the April 10th Scheduling Order), TRIA served its expert damages report a
15  little over three weeks later, on March 30th, just six days before the deadline for dispositive
16  motions.  Dk. 125.
17      On April 20th, Radiancy timely served its expert report in rebuttal to TRIA's damages
18  report.  Once its damages analysis was completed and its expert report served, Radiancy turned
19  immediately to preparing a motion for summary judgment on TRIA's claim for damages.
20  Radiancy filed such motion just one week later, on April 27th.

21  **ARGUMENT**

22      In an effort to avoid having to address the merits of Radiancy's Damages Motion, TRIA
23  has moved to strike the Motion on the grounds that:  1) it was filed after the April 5th deadline for
24  dispositive motions; and 2) it purportedly constitutes a premature *Daubert* motion.  As set forth
25  further below, neither ground justifies striking Radiancy's Damages Motion.
26
27
28

### I. THE COURT SHOULD EXERCISE ITS DISCRETION TO HEAR RADIANCY'S DAMAGES MOTION BECAUSE RADIANCY ACTED IN GOOD FAITH AND TRIA WILL HAVE AN ADEQUATE OPPORTUNITY TO RESPOND TO THE DAMAGES MOTION

It is well-established that courts have discretion to consider a summary judgment motion filed after the deadline for filing dispositive motions. *See*, *e.g.*, *Sunstone Behavioral Health, Inc. v. Alameda Cnty. Med. Ctr.*, 2008 U.S. Dist. LEXIS 50229, at *2, n.2 (E.D. Cal. June 18, 2008) (denying a motion to strike a summary judgment motion as untimely); *Great American Ins. Co. v. United States*, 552 F. Supp. 2d 703, 705-06 (S.D. Ohio 2008) (denying a motion to strike a summary judgment motion that was filed four months after the deadline); *Coulombe v. Total Renal Care Holdings, Inc*., 2007 U.S. Dist. LEXIS 33381 (W.D. Wash. May 4, 2007) (denying a motion to strike as untimely a summary judgment motion filed 13 days after the dispositive motion deadline).

Courts routinely exercise discretion to hear motions filed after a scheduled deadline where, as here, the movant did not act in bad faith and the filing of the motion neither deprives the non-movant of an opportunity to respond, nor delays trial. *See Monroe v. McNairy Cnty.*, 2012 U.S. Dist. LEXIS 13894 (W.D. Tenn. Feb. 6, 2012) (discretion to consider an untimely filed summary judgment motion appropriate because "Plaintiffs had adequate opportunity to respond and . . . Defendant's late filing has not delayed the trial of this matter."); *Great American*, 552 F. Supp. 2d at 706 (considering an untimely summary judgment motion where movant did not act in bad faith and plaintiffs were not prejudiced by the delayed filing). *See generally Schmidt v. Pentair, Inc*., 2010 U.S. Dist. LEXIS 123053, at *3 (N.D. Cal. Nov. 4, 2010) (permitting an untimely motion to strike); *KEMA, Inc. v. Koperwhats*, 2010 U.S. Dist. LEXIS 90803, at *2, n.1 (N.D. Cal. Sept. 1, 2010) (allowing an untimely motion to dismiss).

Indeed, *Great American*, cited above, is particularly on point. In *Great American*, defendant filed a motion for summary judgment over four months after the dispositive motion deadline (and a month and a half after the close of discovery). *See* 552 F. Supp. 2d at 705-06. Plaintiff moved to strike defendant's motion as untimely. However, the court denied plaintiff's motion, noting that the "[d]efendant did not act in bad faith but rather filed the motion shortly after the extended discovery deadline had passed," and that plaintiff could not demonstrate any

8

1  prejudice because it was able to file a response to the summary judgment motion. *Id.* at 706. In
2  light of these facts, the Court found that, despite defendant's failure to seek relief from the
3  scheduling order before filing its motion for summary judgment, "striking the motion is not an
4  appropriate sanction . . . under the circumstances of this case." *Id*.

5  Radiancy, like the defendant in *Great American*, acted in good faith and filed its motion
6  shortly after the dispositive motion deadline had passed. In fact, Radiancy filed its Damages
7  Motion just three weeks after the dispositive motion deadline and just one week after serving its
8  expert rebuttal report on damages. Furthermore, TRIA (like the plaintiffs in *Great American*) will
9  have an adequate opportunity to respond to the motion and has not argued it suffered any prejudice
10 resulting from Radiancy's filing.

11 Accordingly, under the circumstances presented here, striking Radiancy's motion is not an
12 appropriate sanction for filing the motion after the April 5th deadline for dispositive motions.
13 This is especially true, given the fact that: a) Radiancy sought the Court's permission to file its
14 motion after the cut-off date; and b) TRIA's counsel had an opportunity to notify the Court of any
15 objection to Radiancy's request during the Conference, but failed to do so.

