Brendan J. O'Rourke*
*borourke@proskauer.com*
Alexander Kaplan*
*akaplan@proskauer.com*
Jennifer L. Jones*
*jljones@proskauer.com*
Victoria L. Loughery*
*vloughery@proskauer.com*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Phone: (212) 969-3000
Facsimile: (212) 969-2900
* Admitted *Pro Hac Vice*

Robert H. Horn (SBN 134710)
*rhorn@proskauer.com*
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Phone:     (310) 557-2900
Facsimile: (310) 557-2193

Attorneys For Defendant and
Counterclaim Plaintiff Radiancy, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRIA BEAUTY, INC.,<br>　　　　Plaintiff,<br>　　vs.<br>RADIANCY, INC.,<br>　　　　Defendant.<br>RADIANCY, INC.,<br>　　　Counterclaim Plaintiff,<br>　　vs.<br>TRIA BEAUTY, INC.,<br>　　　　Counterclaim Defendant,<br>　　and<br>KIMBERLY KARDASHIAN,<br>　　　　Counterclaim Defendant. | CASE NO. CV-10-5030 (RS) (NJV)<br><br>**DECLARATION OF BRENDAN J. O'ROURKE IN SUPPORT OF RADIANCY, INC.'S OPPOSITION TO TRIA BEAUTY, INC.'S MOTION TO STRIKE**<br><br>Honorable Judge Richard Seeborg |

I, Brendan J. O'Rourke, hereby declare as follows:

1. I submit this declaration in support of Radiancy, Inc.'s ("Radiancy") Opposition to TRIA Beauty, Inc.'s ("TRIA") Motion to Strike Radiancy's Motion for Partial Summary Judgment (Dk. 151) (the "Motion to Strike").

2. I am an attorney licensed to practice law in the State of New York and am admitted *pro hac vice* in the above-captioned matter. I am a partner of Proskauer Rose, LLP, attorneys for Defendant-Counterclaimant Radiancy.

3. The facts set forth herein are of my own personal knowledge and, if called to testify under oath, I could and would testify competently thereto.

**Status of Discovery**

4. As Radiancy has consistently stated, all parties have worked diligently and in good faith to try to complete discovery within the time frame set forth in the Scheduling Order.

5. The parties have also, for the most part, worked together to agree on reasonable modifications to the Scheduling Order when – as has often been the case in this matter – it became clear that the deadlines set forth in the Order were unworkable.

6. While it has long been Radiancy's position that an extension to all deadlines in the Scheduling Order, including the date for trial, is necessary in order for the parties to complete all outstanding discovery, the Court denied Radiancy's previous request for such extension. (Dk. 114.) However, the Court encouraged the parties to continue to cooperate on further adjustments to the Scheduling Order as proved necessary. *Id.* at 1. The Court also stated that its denial of Radiancy's request did not preclude Radiancy (or any other party) from seeking subsequent relief from the Court should circumstances warrant it. *Id.* at 2.

7. Following the Court's advice, on April 9, 2012, the parties agreed to further adjustments in the Scheduling Order, which extended the deadlines for the service of certain expert reports, including the parties' expert reports on damages. (Dk. 124.) The parties also agreed to temporarily stay the cut-off date for expert discovery, and to re-visit the issue after the parties had finished exchanging expert reports. The Court approved these changes on April 10, 2012. (Dk. 125.)

2

**DECLARATION OF BRENDAN J. O'ROURKE IN SUPPORT OF RADIANCY INC.'S OPPOSITION TO TRIA BEAUTY, INC.'S MOTION TO STRIKE – CASE NO. CV-10-5030 (RS) (NJV)**

8. Pursuant to the current Scheduling Order, non-expert discovery was supposed to close on February 17, 2012, with the exception of the depositions of: 1) Danika Harrison (TRIA's SVP of Global Marketing); 2) Kevin Appelbaum (TRIA's CEO); and 3) TRIA's Rule 30(b)(6) witness on financial issues, all of which the parties agreed would be completed outside the non-expert discovery deadline.

9. Radiancy deposed TRIA's Rule 30(b)(6) witness, Michael Dannenberg, on April 9th and deposed Ms. Harrison on April 18th. The parties have yet to find a mutually agreeable date for the second day of Mr. Appelbaum's deposition.

10. The parties completed the exchange of expert reports on April 20, 2012. That same day, Radiancy served its expert discovery requests on TRIA; TRIA's responses and objections thereto are due on May 21, 2012. TRIA served its expert discovery requests on April 30, 2012 and May 1, 2012. Radiancy's responses and objections thereto are due on May 30, 2012 and May 31, 2012. The parties have not yet scheduled deposition dates for any of the thirteen expert witnesses, nor have they yet agreed on a new cut-off date for expert discovery.

**The April 12, 2012 Case Management Conference**

11. On April 12, 2012, the parties in this matter appeared before the Court, via telephone, for a case management conference (the "Conference").

