IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TRIA BEAUTY, INC.,

    Plaintiff,

v.

RADIANCY, INC.,

    Defendant.

_____/

No. C 10-5030 RS

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiff Tria Beauty, Inc. markets a laser hair removal device designed for home use. It also sells an acne treatment system comprising a "blue light" device, and products that are to be applied topically. Defendant Radiancy markets a non-laser hair removal device, and an acne treatment device and products as well. Tria and Radiancy each allege the other has engaged in false and deceptive advertising. Radiancy has also asserted claims against Kimberly Kardashian, who has promoted the Tria laser under a written endorsement contract.

Three motions for summary judgment, in whole or in part, are pending. First, Radiancy seeks a determination on its affirmative claims against Tria that certain advertising claims made by Tria are literally false. Next, Radiancy moves for a determination as a matter of law that Tria's damages claims against it fail. Finally, Kardashian seeks judgment in her favor on the claims

1

asserted against her individually. Upon consideration of the parties' briefing, evidentiary submissions, and arguments presented at the hearing, all three motions will be denied.[1]

### III.  DISCUSSION

#### A.  Radiancy's motion regarding its affirmative claims

Radiancy has alleged that a number of statements made by Tria in its advertising are false or misleading. The present motion is directed only to a subset of those statements, falling into three basic categories: (1) assertions that users of the Tria laser will achieve "permanent hair removal," (2) assertions that users of the Tria laser will be "hair free," and (3) claims that the Tria acne "system" (as opposed only to the blue light device) is "FDA cleared." Radiancy asserts that the falsity of "many more" statements will be proven at trial.

Radiancy acknowledges that to prevail on its false advertising claims under §43(a) of the Lanham Act, it must demonstrate "(1) a false statement of fact by [Tria] in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) [Tria] caused its false statement to enter interstate commerce; and (5) [Radiancy] has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to [Tria] or by a lessening of the goodwill associated with its products." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). In its present motion, Radiancy attempts only to show that the *first* of these elements is satisfied

---

[1] Radiancy has also objected to the Declaration of Itamar Simonson, submitted by Tria in support of its opposition to Radiancy's motion challenging the damages claims. Radiancy presented those objections through a separately-filed motion to strike, which the parties stipulated to being heard on shortened time. Although the Court executed the parties' stipulation, the arguments for and against consideration of the Simonson declaration did not warrant a separate motion, and proceeding in that fashion arguably contravened the provision of Civil Local Rule 7-3(c) that "[a]ny evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum." In any event, as reflected below, Radiancy's summary judgment motion is being denied without reference to the challenged Simonson declaration. The motion to strike is therefore denied as moot.

2

with respect to the three categories of statements. Radiancy expressly concedes that even if the motion were to be granted, it would be required to establish the remaining elements at trial.

Although there once was a split in authority as to the propriety of bringing motions seeking summary judgment on less than an entire claim, such motions have long been accepted in this District where a partial adjudication would "help[] to focus the issues to be litigated, thus conserving judicial resources." *Advanced Semiconductor Materials America, Inc. v. Applied Materials, Inc.*, 1995 WL 419747, *4 (N.D. Cal. 1995). The 2010 amendments to Rule 56 of the Federal Rules of Civil Procedure expressly permit motions directed at only "part" of a claim or a defense. *See* Fed. R. Civ. P. 56(a); Committee Notes on Rules—2010 Amendment.

Where a motion is directed at a specific non-dispositive issues, however, and the resolution of those issues would not have an appreciable effect on the evidence to be presented, the complexity, or the length of trial, the interests of judicial efficiency weigh against, rather than in favor, of taking up such matters piecemeal and in advance of trial. Here, Radiancy insists that a ruling in its favor as to the literal falsity of the identified statements will streamline its case at trial to some significant degree. It has not shown how that would be so, however, given the elements of its Lanham Act claims not addressed by this motion. Even with a ruling in hand that particular statements made by Tria were literally false, proving that such statements "actually deceived or ha[d] the tendency to deceive a substantial segment of [the] audience" and were "material"—i.e., "likely to influence the purchasing decision," would require introducing all the same evidence that would support the falsity claim, plus more.

As discussed in more detail at the hearing, Radiancy also has not made a sufficient showing on the present record that all of the specific statements it challenged are literally false, beyond any factual dispute. Accordingly, its motion for partial summary judgment on its affirmative claims against Tria is denied.

B. <u>Radiancy's motion challenging Tria's ability to prove damages</u>

When Radiancy filed this motion, Tria moved to strike it, arguing that (1) as a motion for summary judgment it was untimely, and, (2) to the extent it represented an attack on the opinions

3

and methodology of Tria's experts more appropriately brought as a *Daubert* motion, it was premature given the status of expert discovery. Radiancy opposed the motion to strike arguing, among other things, that its summary judgment motion is premised on an assumption that Tria's "expert reports constitute competent and admissible evidence," and that the Court would "not need to rule on the admissibility" of those reports to decide the motion.