16 **II.    RADIANCY ACTED DILIGENTLY AND HAD GOOD CAUSE TO FILE THE DAMAGES MOTION AFTER THE APRIL 5 CUT-OFF DATE**
17
   As explained above (at page 4), because Radiancy understood that it had obtained leave to
18 file the Damages Motion prior to filing, Radiancy did not file a formal motion to modify the
19 Scheduling Order under Rule 16(b) of the Federal Rules of Civil Procedure. Thus, when
20 determining whether to consider Radiancy's late filing, the Court should apply the discretionary
21 standard set forth in *Great American*, rather than the standard set forth in Rule 16(b). However,
22 even under Rule 16(b), it is clear that TRIA's Motion to Strike should be denied, and that the
23 Court should exercise its discretion to consider Radiancy's Damages Motion on the merits.
24 Indeed, resolving Radiancy's motion on the merits furthers the purpose of Rule 16(b), which is
25 intended to "compress the amount of time for litigation," and "reduce the amount of resources
26 invested in litigation." Fed. R. Civ. P. 16 advisory committee notes (1983); *Moisenko v.*
27 *Volkwagenwerk*, 2000 U.S. Dist. LEXIS 3054, at *4 (W.D. Mich. Mar. 9, 2000).
28

### A. Radiancy Acted Diligently

Federal Rule of Civil Procedure 16(b)(4) provides that a court may modify or extend a discovery deadline upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). *See also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). The "good cause" standard focuses on the diligence of the party seeking to modify a scheduling order. *See id.*

TRIA's Motion to Strike cites to Radiancy's purported lack of diligence in producing its financial information as grounds for striking Radiancy's Damages Motion. Motion to Strike at 2-3. Radiancy completed its financial production less than a month after TRIA completed its own financial production. To the extent that brief interval could be considered a "delay" in production, the cause of the "delay" was <u>not</u> Radiancy's lack of diligence, but rather Radiancy's good faith efforts to accommodate TRIA's request that Radiancy produce such information in a format contrary to the manner in which it is kept in Radiancy's ordinary course of business. Loughery Decl. Ex. 6. Furthermore, TRIA has already raised the issue of Radiancy's purported lack of diligence in producing its financial information in its Opposition to Radiancy's Motion for Relief. *See* Dk. 110 at 8. Yet, despite TRIA's allegations, the Court found that <u>both</u> parties (*i.e.*, including Radiancy) have worked <u>diligently and in good faith</u> throughout the course of the litigation. Dk. 114 (emphasis added).

As explained above, Radiancy prepared and filed its Damages Motion at the earliest opportunity and within just five business days of the completion of expert disclosures on damages issues. TRIA's damages claims rest solely on the opinions of TRIA's experts, as Radiancy's Damages Motion explains. Thus, Radiancy needed to review TRIA's expert opinions on damages, as well as the rebuttal analysis of Radiancy's damages expert, in order to determine whether a summary judgment motion was merited. Radiancy's expert completed its analysis on April 20th (in accordance with the parties' stipulated deadline), and Radiancy filed the Damages Motion just one week later.

Moreover, Radiancy's Damages Motion relies on testimony from the deposition of Danika Harrison and the deposition of Michael Dannenberg (TRIA's financial 30(b)(6) deponent). Through no fault of Radiancy, both of these depositions were taken after the April 5, 2012

1  deadline for filing dispositive motions. The mere fact that, despite the parties' best efforts, the
2  litigation has not unfolded according to TRIA's overly-optimistic timetable is not sufficient reason
3  to strike Radiancy's Damages Motion.

4  **B.    TRIA Cannot – and Does Not – Claim Any Prejudice as a Result of Radiancy's Filing**
5

6  Failure to articulate prejudice is grounds to deny a motion to strike an untimely motion.
7  *See*, *e.g.*, *Sunstone Behavioral Health*, 2008 U.S. Dist. LEXIS 50229, at *2, n.2 (considering the
8  merits of an untimely summary judgment motion where "there [was] no evidence that [the
9  opposing party] was prejudiced by the late filing."); *Great American*, 552 F. Supp. 2d at 706
10 ("Because plaintiffs have not been prejudiced by defendant's delay in filing the Motion for
11 Summary Judgment, the Court will consider the motion."); *Utah v. United States*, 2005 U.S. Dist.
12 LEXIS 37041, at *11 (D. Utah Aug. 24, 2005) (denying a motion to strike a motion for summary
13 judgment because "the parties have had an adequate opportunity to brief the issues and the court
14 finds no prejudice to the [party opposing the summary judgment motion] in determining the
15 motion.").

16 TRIA's Motion to Strike should be denied because TRIA does not even attempt to argue
17 that it will be prejudiced should the Court decide to consider Radiancy's Damages Motion. Far
18 from identifying any prejudice, TRIA merely states that allowing Radiancy's motion would
19 "effectively punish[ ] TRIA for Radiancy's egregious delay in producing its financial discovery."
20 Motion to Strike at 6. Such a naked assertion is hardly sufficient to justify striking Radiancy's
21 Damages Motion.