12. The primary purpose of the Conference was to update the Court of the status of discovery. At that time, I explained to the Court that, although fact discovery was largely finished, Radiancy had yet to complete the depositions of two of TRIA's employees, Danika Harrison and Kevin Appelbaum, whose depositions were among those that the parties had agreed would take place outside the discovery-cutoff date.[1]

13. I also informed the Court that the parties were still in the process of exchanging expert reports, that expert discovery had not yet begun, and that the parties had yet to schedule deposition dates for any of the thirteen expert witnesses.

---

[1] The Court approved this agreement. *See* Dk. 104 and Dk. 125.

3

DECLARATION OF BRENDAN J. O'ROURKE IN SUPPORT OF RADIANCY INC.'S OPPOSITION TO TRIA BEAUTY, INC.'S MOTION TO STRIKE – CASE NO. CV-10-5030 (RS) (NJV)

14. Towards the end of the Conference, I raised with the Court the possibility that Radiancy may want to make a motion for summary judgment on the issue of TRIA's purported damages (the "Damages Motion") once its analysis of TRIA's expert report was complete.

15. I explained to the Court that Radiancy had not received TRIA's affirmative damages report until March 30th, which did not give Radiancy sufficient time to prepare a summary judgment motion on that issue before the April 5th deadline for dispositive motions.

16. Nor had Radiancy been able to depose TRIA's Rule 30(b)(6) witness until April 9th – four days after the deadline for dispositive motions had passed.[2]

17. TRIA's counsel, who were also present at the Conference, did not dispute any of the above information, nor did TRIA's counsel state any objection to Radiancy's request during the Conference. (TRIA's counsel instead waited until the day after the Conference to send an email to counsel for Radiancy objecting to the possibility of Radiancy filing the Damages Motion.)

18. In response to Radiancy's request, the Court stated during the Conference that it did not like to hear dispositive motions *ad seriatim*. However, the Court indicated that it would consider Radiancy's motion if all of the summary judgment motions could be heard on the same day. In closing the conference, the Court stated that it would see the parties again soon, "maybe not on May 10th, but some time after that."

19. I understood the Court's statements at the Conference to mean that, should Radiancy ultimately decide to file the Damages Motion, the Court would consider the motion, but would likely adjourn the then-scheduled May 10th hearing in order for all of the pending summary judgment motions to be heard on the same day.[3] As a result of the foregoing, Radiancy did not seek any formal relief from the Scheduling Order prior to filing its Damages Motion.

---

[2] Indeed, at the time of the Conference, Radiancy had also not yet deposed Danika Harrison. Radiancy relies on testimony from both the Dannenberg deposition and the Harrison deposition in its Damages Motion.

[3] The Court has since adjourned the May 10th hearing date for Ms. Kardashian's Motion for Summary Judgment Or In the Alternative Partial Summary Judgment (Dk. 115) and Radiancy's Motion for Partial Summary Judgment (Dk. 119) to June 7th. Thus, in the event the Court decides to entertain Radiancy's Damages Motion, all dispositive motions will be heard on the same day.

4

DECLARATION OF BRENDAN J. O'ROURKE IN SUPPORT OF RADIANCY INC.'S OPPOSITION TO TRIA BEAUTY, INC.'S MOTION TO STRIKE – CASE NO. CV-10-5030 (RS) (NJV)

20. Contrary to the statement of TRIA's counsel in the Declaration of Mariel Goetz (Dk. 152. ¶ 36), the Conference was not the first time Radiancy had informed TRIA of its desire to file a summary judgment motion on the issue of TRIA's damages claim.  Indeed, prior to filing the March 1st joint stipulated request to modify the scheduling order (Dk. 113 at 9:12-15), I specifically informed TRIA's counsel during a meet and confer call of Radiancy's concern that the parties' cramped schedule – and, in particular, the fact that the expert discovery was bleeding past the deadline for dispositive motions – would prejudice Radiancy's ability to make such a motion, in the event that Radiancy determined one was merited after receiving and reviewing TRIA's damages expert report.  Radiancy also explicitly mentioned its desire to file a summary judgment motion on TRIA's damages claim in its Motion for Relief.  However, given the fact that TRIA relies exclusively on its expert report as purported support for its damages claim, Radiancy could not file a summary judgment motion on the claim until after the parties had exchanged expert reports on this issue.

21. In accordance with the Scheduling Order, Radiancy served its rebuttal to TRIA's expert report on damages on Friday, April 20, 2012.  Thereafter, Radiancy immediately began preparing its Damages Motion, and filed such motion just five business days later, on April 27, 2012.

22. Radiancy has not requested any further change to the Scheduling Order, and does not believe that its Damages Motion in any way prevents the parties from moving forward with the July 23, 2012 trial date, should the Court decide that such date is still appropriate.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 7, 2012 at New York, NY.

                                        /s/ Brendan J. O'Rourke
                                        Brendan J. O'Rourke

**DECLARATION OF BRENDAN J. O'ROURKE IN SUPPORT OF RADIANCY INC.'S OPPOSITION TO TRIA BEAUTY, INC.'S MOTION TO STRIKE – CASE NO. CV-10-5030 (RS) (NJV)**