In finding that Tria would not be prejudiced by being required to respond to Radiancy's motion at this juncture, the order denying the motion to strike expressly stated, "[i]f, as Tria contends (but Radiancy denies), the motion calls for an evaluation of the credibility of Tria's witnesses, it will be denied." While the line between an attack on the methodology or credibility of an expert opinion, and an argument that the opinion is too "speculative" to support damages, may to some degree be one of semantics, Radiancy's motion is replete with arguments urging rejection of the reports of Tria's experts for purported flaws in methodology. In light of the procedural history of the motion, it can be denied for this reason alone.

Moreover, for at least two reasons, Radiancy has not persuasively shown that the challenges it raises to Tria's experts would support entry of summary judgment in its favor. First, Radiancy's arguments may go to the *weight* to be accorded to the testimony of Tria's experts, but at least at this juncture, it has not shown a basis to exclude those opinions as inadmissible.[2] In discussing when damages may be recovered in Lanham Act cases, Radiancy relies on *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820 (9th Cir. 2011). That opinion, however, contained no discussion of the expert testimony that had been proffered at trial. The district court opinion, also cited by Radiancy, reveals that the trial judge evaluated the expert testimony offered over the course of a three day bench trial, and concluded that while the surveys conducted by the experts on both sides were flawed, and should be "weighed accordingly," neither was subject to exclusion. *TrafficSchool.com, Inc. v. Edriver, Inc*., 633 F.Supp.2d 1063, 1078 (C.D.Cal. 2008). Radiancy has not shown a different result is warranted here, especially on summary judgment.

---

[2] As noted, Radiancy expressly disclaimed any intent to seek exclusion of the expert testimony through this motion.

4

Second, even if Tria's expert reports, and the underlying data on which the experts relied, were insufficient to give rise to a triable issue with respect to the fact or amount of any damages suffered by Tria, summary judgment in Radiancy's favor would not be appropriate unless the record also supports a conclusion as a matter of law that the advertising at issue was "non-comparative." This is because an award of profits even in the absence of proof of harm is sometimes appropriate "in false *comparative* advertising cases, where it's reasonable to presume that every dollar defendant makes has come directly out of plaintiff's pocket." *TrafficSchool,* 653 F.3d at 831. While Radiancy very may well be able to establish at trial that the content and context of its advertising here is such that it would not warrant treatment as "comparative" within applicable legal standards, the present record is insufficient to support such a determination as a matter of law. Accordingly, Radiancy's motion directed at Tria's damages claims is denied.

C. <u>Kardashian's motion</u>

Of the pending motions, the one brought by counterclaim defendant Kardashian seeking to preclude her individual liability presents the closest call. Radiancy's claims against Kardashian are brought under California Business and Professions Code §§ 17200 and 17500. Pointing to the paucity of directly relevant authority under those statutes, and relying heavily on *Federal Trade Commission v. Garvey*, 383 F.3d 891 (9th Cir. 2004), Kardashian first argues that the attempt to hold her individually liable for statements she made in the capacity of a mere spokesperson or endorser is unwarranted. *Garvey* was a civil enforcement action brought by the Federal Trade Commission against former professional baseball player Steve Garvey (and others) asserting violations of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 45(a) and 52 in connection with "infomercials" promoting a weight loss product. As such, *Garvey* is only of limited persuasive value in determining when liability may properly be imposed under the California statutes at issue here.

More fundamentally, however, *Garvey* was decided after a three day bench trial, in which the trial court determined that, based on the evidence, Garvey was not liable either as a "direct

5

1    participant" in the making of false advertising claims or under the principles of "endorser" liability.
2    383 F.3d at 897. Reviewing the factual findings for "clear error," the Ninth Circuit affirmed
3    the decision that Garvey was not liable as a participant because he neither "was recklessly
4    indifferent to the truth of his statements," nor "was aware that fraud was highly probable and
5    intentionally avoided the truth." *Id*. at 902.[3] The Ninth Circuit *rejected* the trial court's conclusion
6    that none of Garvey's statements potentially qualified as "endorsements" as defined in agency
7    guidelines, but found his "first-hand knowledge" of facts he asserted was sufficient to "pass any
8    substantiation requirement for celebrity endorsers." *Id.* at 904-905.

9    Thus, to the extent *Garvey* is relevant by analogy to the showing Radiancy will be required
10   to make to prove liability under the California statutes, it may suggest that celebrity spokespersons
11   and endorsers are not necessarily held to a rigorous duty of inquiry into the substantiation for any
12   product claims they advance. S*ee id.* at 902, n. 12 (noting that while there is "no settled standard"
13   of inquiry, "the fact that the individual is merely a spokesperson is relevant."). Kardashian's
14   insistence that there is an undisputed factual record here that would support judgment in her favor
15   under the principles discussed in *Garvey*, however, stretches the case beyond its bounds.
16   Accordingly, the issue is not whether liability based on Kardashian's statements as a spokesperson
17   or endorser is theoretically available, but whether there are triable issues of fact as to whether those
18   statements were false or misleading.