22 In any event, TRIA cannot possibly articulate any prejudice because TRIA had over two
23 weeks notice of Radiancy's intention to file, and, should the Court decide to hear Radiancy's
24 motion, TRIA will have had almost a month to prepare its Opposition (rather than the two weeks
25 to which it would have ordinarily been entitled). Finally, consideration of Radiancy's Damages

26
27
28

1  Motion (scheduled to be heard on June 7, 2012) will not require any changes to the trial date or
2  any other dates in the scheduling order.[11]

3  ### III. RADIANCY'S DAMAGES MOTION IS NOT A *DAUBERT* MOTION

4  Finally, TRIA erroneously argues that Radiancy's Damages Motion is a "thinly-disguised
5  *Daubert* motion." Motion to Strike at 1:22. However, this argument misses the point. Radiancy's
6  Damages Motion does not seek to exclude TRIA's experts; it establishes that TRIA's "evidence"
7  of its alleged injury (which is supported solely by its expert reports) fails as a matter of law. A
8  district court may properly reject speculative expert opinions on summary judgment. *See Lake v.*
9  *First Nat'l Ins. Co. of Am.*, 2011 U.S. Dist. LEXIS 24765, at *6 (N.D. Cal. Mar. 10, 2011). *See*
10 *also Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2nd Cir. 1997) ("The court performs the same role at
11 the summary judgment phase as at trial; an expert's report is not a talisman against summary
12 judgment."). It is not necessary for Radiancy to wait until trial or the close of expert discovery to
13 make this showing, as TRIA suggests, because TRIA has already disclosed "a complete statement
14 of *all opinions the witness[es] will express* and the basis and reasons for them" (F.R.C.P.
15 26(a)(2)(B) (emphasis added)), and TRIA's "complete statement" fails to establish that TRIA
16 suffered any damages as a result of Radiancy's allegedly wrongful actions.[12]

17 Although *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1144 (9th Cir. 1997),
18 cited by TRIA, states that summary judgment is not warranted if an expert's testimony supports
19 the nonmoving party, the case is inapplicable here, since the facts and opinions disclosed by
20 TRIA's experts fail to support TRIA's claim for damages. Additionally, *Echazabal v. Chevron*
21 *USA, Inc.*, 336 F.3d 1023 (9th Cir. 2003) is inapposite because, here, Radiancy need not rely on its
22 own experts to make this showing – *i.e.*, contrary, to the facts in *Echazabal*, Radiancy's motion
23 does not depend on a battle of the experts. To the extent TRIA is arguing that its expert reports
24 have established some triable issue of fact, such argument goes to the merits of Radiancy's
25 summary judgment motion. Thus, it would more appropriately be raised in TRIA's opposition to

---

[11] As the Court is aware, Radiancy continues to maintain that trial in July is not feasible. However, the instant motion will not cause further delay; rather, if successful, Radiancy's Damages Motion would effectively narrow the issues for any upcoming trial.

[12] Radiancy intends to fully conduct expert discovery and believes that this discovery will support a *Daubert* motion, at a later date, to exclude TRIA's experts' opinions entirely.

Radiancy's Damages Motion, rather than as grounds for a motion to strike Radiancy's motion as procedurally improper.

### **CONCLUSION**

In sum, Radiancy should be given the opportunity to dispose of TRIA's meritless damages claims before trial. Radiancy acted with good faith and diligence in filing a properly constructed motion for summary judgment on TRIA's claim for damages. TRIA cannot credibly claim either surprise or prejudice at Radiancy's filing, and thus it should be required to respond to the Damages Motion on the merits, so that the parties (and this Court) do not have to spend time and resources at trial resolving an issue that could have plainly been disposed of beforehand.[13]  *See, e.g., Todd v. Stryker Corp.*, 2012 U.S. Dist. LEXIS 60953, at *6-7 (E.D. Cal. May 1, 2012) ("[T]he objective of modern summary judgment practice is to promote judicial efficiency and avoid costly litigation"); *Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110, 1122 (E.D. Cal. 2006) (noting "the objectives of modern summary judgment practice . . . [are] . . . promoting judicial efficiency and avoiding costly litigation).

Accordingly, for all of the foregoing reasons, Radiancy respectfully requests that TRIA's Motion to Strike be denied.

DATED: May 7, 2012

Brendan J. O'Rourke
Alexander Kaplan
Jennifer L. Jones
Victoria L. Loughery
Robert H. Horn
PROSKAUER ROSE LLP


By:  /s/ Robert H. Horn
         Robert H. Horn
Attorneys for Defendant and Counterclaim-Plaintiff Radiancy, Inc.

---

[13] The parties now expect trial to take 7-10 days, rather than the 5-7 days originally anticipated; this change is reflected in the parties' Joint Case Management Statement, which was filed on April 5, 2012. Dk. 122, ¶ 18.