19   In its statement of facts, Radiancy's opposition identifies several categories of statements it
20   contends were false or misleading. In argument, however, Radiancy challenges only three basic
21   representations: (1) Kardashian's assertion shortly after she first used the Tria laser that she was
22   "loving the results so far"; (2) a comment that she used the laser on her "entire body" and, relatedly,
23   her recommendation of the product as a solution for a consumer who had expressed a need for hair

---

[3] Kardashian insists that Radiancy does not seek to hold her liable as a "direct participant" here, but only as an "endorser." Because Radiancy's claims are not framed under the FTCA, it is unclear that the distinction is even relevant. Nevertheless, Kardashian's naked assertion that she cannot be said to have "participated directly in the acts in question" does not appear to square with the discussion of participant liability in *Garvey*, although admittedly Garvey did not "seriously dispute" the issue. *See* 383 F.3d at 899.

6

removal in body areas for which use of the laser is not appropriate; and (3) statements that consumers who use the product will have no further need for razors or shaving cream.[4]

It is far from clear that Radiancy will be able to show at trial that any of the challenged statements represent material and actionable falsehoods or that they were likely to mislead. Among other things, it is unlikely that Kardashian was legally obligated to present a full panoply of disclaimers and limitations with every affirmative statement she made. Thus, for example, even assuming the "results" Kardashian touted were atypically rapid, it is not clear she would have been obligated to point that out, particularly given that there is no indication she publicly disclosed how long she had been using the product.[5] Similarly, although Kardashian's assertion that she used the laser on her "entire body" and her recommendation of it to a person seeking a solution for unwanted hair on the face and elsewhere appears inconsistent with how the laser is properly and safely used, it remains to be seen if in the full context of how the product was marketed, such passing comments were materially deceptive. On the present record, however, it is not possible to conclude as a matter of law that none of the challenged statements could support liability.

Kardashian also relies on *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co*, 20 Cal.4th 163 (1999) to argue that the "unfair" prong of §17200 cannot be satisfied in an action between competitors absent conduct tantamount to an antitrust violation. This argument fails in light of footnote 12 of the decision, which states, "[t]his case involves an action by a competitor alleging anticompetitive practices. Our discussion and this test are limited to that context. Nothing we say relates to actions by consumers or by competitors alleging other kinds of violations of the

---

[4] Radiancy's opposition also argues there is a triable issue of fact as to whether Kardashian used the product at any time prior to signing a contract to endorse it. At the hearing, Radiancy conceded that even if Kardashian executed the endorsement contract prior to using the product, that would not be a basis for liability.

[5] Radiancy appears to be arguing that it may also be able to persuade a trier of fact that Kardashian was simply making that statement up—i.e., that she had not actually experienced any tangible results at the time the statement was made. Given that it is undisputed the Tria laser does produce some results at some point in time, it is unclear whether liability and/or damages would flow from such a finding.

unfair competition law such as "fraudulent" or "unlawful" business practices or "unfair, deceptive, untrue or misleading advertising." 20 Cal.4th at 187 n. 12.

Kardashian further contends Radiancy must introduce evidence of actual consumer confusion—such as surveys—to establish liability under the "fraudulent" prong of §17200. She relies on a suggestion to that effect in footnote 8 of *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1182 (9th Cir. 2003). As explained in *Silicon Image, Inc. v. Analogix Semiconductor*, 642 F.Supp.2d 957 (N.D.Cal., 2008), however, subsequent California cases have clarified that no such requirement exists under California law and, under the circumstances, those cases control over *Rice*. *Id.* at 969 ("As several California appellate courts have rejected the Ninth Circuit's interpretation of California law and the Court finds no California case in which the federal courts' interpretation of California law has been approved, the Court concludes that it must follow the more recent California cases on the question of extrinsic evidence.")

Finally, Kardashian challenges whether Radiancy will be able to support a claim under the "unlawful" prong of §17200. Even assuming one or more of the proffered violations of law are legally insufficient, there is no basis to dismiss the claim at this juncture, given the preceding discussion.[6] Accordingly, Kardashian's motion for summary judgment is denied.

### III. CONCLUSION

The two motions for partial summary judgment filed by Radiancy are denied, as is Kardashian's motion for summary judgment. Radiancy's motion to strike the Simonson declaration is denied as moot.

IT IS SO ORDERED.

Dated: 6/12/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[6] Similarly, while Kardashian may be correct that §17500 is narrower than §17200 and requires a higher showing of scienter, in light of the conclusion that triable issues of fact exist as to the falsity of the challenged statements, the claim under that section also survives summary judgment.

8